**Table of Exhibits**
**Plaintiff's Motion to Compel**

1.      Affidavit of Vondell Carter (May 18, 2009).

2.      A. Hartsoe letter to J. Seegar (Dec. 14, 2005).

3.      Retainer Agreement (Jan. 23, 2006).

4.      A. Schwartz email to A. Kabat (Aug. 25, 2009).

5.      Defendant James Mansfield's Answers to Plaintiff's First Set of Interrogatories (Aug. 25, 2009).

6.      Defendant James Mansfield's Responses to Plaintiff's First Set of Requests for Production of Documents (Aug. 25, 2009).

7.      A. Kabat letter to D. Hudgins (Sept. 23, 2009).

8.      R. Draim letter to A. Kabat (Oct. 2, 2009).

9.      Defendant James Mansfield's Supplemental Answers to Plaintiff's First Set of Interrogatories (Oct. 2, 2009).

10.     Defendant James Mansfield's Supplemented Responses to Plaintiff's First Set of Requests for Production of Documents (Oct. 2, 2009).

11.     A. Kabat letter to D. Hudgins (Oct. 8, 2009).

12.     Documents Bates-stamped Mansfield 0007-0008 (Jan. 3, 2007; Feb. 5, 2007); Mansfield 1150-1161 (Feb. 15-16, 2006).

13.     Documents Bates-stamped Mansfield 1204-1207 (Feb. 24, 2006); Mansfield 1212-1213, 1214 (dated Jan. 27, 2006).

**Exhibit 1**
Plaintiff's Motion to Compel
(Oct. 19, 2009)


Affidavit of Vondell Carter (May 18, 2009).

## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

|  |  |  |
|---|---|---|
| MICHAEL FORD | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 1:08-cv-1318 (LO/TRJ) |
| ZALCO REALTY, INC., *et al.*, | ) | |
| Defendants | ) | |

### Affidavit of Vondell Carter

I, Vondell Carter, this _18th_ day of May 2009, declare and state as follows:

1.       I have personal knowledge of the facts stated herein, am over 18 years of age, and am competent to testify thereto.

2.       I am a resident of the Horizon House Condominium, 1300 Army Navy Drive, Arlington, Virginia 22202 ("Horizon House"). I held the rank of Colonel with the United States Air Force, and am now retired.

3.       From August 2004 to February 2, 2006, I was the President of the Board of Directors of the Horizon House Condominium Unit Owners Association. Prior to being elected Board President, I was elected and served two two-year terms on the Board of Directors. The other members of the Board of Directors in 2005 and early 2006 were Susan Morris, Greg Weatherman, Adrienne Garretson and David Faison. The Board of Directors was responsible for administrative issues relating to the management of Horizon House, including interviewing applicants for the Building Manager position, and overseeing the work of the Building Manager.

4.     On November 4, 2005, the Board of Directors, including myself, interviewed Michael Ford for the position of Building Manager at Horizon House. We agreed that Mr. Ford was the best qualified candidate for that position. In November 2005, we discussed the background check of Mr. Ford with James Mansfield, Esquire, who was then an attorney for the Horizon House Unit Owners Association. Mr. Mansfield initially wanted to conduct a polygraph test of Mr. Ford, but Mr. Mansfield wanted Mr. Ford to pay for the test. When Mr. Ford refused to pay, Mr. Mansfield decided not to conduct a polygraph test based on the cost. In late November 2005, the Board of Directors told Zalco Realty and MDV Maintenance that we agreed to have Mr. Ford hired on a probationary basis as the Building Manager.

5.     After Mr. Ford began at the Horizon House on December 5, 2005, he reported to the Board of Directors, as well as to Zalco and MDV Maintenance. Based on my observations of Mr. Ford's work at Horizon House, I thought that he did outstanding work with all of his job responsibilities and in resolving management and maintenance problems at Horizon House.

6.     During Mr. Ford's employment at Horizon House, I had numerous telephone calls and/or meetings with Arthur Dubin (the President of Zalco Realty), Michael Constant (the Community Manager of Zalco Realty), and other Horizon House board members and residents to discuss the concerns that other residents and I had that Mr. Ford was being subjected to racial harassment at Horizon House. Other Board members and I expressed our concerns that the "Concerned Citizens Group" at Horizon House was inflaming other residents about Mr. Ford and other minority employees. For example, on December 27, 2005, there was an anonymous posting on several Horizon House bulletin boards that accused me of having "the audacity to illegally hire a criminal ... to be our building manager!!!"

2

7.     On or shortly after January 17, 2006, I received a letter from James Mansfield, Esquire, which was addressed to the five members of the Horizon House Board of Directors. Mr. Mansfield wrote that "Mr. Ford was fired by his previous employer for cause" and that Mr. Ford had "admitted wrongdoings," including having "consensual sexual relations with a tenant on two occasions." I knew that these statements were false, since Mr. Mansfield and I had participated in the background check of Mr. Ford, and we both knew that Mr. Ford's prior employer had said he was eligible for rehire.

8.     As a result of Mr. Mansfield's January 17, 2006 letter, which contained false statements and was being improperly distributed to other Horizon House residents, the Board of Directors voted on January 18, 2006, to fire Mr. Mansfield and to hire Juan Cadenas and William Daley, of the Rees, Broome & Diaz, P.C. law firm, to represent the Horizon House Board. We fired Mr. Mansfield because he was acting contrary to the scope of his authority, had now become a witness to and participant in the racial harassment of Mr. Ford, and was no longer acting merely as an attorney on behalf of the Horizon House Board of Directors and Association.

9.     Even though Mr. Mansfield had been fired on January 18, 2006, and had no authority to provide legal services to Horizon House, I found out that he attended a meeting of the "Concerned Citizens Group" at the Horizon House on January 19, 2006. I learned that at that meeting, Mr. Mansfield repeated his false statements, and made the additional statements that Mr. Ford was a "rapist" and had refused to take a polygraph test during his background check. I knew that Mr. Mansfield's statements were false, since Mr. Ford had never admitted to being a rapist, had not been convicted of any such charge, and it was Mr. Mansfield who refused to go forward with the polygraph test, not Mr. Ford, who said he would go forward with the test if the employer paid for it.

3

10.    I was present at a second meeting of the "Concerned Citizen Group" where Mr. Mansfield repeated the false statements he made about Mr. Ford at the January 19 meeting and deliberately incited the residents, encouraging them to take action against the Board.

11.    On January 20, 2006, Mr. Mansfield sent his January 17, 2006 letter to every resident at Horizon House, myself included, even though Mr. Mansfield had been fired two days previously.

12.    On January 24, 2006, Mr. Mansfield, along with Adrienne Garretson and the "Concerned Citizens Group," sent another packet of documents to every Horizon House resident, including myself. This packet included Mr. Mansfield's January 17, 2006 letter.

13.    On February 2 and 3, 2006, I learned that the "Concerned Citizens Group" held a meeting to remove me, and two other board members (Ms. Morris and Mr. Weatherman) from the Board of Directors. Since that time, I have not served on the Board of Directors.

I declare, this 18TH day of May 2009, subject to the pain and penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

VONDELL CARTER

Subscribed and sworn to before me, this 18TH day of May. 2009.

Notary Public

My commission expires 6/30/2012

YVETTE L. FOLK
NOTARY PUBLIC
Commonwealth of Virginia
Reg. #7296126
My Commission Expires June 30, 2012

4

**Exhibit 2**
Plaintiff's Motion to Compel
(Oct. 19, 2009)


A. Hartsoe letter to J. Seegar (Dec. 14, 2005).

# HARTSOE, MANSFIELD & MORGAN, P.L.L.C.

### ATTORNEYS AND COUNSELORS AT LAW

10621 JONES STREET, SUITE 201-B
FAIRFAX, VIRGINIA 22030-7511
(703) 591-2503
FAX (703) 273-7292

208 SOUTH KING STREET, SUITE 203
LEESBURG, VIRGINIA 20175-3018
(703) 771-4200
E-MAIL: HARTSOEMANSFIELD@RCN.COM

December 14, 2005

## VIA FACSIMILE AND FIRST CLASS MAIL

Jay Segar
Discreet Investigations of Virginia
P.O. Box 650905
Sterling, VA 20165
FAX: (703) 472-7701

Re:    Horizon House Condominium Unit Owners Association

Dear Jay:

This is the case we previously spoke about regarding the hiring of a property manager with pending sexual battery charges. We are looking for a link between the President of the Unit Owners association (Vondell Carter) and the newly hired employee Michael Ford.

The attached pages may be of some help. The first page has Mr. Carter's employment (as far as we know) as well as residence (I don't have the exact unit number, but I believe it is penthouse 01). In addition Mr. Carter's wife is on the Board - her name is Susan M. Morris.

The obituary is Vondell Carter's sister-in-law (e.g. Vondell's brother's wife) and it has a rundown of some extended family.

I do not know that Mr. Ford is related to the Carters, but we are searching for any connection, family, work, friend, church, etc. A fairly quick turn around on this is very much appreciated.

If you have any questions, please call.

Thanks

Alex

Enc.

**Mansfield0713**

## EXECUTIVE AGENT & LOGTECH PROGRAM MANAGER
Vondell Carter
Special Assistant and Director of Special Programs
Office of the Deputy Chief of Staff, G-1
HQ , U.S. Army Materiel Command
Tel: (703) 806-8159 DSN 656
Fax: (703) 806-8859

---

*Contact this office with any POC questions*

Wife: Susan M. Morris

**Residence: 1300 Army Navy Drive, Arlington 22202**

**Michael Ford**

**Former Lerner employee - manager of apartment complex located in Prince Georges County, Maryland.  Pending criminal charges in that jurisdiction - I believe misdeameanor sexual battery with a trial date sometime in January.**

**Mansfield0714**

# washingtonpost

The Washington Post

NEWS | OPINIONS | SPORTS | ARTS & LIVING | DISCUSSIONS | PHOTOS & VIDEO | CITY GUIDE | CLASSIFIEDS

SEARCH: ○ News ○ Web    [          ] go   powered by YAHOO! SEARCH

washingtonpost.com > Metro > Obituaries

## Obituaries

**NEWS**
Politics
Nation
World
**Metro**
  Crime
  The District
  Lottery
  Maryland
    **Obituaries**
  Religion
  Traffic
  Virginia
Style
Business
Technology
Health
Education
Real Estate

### Cora Margaret Carter

 *View/Sign Guest Book*



**CARTER, CORA MARGARET**

Of Vienna, VA on Sunday, December 4, 2005 at Fair Oaks Hospital. Beloved wife of Wyndell W. Carter and loving mother of Warren B. Carter and W. Hoyt Carter. Also survived by one daughter-in-law, Jeanine W. Carter. She also leaves to mourn four sisters and one brother, Vergie Barbour, Josephine Offer, Lillian Newman, Evelyn Young and Lloyd Harris, five brothers-in-law, Raymond Offer, Harvey Newman, Maurice Carter, Vondell Carter and William Young, seven sisters-in-law, Dorothy Harris, Katherine Harris, Agnes, Harris, Carrie Harris, Irene Carter, Marion Wiggins and Susan Carter, one goddaughter, Theresa M. Hunter, two grandchildren, Colin B. Allen and Latasha J. Walker, two great-grand- children, Mia and Mikayla Williams-Allen and a host of nieces, nephews, relatives and close friends. Friends will be received 10 a.m. Saturday, December 10, 2005 at the First Baptist Church, 450 Orchard St., Vienna, VA where funeral service will be conducted at 11 a.m. Rev. Dr. Kenny Smith, presiding. Interment Pleasant Valley Memorial Park, Annandale, VA. In lieu of flowers, donations may be made to ""We, Us, & Friends,"" Scholarship Fund, c/o Delorise Gordan, 1200 Springhill Rd., McLean, VA 22102. Arrangements by AMES FUNERAL HOME, Manassas, VA.
Published in The Washington Post from 12/8/2005 - 12/9/2005.

Guest Book • Funeral home Info • Flowers
Gift Shop • Charites

 Printer-friendly version     E-mail to a friend

Today's Washington Post notices

Questions about death notices or Guest Books?
Contact Legacy.com • Terms of use

Powered by Legacy.com
obituaries nationwide

Mansfield0715

**Exhibit 3**
Plaintiff's Motion to Compel
(Oct. 19, 2009)


Retainer Agreement (Jan. 23, 2006).

# HARTSOE, MANSFIELD & MORGAN, P.L.L.C.
## ATTORNEYS AND COUNSELORS AT LAW

10621 JONES STREET, SUITE 201-B
FAIRFAX, VIRGINIA 22030-7511
(703) 591-2503
FAX (703) 273-7292

208 SOUTH KING STREET, SUITE 203
LEESBURG, VIRGINIA 20175-3018
(703) 771-4200
E-MAIL: HARTSOEMANSFIELD@RCN.COM

We the undersigned Unit Owners and members of the Horizon House
Condominium Unit Owners Association do hereby engage the law firm of Hartsoe,
Mansfield & Morgan, P.L.L.C. to represent us as legal counsel concerning any
alleged activities of certain Board members that may be contrary to the
Association's Bylaws and the Virginia Condominium Act to include, but not limited
to, representing our interests in the Special Meeting of the Association called for the
removal of said Directors, and agree to pay a pro rate share of attorney fees and
costs at an hourly rate of $100.00.

| Signature | Printed Name | Unit |
|---|---|---|
| 1. | PAULA L. GARNER | 1009 |
| 2. Wendy H. Schacht | Wendy H. Schacht | 722 |
| 3. Marie E. Eckes | MARIE F. ECKES | 514 |
| 4. | | |
| 5. | | |
| 6. | | |
| 7. | | |
| 8. | | |
| 9. | | |
| 10. | | |
| 11. | | |
| 12. | | |
| 13. | | |
| 14. | | |
| 15. | | |
| 16. | | |
| 17. | | |

**Mansfield1066**

**Exhibit 4**
Plaintiff's Motion to Compel
(Oct. 19, 2009)


A. Schwartz email to A. Kabat (Aug. 25, 2009).

## Alan Kabat

| | |
|---|---|
| **From:** | Amanda Schwartz [aschwartz@hudginslawfirm.com] |
| **Sent:** | Tuesday, August 25, 2009 6:06 PM |
| **To:** | Alan Kabat |
| **Cc:** | Robert Draim |
| **Subject:** | RE: Ford v. Zalco (Mansfield) |

Mr. Kabat:

Mr. Draim is out of the office until September 3. To the extent there are any documents that are not protected by a claim of privilege or objection, they will not be capable of production tomorrow but will have to await Mr. Draim's return to the office. I hope you find this arrangement acceptable in light of Mr. Draim's absence from the office. Thank you.

**From:** Alan Kabat [mailto:kabat@bernabeipllc.com]
**Sent:** Tuesday, August 25, 2009 5:53 PM
**To:** David Hudgins; Robert Draim; Amanda Schwartz; Sarah Roumm
**Subject:** Ford v. Zalco (Mansfield)

Dear counsel:

The attached is also being sent by regular mail.

Sincerely,

Alan R. Kabat
Bernabei & Wachtel, PLLC
1775 T Street, N.W.
Washington, D.C. 20009-7124
tel. (202) 745-1942 (ext. 242)
fax (202) 745-2627
email: Kabat@BernabeiPLLC.com

The information contained in this e-mail message is intended for the personal and confidential use of the designated recipient (s) named in the address box. This message may be attorney-client communication, and as such, is privileged and confidential. Do NOT forward this message to any third party. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this message in error, please notify us immediately by telephone; delete this message from all your files, and return any printouts you may have made to us by regular mail.

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this document (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**Exhibit 5**
Plaintiff's Motion to Compel
(Oct. 19, 2009)


Defendant James Mansfield's Answers to
Plaintiff's First Set of Interrogatories (Aug. 25, 2009).

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

|  |  |
|---|---|
| MICHAEL FORD | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) Civil Action No. 1:08-cv-1318 |
|  | ) (LO/TRJ) |
|  | ) |
| ZALCO REALTY, INC., *et al.*, | ) |
|  | ) |
| Defendants | ) |

## DEFENDANT JAMES MANSFIELD'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant James Mansfield, by counsel, subject to and without waiving his objections to the Interrogatories previously served, responds to Plaintiff's First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

A.      Defendant objects to each Interrogatory to the extent it seeks information protected against disclosure by the attorney client privilege, the work product doctrine or any other privileges or rules of confidentiality.

B.      Defendant objects to Plaintiff's Interrogatories to the extent they purport to impose upon defendant a duty to provide information which is not within Defendant's possession, custody or control.

C.      Defendant objects to the instructions and definitions of Plaintiff's Interrogatories to the extent that they exceed the scope and requirements of the Federal Rules.

D.     Defendant objects to the Interrogatories to the extent they seek information or materials not relevant to the claims and defenses of the parties in this action and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that they are vague, ambiguous, overly broad, unduly burdensome, or oppressive.

E.     Defendant objects to the Interrogatories to the extent they exceed the number of permissible interrogatories including subparts under the Federal Rules.

F.     Defendant reserves the right to supplement these objections and the subsequent responses upon the discovery of additional responsive information.

G.     Nothing herein shall be construed as an admission by Defendant respecting the admissibility or relevance of any fact or document, or as an admission of the truth or accuracy of any characterization, document, or information of any kind sought by the Interrogatories.

H.     These general objections are adopted and incorporated by reference in response to each and every Interrogatory.

## RESPONSES

**INTERROGATORY NO. 1:**     Identify all persons with discoverable information relating to this case, including the claims and defenses, and, for each person named, provide their last known address and describe in detail the subject matter about which the person has knowledge.

**OBJECTION:**     See General Objections above.

**ANSWER:**     Please see Defendant's Objections previously served.  Subject to and without waiving these objections, see the individuals identified in Defendant's Rule

26 Disclosures.  As discovery has just begun, Defendant is not aware of the last known address of these individuals or the subject matter of the knowledge that each may hold.

**INTERROGATORY NO. 2:**        Identify all expert witness(es) that defendant intends to utilize in establishing his defense(s) to Plaintiff's Complaint, or in responding to plaintiff's expert witness(es), including the subject matter of their testimony and the basis for their expert opinions.

**OBJECTION:**        Objection.    This    Interrogatory    seeks    information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality.  Further objection is made to the extent this Interrogatory exceeds the scope of permissible discovery under Rule 26 and is vague and ambiguous and overly broad.

**ANSWER:**    Please see Defendant's Objections previously served.  Subject to and without waiving these objections, no determination has been made with regard to expert witnesses.

**INTERROGATORY NO. 3:**        For each of the affirmative defenses you have asserted in the Answer filed on June 25, 2009, identify the factual and legal basis for it, and the evidence or other information that proves or tends to prove the validity of the defense, separately identifying all documents that relate to or memorialize your answer and any person having knowledge of the factual basis for the defenses.

**OBJECTION:**    Objection.    This    Interrogatory    seeks    information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other

3

applicable claim of privilege or confidentiality. Further objection is made to the extent this Interrogatory is vague and ambiguous, overly broad and unduly burdensome.

**ANSWER:** Please see Defendant's Objections previously served. This Interrogatory seeks information protected against disclosure by the attorney-client privilege.

**INTERROGATORY NO. 4:** Identify and describe all communications and meetings with and/or between the Defendant and any other person pertaining to any matter alleged in Plaintiff's Complaint, separately identifying all documents that relate to or memorialize your answer and all persons involved in such communications or meetings.

**OBJECTION:** Objection. This Interrogatory seeks information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality. Further objection is made to the extent this Interrogatory is vague and ambiguous, overly broad and unduly burdensome.

**ANSWER:** Please see Defendant's Objections previously served. This Interrogatory seeks information protected against disclosure by the attorney-client privilege.

**INTERROGATORY NO. 5:** Identify all facts, communications, and documents supporting defendant's denial, in Paragraph 22 of Defendant's Answer, as to whether "Mr. Mansfield was not typically responsible for background checks or investigations regarding the hiring of employees at Horizon House."

**OBJECTION:** Objection. This Interrogatory seeks information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality. Further objection is made to the extent this Interrogatory is vague and ambiguous, overly broad and unduly burdensome.

**ANSWER:** Please see Defendant's Objections previously served. This Interrogatory seeks information protected against disclosure by the attorney-client privilege.

**INTERROGATORY NO. 6:** Identify and describe your communications regarding the hiring of Plaintiff, and the background check of Plaintiff, including but not limited to your communications with Vondell Carter, Michael Constant, William Ray Ford, Lerner Enterprises, Susann Holt, and Maurice Smets, as referenced in Paragraphs 22-23 and 26-29 of Plaintiff's Complaint and Defendant's Answer.

**OBJECTION:** Objection. This Interrogatory seeks information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality. Further objection is made to the extent this Interrogatory is vague and ambiguous, overly broad and unduly burdensome.

**ANSWER:** Please see Defendant's Objections previously served. This Interrogatory seeks information protected against disclosure by the attorney-client privilege.

**INTERROGATORY NO. 7:** Identify all facts, communications, and documents supporting defendant's denial, in Paragraph 29 of Defendant's Answer, as to

whether "Because Horizon House would be responsible for the cost of the polygraph test, Mr. Mansfield decided not to conduct the test."

**OBJECTION:**   Objection.   This   Interrogatory   seeks   information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality. Further objection is made to the extent this Interrogatory is vague and ambiguous, overly broad and unduly burdensome.

**ANSWER:** Please see Defendant's Objections previously served.   This Interrogatory seeks information protected against disclosure by the attorney-client privilege.

**INTERROGATORY NO. 8:**   Identify all facts, communications, and documents supporting defendant's denial, in Paragraph 50 of Defendant's Answer, as to whether "At no time did defendants Horizon House, Zalco, MDV Maintenance, or Mansfield investigate the death threat against Mr. Ford and his family, or take appropriate corrective action, even though Mr. Carter requested that they do so."

**OBJECTION:**   Objection.   This   Interrogatory   seeks   information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality. Further objection is made to the extent this Interrogatory is vague and ambiguous, overly broad and unduly burdensome.

**ANSWER:** Please see Defendant's Objections previously served.   This Interrogatory seeks information protected against disclosure by the attorney-client privilege.

**INTERROGATORY NO. 9:**        Identify all facts, communications and documents supporting or relating to each of the statements about Mr. Ford that Defendant made in the letter from Defendant to Vondell Carter, dated January 17, 2006 (a copy of which is attached hereto as Exhibit A), as referenced in Paragraph 58 of Plaintiff's Complaint and Defendant's Answer, including the identity of the person(s) who authorized you to make those statements, and the person to whom those statements were made.

**OBJECTION:**   Objection.    This   Interrogatory   seeks   information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality.  Further objection is made to the extent this Interrogatory is vague and ambiguous, overly broad and unduly burdensome.

**ANSWER:** Please see Defendant's Objections previously served.   This Interrogatory seeks information protected against disclosure by the attorney-client privilege.

**INTERROGATORY NO. 10:**        Identify all facts, communications, and documents supporting defendant's denial, in Paragraph 59 of Defendant's Answer, as to whether "defendant Mansfield defended defendant Mucklow's use of the official Horizon House website for this purpose."

**OBJECTION:**   Objection.    This   Interrogatory   seeks   information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other

applicable claim of privilege or confidentiality. Further objection is made to the extent this Interrogatory is vague and ambiguous, overly broad and unduly burdensome.

**ANSWER:** Please see Defendant's Objections previously served. This Interrogatory seeks information protected against disclosure by the attorney-client privilege.

**INTERROGATORY NO. 11:** Identify all facts, communications, and documents supporting defendant's denial, in Paragraph 60 of Defendant's Answer, as to whether "On January 18, 2006, Mr. Carter, Ms. Morris, and Ms. Weatherman fired defendant Mansfield and hired Juan Cadenas, Esquire and William Daly, Esquire, of Rees, Broome & Diaz, P.C., to represent the Horizon House Board."

**OBJECTION:** Objection. This Interrogatory seeks information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality. Further objection is made to the extent this Interrogatory is vague and ambiguous, overly broad and unduly burdensome.

**ANSWER:** Please see Defendant's Objections previously served. This Interrogatory seeks information protected against disclosure by the attorney-client privilege.

**INTERROGATORY NO. 12:** Identify all facts, communications, and documents supporting defendant's denial, in Paragraph 60 of Defendant's Answer, as to whether "Defendant Mansfield was fired because he was disqualified from representing Horizon House owing to his conflict of interest in having made false allegations about

8

Mr. Ford, which meant that defendant Mansfield was a principal, not merely an outside attorney."

**OBJECTION:**   Objection.   This   Interrogatory   seeks   information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality. Further objection is made to the extent this Interrogatory is vague and ambiguous, overly broad and unduly burdensome.

**ANSWER:** Please see Defendant's Objections previously served.   This Interrogatory seeks information protected against disclosure by the attorney-client privilege.

**INTERROGATORY NO. 13:**   Identify all facts, communications, and documents supporting defendant's denial, in Paragraph 61 of Defendant's Answer, as to whether "Defendant Mansfield's letter [Exhibit A] contained false and defamatory statements about Mr. Ford, and statements that were based on racial stereotypes about African Americans."

**OBJECTION:**   Objection.   This   Interrogatory   seeks   information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality.  Further objection is made to this Interrogatory to the extent it seeks a legal conclusion and is premature under Rule 33(c). This Interrogatory is also objectionable to the extent it is vague and ambiguous, overly broad and unduly burdensome.

**ANSWER:** Please see Defendant's Objections previously served.   This Interrogatory seeks information protected against disclosure by the attorney-client privilege.

**INTERROGATORY NO. 14:**   Identify all facts, communications and documents supporting or relating to each of the statements that Defendant made about Mr. Ford at the meetings held at Horizon House on or around January 19, 2006, and on or around February 2, 2006, as referenced in Paragraphs 62-64 and 73 of Plaintiff's Complaint and Defendant's Answer, including but not limited to the statements that: (1) Mr. Ford had "admitted wrongdoing;" (2) Mr. Ford was a "rapist;" (3) Mr. Ford had defended his actions by claiming that he had consensual sex with his accuser; and (4) Mr. Ford had refused to take a polygraph test; including the identity of the person(s) who authorized you to make those statements, and the persons to whom those statements were made.

**OBJECTION:** Objection.   This Interrogatory seeks information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality.   Further objection is made to this Interrogatory to the extent it is compound in nature and presupposes that Mr. Mansfield made such statements. This Interrogatory is also objectionable to the extent it is vague and ambiguous, overly broad and unduly burdensome.

**ANSWER:** Please see Defendant's Objections previously served.   This Interrogatory seeks information protected against disclosure by the attorney-client privilege.

**INTERROGATORY NO. 15:**   Identify all facts, communications, and documents supporting defendant's denial, in Paragraph 72 of Defendant's Answer, as to whether "Defendant Mansfield was present at the courthouse during Mr. Ford's [January 25, 2006] trial.  Mr. Mansfield's law partner, Mr. Hartsoe, was also present in the courtroom during the trial, so that both individuals knew that the outcome of the case was in Mr. Ford's favor."

**OBJECTION:** Objection. This Interrogatory seeks information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality.  Further objection is made to the extent this Interrogatory is vague and ambiguous, overly broad and unduly burdensome.

**ANSWER:** Please see Defendant's Objections previously served.   This Interrogatory seeks information protected against disclosure by the attorney-client privilege.

**INTERROGATORY NO. 16:**   If it is your contention that there was no conflict of interest arising from your representation of one or more parties in the actions captioned Horizon House Condominium Unit Owners Association v. Vondell Carter, *et al.*, No. 06-200 (Circuit Court for the County of Arlington) and The Board of Directors of Horizon House Condominium Unit Owners Association v. Adrienne Garretson, *et al.*, No. 06-225 (Circuit Court for the County of Arlington), then identify all facts, communications, and documents supporting or relating to that contention.

**OBJECTION:** Objection.   This Interrogatory seeks information, communications, documents or other material prepared in anticipation of litigation,

protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality. Further objection is made to the extent this Interrogatory seeks information or materials not relevant to the claims and defenses of the parties in this matter and not reasonably calculated to lead to the discovery of admissible evidence. This Interrogatory is also objectionable to the extent it is vague and ambiguous, overly broad and unduly burdensome.

**ANSWER:** Please see Defendant's Objections previously served. This Interrogatory seeks information protected against disclosure by the attorney-client privilege.

**JAMES MANSFIELD**

By:     /s/ Robert E. Draim_____
        Counsel

David D. Hudgins, Esquire (VSB #20602)
Robert E. Draim, Esquire (VSB #18635)
HUDGINS LAW FIRM
515 King Street, Suite 400
Alexandria, Virginia  22314
(703) 739-3300
(703) 739-3700 (facsimile)
*Counsel for James Mansfield*

By: _____
James Mansfield

CITY/COUNTY OF _Fairfax_____ )
COMMONWEALTH OF VIRGINIA )

Before me, the undersigned, appeared the person whose signature appears and who stated to me under oath that he is competent to testify to the facts and that they are true and correct to the best of his personal knowledge, information and belief.

Subscribed and sworn to me this _24_ day of _August_____, 2009.

_____
Notary Public

My Commission Expires: _10/31/2011_

Fawzia Heeres
Notary Public
Commonwealth of Virginia
Commission No. 335427
My Commission Expires 10/31/2011

13

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing was forwarded via facsimile and U.S. Mail this 25th day of August 2009 to:

Alan R. Kabat, Esquire
Bernabei & Wachtel, PLLC
1775 T Street, NW
Washington, DC  20009-7124


_/s/ Robert E Draim_____
Counsel

**Exhibit 6**
Plaintiff's Motion to Compel
(Oct. 19, 2009)


Defendant James Mansfield's Responses to
Plaintiff's First Set of Requests for Production of Documents (Aug. 25, 2009).

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

|  |  |
|---|---|
| MICHAEL FORD<br><br>       Plaintiff,<br><br>       v.<br><br>ZALCO REALTY, INC., *et al.*,<br><br>       Defendants | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 1:08-cv-1318<br>)   (LO/TRJ)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT JAMES MANSFIELD'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant James Mansfield, by counsel, subject to and without waiving his objections to the Requests previously served, responds to Plaintiff's First Set of Requests for Production of Documents as follows:

### GENERAL OBJECTIONS

A.    Defendant objects to each Request to the extent it seeks information protected against disclosure by the attorney client privilege, the work product doctrine or any other privileges or rules of confidentiality.

B.    Defendant objects to Plaintiff's Requests to the extent they purport to impose upon Defendant a duty to provide information which is not within Defendant's possession, custody or control.

C.    Defendant objects to the instructions and definitions of Plaintiff's Requests to the extent that they exceed the scope and requirements of the Federal Rules.

D.    Defendant objects to the Requests to the extent they seek information or materials not relevant to the claims and defenses of the parties in this action and not

1

reasonably calculated to lead to the discovery of admissible evidence, and to the extent that they are vague, ambiguous, overly broad, unduly burdensome, or oppressive.

E.     Defendant objects to Plaintiff's Requests to the extent they request information that is a matter of public record or is otherwise as equally accessible to Plaintiff as it is to Defendant.

F.     Defendant objects to Plaintiff's Requests to the extent they purport to impose upon Defendant a duty to provide information which is not within Defendant's possession, custody or control.

G.     Defendant reserves the right to supplement these objections and the subsequent responses upon the discovery of additional responsive information.

H.     Nothing herein shall be construed as an admission by Defendant respecting the admissibility or relevance of any fact or document, or as an admission of the truth or accuracy of any characterization, document, or information of any kind sought by the Requests.

I.     These general objections are adopted and incorporated by reference in response to each and every Request.

### RESPONSES

**REQUEST NO. 1:**   All documents identified in, referred to in preparation for, Defendant's Responses to Plaintiff's First Set of Interrogatories.

**OBJECTION:**      See General Objections above.

**RESPONSE:** Please see Defendant's Objections previously served.    This Request seeks information protected against disclosure by the attorney-client privilege. Subject to and without waiving these objections, Defendant responds that to the extent

that such documents exist, are under the control of Defendant, and are not otherwise protected by any privilege, they will be made available for inspection and copying at a time and place convenient to the parties.

**REQUEST NO. 2:**   All documents relating to or supporting any of the Defenses set forth in the Defendant's Answer.

**OBJECTION:** Objection.  This Request seeks information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality.  Further objection is made to the extent this Request is vague and ambiguous, overly broad and unduly burdensome.

**RESPONSE:** Please see Defendant's Objections previously served.  This Request seeks information protected against disclosure by the attorney-client privilege.  Subject to and without waiving these objections, Defendant responds that to the extent that such documents exist, are under the control of Defendant, and are not otherwise protected by any privilege, they will be made available for inspection and copying at a time and place convenient to the parties.

**REQUEST NO. 3:**   All documents, including court filings and correspondence, relating to or concerning the case captioned Horizon House Condominium Unit Owners Association v. Vondell Carter, *et al.*, No. 06-200 (Circuit Court for the County of Arlington), including any appeal thereto.

**OBJECTION:** Objection.  This Request seeks information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of

privilege or confidentiality.  Further objection is made to the extent this Request is vague and ambiguous, overly broad and unduly burdensome and seeks information or materials not relevant to the claims and defenses of the parties in this matter and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant also objects to the extent the Request seeks documents of public record, which are equally accessible to Plaintiff.

**RESPONSE:** Please see Defendant's Objections previously served.  This Request seeks information protected against disclosure by the attorney-client privilege.  Subject to and without waiving these objections, Defendant responds that to the extent that such documents exist, are under the control of Defendant, and are not otherwise protected by any privilege, they will be made available for inspection and copying at a time and place convenient to the parties.

**REQUEST NO. 4:**    All documents, including court filings and correspondence, relating to or concerning the case captioned The Board of Directors of Horizon House Condominium Unit Owners Association v. Adrienne Garretson, *et al.*, No. 06-225 (Circuit Court for the County of Arlington), including any appeal thereto.

**OBJECTION:** Objection.  This Request seeks information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality.  Further objection is made to the extent this Request is vague and ambiguous, overly broad and unduly burdensome and seeks information or materials not relevant to the claims and defenses of the parties in this matter and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant also objects to the

extent the Request seeks documents of public record, which are equally accessible to Plaintiff.

**RESPONSE:** Please see Defendant's Objections previously served. This Request seeks information protected against disclosure by the attorney-client privilege. Subject to and without waiving these objections, Defendant responds that to the extent that such documents exist, are under the control of Defendant, and are not otherwise protected by any privilege, they will be made available for inspection and copying at a time and place convenient to the parties.

**REQUEST NO. 5:**   Your retainer agreement(s), and retainer agreement(s) of Hartsoe, Mansfield & Morgan, PLLC, with Horizon House and any of its directors, officers, members, or residents, including but not limited to (1) Horizon House Condominium Unit Owners Association; (2) Board of Directors of Horizon House Condominium Unit Owners Association; (3) Vondell Carter; (4) David Faison; (5) Adrienne Garretson; (6) Susan Morris; (7) Eric Mucklow; (8) Virginia Smith; (9) Gregory Weatherman; and (10) any other resident, owner, or tenant of Horizon House.

**OBJECTION:** Objection.  This Request seeks information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality.  Further objection is made to the extent this Request seeks information or materials not relevant to the claims and defenses of the parties in this matter and not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:** Please see Defendant's Objections previously served. This Request seeks information protected against disclosure by the attorney-client privilege. Subject to

and without waiving these objections, Defendant responds that to the extent that such documents exist, are under the control of Defendant, and are not otherwise protected by any privilege, they will be made available for inspection and copying at a time and place convenient to the parties.

**REQUEST NO. 6:**   All invoices, fee statements, fee realization sheets, and related billing documentation for all legal services provided by you and by any other attorney or staff at Hartsoe, Mansfield & Morgan, PLLC, to Horizon House and any of its directors, officers, members, or residents, for the period of January 1, 2005 through the present, including but not limited to (1) Horizon House Condominium Unit Owners Association; (2) Board of Directors of Horizon House Condominium Unit Owners Association; (3) Vondell Carter; (4) David Faison; (5) Adrienne Garretson; (6) Susan Morris; (7) Eric Mucklow; (8) Virginia Smith; (9) Gregory Weatherman; and (10) any other resident, owner, or tenant of Horizon House.

**OBJECTION:** Objection.  This Request seeks information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality.  Further objection is made to the extent this Request seeks information or materials not relevant to the claims and defenses of the parties in this matter and not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:** Please see Defendant's Objections previously served.  This Request seeks information protected against disclosure by the attorney-client privilege.  Subject to and without waiving these objections, Defendant responds that to the extent that such documents exist, are under the control of Defendant, and are not otherwise protected by

any privilege, they will be made available for inspection and copying at a time and place convenient to the parties.

**REQUEST NO. 7:**   All documents reflecting or memorializing communications you had with or about any of the following individuals and entities (who are also identified in Plaintiff's Complaint), relating in any way to any of the claims or defenses in this litigation:

1.      Plaintiff Michael Ford;

2.      Horizon House;

3.      Horizon House Condominium Unit Owners Association;

4.      Board of Directors of Horizon House Condominium Unit Owners Association;

5.      Zalco Realty, Inc.;

6.      MDV Maintenance, Inc.;

7.      Lerner Enterprises a/k/a Lerner Corporation;

8.      the "Concerned Citizens Group" at Horizon House;

9.      Juan Cadenas, Esquire;

10.    Vondell Carter;

11.    Michael Constant;

12.    William P. Daly, Jr., Esquire;

13.    Arthur Dubin;

14.    David Faison;

15.    Bobbie Fisher;

16.    William Ray Ford, Esquire;

17.     Adrienne Garretson;

18.     Susann Holt;

19.     Adam F. (Fred) MacAdam;

20.     Susan Morris;

21.     Eric Mucklow;

22.     Jennifer O'Keefe;

23.     Maurice Smets;

24.     Virginia Smith; and

25.     Gregory Weatherman.

**OBJECTION:** Objection.   This Request seeks information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality.   Further objection is made to the extent this Request is compound in nature and vague and ambiguous, overly broad and unduly burdensome.

**RESPONSE:** Please see Defendant's Objections previously served.  This Request seeks information protected against disclosure by the attorney-client privilege.  Subject to and without waiving these objections, Defendant responds that to the extent that such documents exist, are under the control of Defendant, and are not otherwise protected by any privilege, they will be made available for inspection and copying at a time and place convenient to the parties.

**REQUEST NO. 8:**    Your communications regarding the hiring of Plaintiff, and the background check of Plaintiff, including but not limited to your communications with Vondell Carter, Michael Constant, William Ray Ford, Lerner Enterprises, Susann Holt,

and Maurice Smets, as referenced in Paragraphs 22-23 and 26-29 of Plaintiff's Complaint and Defendant's Answer.

**OBJECTION:**   Objection.   This   Request   seeks   information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality.  Further objection is made to the extent this Request presupposes that these communications occurred.

**RESPONSE:** Please see Defendant's Objections previously served.  This Request seeks information protected against disclosure by the attorney-client privilege.  Subject to and without waiving these objections, Defendant responds that to the extent that such documents exist, are under the control of Defendant, and are not otherwise protected by any privilege, they will be made available for inspection and copying at a time and place convenient to the parties.

**REQUEST NO. 9:**   All   investigations   and   background   checks   that   you conducted, reviewed, initiated, or participated in, relating to the hiring, promotion, or termination of any employee at Horizon House, Zalco Realty, and/or MDV Maintenance, from 2000 to the present, and all policies and practices governing those investigations and background checks, as referenced in Paragraph 22 of Plaintiff's Complaint and Defendant's Answer.

**OBJECTION:** Objection.  This Request seeks information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality.  Further objection is made to the extent this Request is vague

9

and ambiguous, overly broad, unduly burdensome and seeks information or materials not relevant to the claims and defenses of the parties in this matter and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to the extent the requested information may not be within Defendant's possession, custody or control.

**RESPONSE:** Please see Defendant's Objections previously served. This Request seeks information protected against disclosure by the attorney-client privilege. Subject to and without waiving these objections, Defendant responds that to the extent that such documents exist, are under the control of Defendant, and are not otherwise protected by any privilege, they will be made available for inspection and copying at a time and place convenient to the parties.

**REQUEST NO. 10:** All investigations that you conducted, reviewed, initiated, or participated in, regarding the death threat against Mr. Ford and his family, on or around December 24, 2005, and all corrective actions that you took, as referenced in Paragraph 50 of Plaintiff's Complaint and Defendant's Answer.

**OBJECTION:** Objection. This Request seeks information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality. Further objection is made to the extent this Request is vague and ambiguous, overly broad and unduly burdensome.

**RESPONSE:** Please see Defendant's Objections previously served. This Request seeks information protected against disclosure by the attorney-client privilege. Subject to and without waiving these objections, Defendant responds that to the extent that such

documents exist, are under the control of Defendant, and are not otherwise protected by any privilege, they will be made available for inspection and copying at a time and place convenient to the parties.

**REQUEST NO. 11:** The January 17, 2006 letter that you wrote to the Board Members of Horizon House's board, including all drafts of, and comments on, that letter, and all subsequent disseminations of that letter, including but not limited to those sent on January 19, 2006, January 20, 2006, January 21, 2006, and January 24, 2006, as referenced in Paragraphs 58, 59, 61, 65, 68, and 70 of Plaintiff's Complaint and Defendant's Answer.

**OBJECTION:** Objection. This Request seeks information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality. Further objection is made to the extent this Request presupposes that this letter was sent by Defendant on subsequent dates. Defendant further objects on the basis that this Request seeks information or materials not relevant to the claims and defenses of the parties in this matter and not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:** Please see Defendant's Objections previously served. This Request seeks information protected against disclosure by the attorney-client privilege. Subject to and without waiving these objections, Defendant responds that to the extent that such documents exist, are under the control of Defendant, and are not otherwise protected by any privilege, they will be made available for inspection and copying at a time and place convenient to the parties.

11

**REQUEST NO. 12:** All documents relating to the termination, on or around January 18, 2006, by Horizon House or any member of the Horizon House Board of Directors, of your legal services, and the legal services of Hartsoe, Mansfield & Morgan, PLLC, as referenced in Paragraph 60 of Plaintiff's Complaint and Defendant's Answer.

**OBJECTION:** Objection.  This Request seeks information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality.  Further objection is made to the extent this Request seeks information or materials not relevant to the claims and defenses of the parties in this matter and not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:** Please see Defendant's Objections previously served.  This Request seeks information protected against disclosure by the attorney-client privilege.  Subject to and without waiving these objections, Defendant responds that to the extent that such documents exist, are under the control of Defendant, and are not otherwise protected by any privilege, they will be made available for inspection and copying at a time and place convenient to the parties.

**REQUEST NO. 13:** All tape or other recordings, transcripts, notes, minutes, or other records of meetings and communications identified in Plaintiff's Complaint, including but not limited to the following meetings and communications as referenced in Paragraphs 62-64 and 73 of Plaintiff's Complaint and Defendant's Answer: (1) the January 19, 2006 meeting of Horizon House residents, including the "Concerned Citizens Group;" (2) the February 2, 2006 meeting of Horizon House residents, including the "Concerned Citizens Group".

**OBJECTION:** Objection.  This Request seeks information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality.  Further objection is made to the extent this Request is vague and ambiguous, overly broad and unduly burdensome and seeks information which may not be within Defendant's possession, custody or control.

**RESPONSE:** Please see Defendant's Objections previously served.  This Request seeks information protected against disclosure by the attorney-client privilege.  Subject to and without waiving these objections, Defendant responds that to the extent that such documents exist, are under the control of Defendant, and are not otherwise protected by any privilege, they will be made available for inspection and copying at a time and place convenient to the parties.

**REQUEST NO. 14:**  All documents reflecting or memorializing meetings held at Horizon House, including meetings of the Board of Directors, meetings of the "Concerned Citizens Group," and any other meeting of the residents of Horizon House.

**OBJECTION:** Objection.  This Request seeks information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality.  Further objection is made to the extent this Request is vague and ambiguous, overly broad and unduly burdensome and seeks information or materials not relevant to the claims and defenses of the parties in this matter and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to the

extent the requested information may not be within Defendant's possession, custody or control.

**RESPONSE:** Please see Defendant's Objections previously served. This Request seeks information protected against disclosure by the attorney-client privilege. Subject to and without waiving these objections, Defendant responds that to the extent that such documents exist, are under the control of Defendant, and are not otherwise protected by any privilege, they will be made available for inspection and copying at a time and place convenient to the parties.

**REQUEST NO. 15:** All documents relating to the criminal trial of Plaintiff, on or around January 25, 2006, including recordings, transcripts, notes, minutes, or other records, made by Defendant, Defendant's colleagues, and Defendants' agents, as referenced in Paragraph 71 and 72 of Plaintiff's Complaint and Defendant's Answer.

**OBJECTION:** Objection.  This Request seeks information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality.  Further objection is made to the extent this Request is vague and ambiguous, overly broad and unduly burdensome and seeks information or materials not relevant to the claims and defenses of the parties in this matter and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant also objects to the extent that the requested information is not within his custody, possession or control and is equally accessible to Plaintiff.

**RESPONSE:** Please see Defendant's Objections previously served. This Request seeks information protected against disclosure by the attorney-client privilege.  Subject to

and without waiving these objections, Defendant responds that to the extent that such documents exist, are under the control of Defendant, and are not otherwise protected by any privilege, they will be made available for inspection and copying at a time and place convenient to the parties.

**REQUEST NO. 16:** All documents relating to the termination of Plaintiff's employment as Building Manager at Horizon House, including but not limited to the first termination on or around February 17, 2006, and the second termination on or around March 1, 2006, as referenced in Paragraph 81-85 of Plaintiff's Complaint and Defendant's Answer.

**OBJECTION:** Objection.   This Request seeks information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality.

**RESPONSE:** Please see Defendant's Objections previously served.   This Request seeks information protected against disclosure by the attorney-client privilege.   Subject to and without waiving these objections, Defendant responds that to the extent that such documents exist, are under the control of Defendant, and are not otherwise protected by any privilege, they will be made available for inspection and copying at a time and place convenient to the parties.

**REQUEST NO. 17:** All documents supporting or relating to each of the statements that Defendant made about Plaintiff in Defendant's letter dated January 17, 2006 (a copy of which is attached hereto as Exhibit A), including but not limited to the following statements:

(1)    "Fourth, your [Vondell Carter's] creation of a professional and fiduciary relationship between the Association and Mr. Ford violated the By-Laws and, quite frankly, was a mistake."

(2)    "Mr. Ford was fired by his previous employer for cause."

(3)    "During my conversation with him [Ford] he admitted wrongdoings."

(4)    "Minimally, his [Ford's] admissions included that while employed as building manager, he had consensual sexual relations with a tenant on two occasions, once in her apartment and once in his office."

(5)    "At the very least, Mr. Ford, by his own admissions, has demonstrated errors of judgment which alone should have disqualified him."

See Exhibit A (J. Mansfield letter to V. Carter) (Jan. 17, 2006).

**OBJECTION:** Objection.  This Request seeks information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality.  Further objection is made to the extent this Request is compound in nature.

**RESPONSE:** Please see Defendant's Objections previously served.  This Request seeks information protected against disclosure by the attorney-client privilege.  Subject to and without waiving these objections, Defendant responds that to the extent that such documents exist, are under the control of Defendant, and are not otherwise protected by any privilege, they will be made available for inspection and copying at a time and place convenient to the parties.

**REQUEST NO. 18:** All documents supporting or relating to each of the statements that Defendant made about Plaintiff at the meetings held at Horizon House on or around January 19, 2006, and on or around February 2, 2006, as referenced in Paragraphs 62-64 and 73 of Plaintiff's Complaint and Defendant's Answer, including but not limited to the statements that:

      (1)    Mr. Ford had "admitted wrongdoing;"

      (2)    Mr. Ford was a "rapist;"

      (3)    Mr. Ford had defended his actions by claiming that he had consensual sex with his accuser; and

      (4)    Mr. Ford had refused to take a polygraph test.

**OBJECTION:** Objection.  This Request seeks information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality.  Further objection is made to this Request to the extent it is compound in nature and presupposes that Defendant made such statements.

**RESPONSE:** Please see Defendant's Objections previously served.  This Request seeks information protected against disclosure by the attorney-client privilege.  Subject to and without waiving these objections, Defendant responds that to the extent that such documents exist, are under the control of Defendant, and are not otherwise protected by any privilege, they will be made available for inspection and copying at a time and place convenient to the parties.

**REQUEST NO. 19:**  Any and all statements, whether written or recorded by any means, of any witnesses and/or any defendant given to any person and/or entity

concerning any events, allegations, defenses, or damage claims that are the subject of Plaintiff's Complaint or Defendant's Answer.

**OBJECTION:** Objection.  This Request seeks information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality.

**RESPONSE:** Please see Defendant's Objections previously served.  This Request seeks information protected against disclosure by the attorney-client privilege.  Subject to and without waiving these objections, Defendant responds that to the extent that such documents exist, are under the control of Defendant, and are not otherwise protected by any privilege, they will be made available for inspection and copying at a time and place convenient to the parties.

**REQUEST NO. 20:**  All documents that relate to, refer to, or support the facts, events, admissions, or denials, in Defendant's Answer.

**OBJECTION:** Objection.  This Request seeks information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality.  Further objection is made to the extent this Request is vague and ambiguous, overly broad and unduly burdensome.

**RESPONSE:** Please see Defendant's Objections previously served.  This Request seeks information protected against disclosure by the attorney-client privilege.  Subject to and without waiving these objections, Defendant responds that to the extent that such documents exist, are under the control of Defendant, and are not otherwise protected by

18

any privilege, they will be made available for inspection and copying at a time and place convenient to the parties.

**REQUEST NO. 21:** All bar complaints, ethics complaints, malpractice claims or complaints, negligence claims or complaints, and all other professional liability claims or complaints, whether formal or informal, whether or not docketed with a court or agency, that were brought or raised against you and/or Hartsoe, Mansfield & Morgan, PLLC, by any of the following individuals or entities: (1) Horizon House Condominium Unit Owners Association; (2) Board of Directors of Horizon House Condominium Unit Owners Association; (3) Vondell Carter; (4) David Faison; (5)Bobbie Fisher; (6) Adrienne Garretson; (7) Adam F. (Fred) MacAdam; (8) Susan Morris; (9) Eric Muchlow; (10) Virginia Smith; (11) Gregory Weatherman; (12) any other resident, owner, or tenant of Horizon House; (13) Zalco Realty; and (14) MDV Maintenance.

**OBJECTION:** Objection.   This Request seeks information or materials not relevant to the claims and defenses of the parties in this matter and not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:** Please see Defendant's Objections previously served.

**REQUEST NO. 22:** All documents received pursuant to third party subpoenas issue by the Defendant in this litigation

**OBJECTION:** See General Objections above.

**RESPONSE:** Please see Defendant's Objections previously served.  Subject to and without waiving these objections, Defendant has no documents responsive to this Request.

**JAMES MANSFIELD**

By:    /s/ Robert E. Draim_____
            Counsel

David D. Hudgins, Esquire (VSB #20602)
Robert E. Draim, Esquire (VSB #18635)
HUDGINS LAW FIRM
515 King Street, Suite 400
Alexandria, Virginia  22314
(703) 739-3300
(703) 739-3700 (facsimile)
*Counsel for James Mansfield*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was forwarded via facsimile and U.S. Mail this 25th day of August 2009 to:

Alan R. Kabat, Esquire
Bernabei & Wachtel, PLLC
1775 T Street, NW
Washington, DC  20009-7124

            /s/ Robert E Draim_____
            Counsel

**Exhibit 7**
Plaintiff's Motion to Compel
(Oct. 19, 2009)


A. Kabat letter to D. Hudgins (Sept. 23, 2009).

LAW OFFICES

## BERNABEI & WACHTEL, PLLC
1775 T STREET, N.W.
WASHINGTON, D.C. 20009-7124

(202) 745-1942
TELECOPIER (202) 745-2627
WWW.BERNABEIPLLC.COM

LYNNE BERNABEI
DAVID WACHTEL +
ALAN R. KABAT ■
KATI DAFFAN ✳
ANDREA LOVELESS ●
EMMA ANDERSSON ●

+ADMITTED IN MD ALSO
■ADMITTED IN MD & VA ALSO
✳ADMITTED IN NY ONLY
● ADMITTED IN CA ONLY

By Electronic Mail and First Class Mail
September 23, 2009

David D. Hudgins, Esquire
Robert Draim, Esquire
Hudgins Law Firm, P.C.
515 King Street, Suite 400
Alexandria, VA 22314

Re:   Michael Ford v. James Mansfield, No. 1:08-CV-1318 (LO/TRJ)

Dear Counsel:

I am writing to identify several deficiencies in defendant's responses to plaintiff's discovery requests, in an attempt to narrow the scope of the dispute before seeking judicial intervention. As set forth below, defendant Mansfield's objections to many of plaintiff's discovery requests are legally unfounded, and the discovery responses should be supplemented.

As a threshold matter, while defendant belatedly produced certain documents on September 14, 2009, the discovery responses did not identify the document requests and interrogatories for which each document or set of documents is responsive. Based upon a preliminary review of this belated document production, it appears that no documents were produced for most of plaintiff's discovery requests, and no narrative responses were provided for plaintiff's interrogatories.

## I.   Defendant Mansfield's Affirmative Defenses.

Plaintiff sought discovery into the affirmative defenses asserted by defendant Mansfield. See Doc. Req. No. 2 ("All documents relating to or supporting any of the Defenses set forth in the Defendant's Answer."); Interrog. No. 3 ("For each of the affirmative defenses you have asserted in the Answer filed on June 25, 2009, identify the factual and legal basis for it, and the evidence or other information that proves or tends to prove the validity of the defense, separately identifying all documents that relate to or memorialize your answer and any person having knowledge of the factual basis for the defenses.").

David D. Hudgins, Esquire
Robert Draim, Esquire
September 23, 2009
Page 2 of 8

In response, defendant Mansfield did not identify any documents as responsive to this request, or provide any narrative interrogatory response. If any of the defendant's document production is responsive to these requests, then please specify the documents by Bates number. Otherwise, plaintiff will move to compel a response to these discovery requests, since plaintiff is entitled to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." See Rule 26(b)(1), Fed. R. Civ. P. Alternatively, if defendant continues to refuse any written discovery into his defenses, then plaintiff will move to strike those defenses.

## II.   Defendant Mansfield's Retainer Agreements and Invoices.

Plaintiff sought discovery of defendant Mansfield's retainer agreements with Horizon House and any of its directors, officers, members, or residents. See Pls. Doc. Req. No. 5 ("Your retainer agreement(s), and retainer agreement(s) of Hartsoe, Mansfield & Morgan, PLLC, with Horizon House and any of its directors, officers, members, or residents, including but not limited to (1) Horizon House Condominium Unit Owners Association; (2) Board of Directors of Horizon House Condominium Unit Owners Association; (3) Vondell Carter; (4) David Faison; (5) Adrienne Garretson; (6) Susan Morris; (7) Eric Mucklow; (8) Virginia Smith; (9) Gregory Weatherman; and (10) any other resident, owner, or tenant of Horizon House.").

Plaintiff also sought discovery of defendant Mansfield's invoices and billing statements, as submitted to any of these entities and individuals. See Pls. Doc. Req. No. 6 ("All invoices, fee statements, fee realization sheets, and related billing documentation for all legal services provided by you and by any other attorney or staff at Hartsoe, Mansfield & Morgan, PLLC, to Horizon House and any of its directors, officers, members, or residents, for the period of January 1, 2005 through the present, including but not limited to (1) Horizon House Condominium Unit Owners Association; (2) Board of Directors of Horizon House Condominium Unit Owners Association; (3) Vondell Carter; (4) David Faison; (5) Adrienne Garretson; (6) Susan Morris; (7) Eric Mucklow; (8) Virginia Smith; (9) Gregory Weatherman; and (10) any other resident, owner, or tenant of Horizon House.").

In response, defendant Mansfield objected entirely on the grounds of privilege, and further objected on the grounds of relevancy.

However, it is settled law that retainer agreements, invoices, and billing statements are not shielded from discovery by privilege, other than to the extent that they reveal the substance of the legal work performed. The attorney-client privilege, as a matter of law, does not protect information about the date and amount of payments made to an attorney, since that would not reveal specific, substantive communications relating to legal strategy or client communications

David D. Hudgins, Esquire
Robert Draim, Esquire
September 23, 2009
Page 3 of 8

about the substance of the litigation.  See, e.g., Chaudry v. Gallerizzo, 174 F.3d 394, 402 (4th
Cir. 1999) ("Typically, the attorney-client privilege does not extend to billing records and
expense reports," including "information on the identity of the client, the case name for which
payment was made, and the amount of the fee."); In re Grand Jury Proceedings No. 92-4, 42 F.3d
876, 879 n.1 (4th Cir. 1994) ("This circuit has also made it clear that attorney fee record
subpoenas generally do not violate the attorney-client privilege.") (collecting cases).

       Similarly, retainer agreements and related fee arrangements are also not privileged.  See
In re Grand Jury Matter, 926 F.2d 348, 352 (4th Cir. 1991) ("Fee arrangements usually fall
outside the scope of the privilege because such information ordinarily reveals no confidential
professional communication between attorney and client."); In re Marine Energy Systems Corp.,
2006 Bankr. Lexis 1655, at *12 (Bankr. D.S.C. 2006) ("Likewise, retainer agreements are
generally not privileged since they do not reveal anything about the advice sought or given.")
(citing In re Sheffield, 280 B.R. 719, 721 (Bankr. D. Ala. 2001) (collecting cases)).

       Moreover, this information is also relevant, insofar as defendant Mansfield improperly
represented the "Concerned Citizens Group" and/or the dissident members of the Horizon House
Board of Directors (including Adrienne Garretson and her supporters) at the same time as, or
subsequent to, his representation of the entire Horizon House Board of Directors (including
Vondell Carter, Susan Morris, and Greg Weatherman).  As you know, the Circuit Court of
Arlington County held that his dual representation created an irreparable conflict of interest that
required his disqualification.  Here, Mr. Ford has pled that defendant Mansfield's actions in
supporting the "Concerned Citizens Group" and the dissident board members (Ms. Garretson and
others) ultimately resulted in the termination of his employment in violation of Section 1981,
since defendant Mansfield's actions incited those individuals at Horizon House into demanding
that Mr. Ford be removed from his position as Building Manager at Horizon House.

       Thus, the retainer agreements are relevant to showing that defendant Mansfield had a dual
or conflicting representation, which is probative of his motive and intent to discriminate against
Mr. Ford (and to encourage others to do so), and the billing statements are also relevant to show
that defendant Mansfield performed legal services during the relevant time period.

       Therefore, please produce defendant Mansfield's retainer agreements, pursuant to
Document Request No. 5, and his redacted billing statements (which must include the dates on
which legal services were performed, the time spent on each date, and the amount billed for each
date), pursuant to Document Request No. 6, by the close of business on September 24, 2009.

David D. Hudgins, Esquire
Robert Draim, Esquire
September 23, 2009
Page 4 of 8

### III.   The Attorney-Client Privilege Has Been Waived.

In response to nearly all of plaintiff's discovery requests, defendant Mansfield asserted the attorney-client privilege and the work product doctrine as a shield to discovery. However, defendant Mansfield has waived the privilege under either of two theories – selective waiver and the crime-fraud exception. Further, defendant Mansfield failed to produce a privilege log, which constitutes another ground for waiver. Defendant Mansfield must respond, in full, to plaintiff's Interrogatory Nos. 4 to 16, and must respond in full, including producing all documents withheld on the basis of privilege, to plaintiff's Document Request Nos. 7 to 18 and 20.

### A.   Defendant's Failure to Produce a Privilege Log.

Defendant Mansfield's failure to produce a privilege log waives the attorney-client privilege. Rule 26(b)(5)(A), Fed. R. Civ. P., expressly requires the withholding party to "describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Hence, the courts have required the withholding party to produce a privilege log that itemizes each document and communication in order to prove the assertion of the privilege. See, e.g., Hawkins v. Stables, 148 F.3d 379, 383 (4th Cir. 1998) ("The burden of proving that the communication falls under the attorney-client privilege exists rests on the proponent of the privilege."); Rambus, Inc. v. Infineon Technologies AG, 220 F.R.D. 264, 271-73 (E.D. Va. 2004) (discussing requirements for privilege log). Plaintiff's discovery requests, served on July 23, 2009, expressly requested a privilege log. See Pls. Doc. Req. at 2 (Instruction No. 2).

Therefore, please produce a privilege log by the close of business on Friday, September 25, 2009, that specifically identifies all documents that were withheld, and all communications that were not identified in the interrogatory responses for reasons of privilege.

### B.   Defendant's Waiver of Privileges Through Selective Disclosure in Discovery.

Defendant Mansfield has affirmatively waived all privileges through his deliberate and selective disclosure of privileged documents that he produced in an attempt to bolster his defenses. See, e.g., documents Bates-stamped Mansfield 0007-0008 (attorney memoranda, "Attorneys' Fees in Horizon House v. Horizon House Cases" (Jan. 3, 2007) and "Specifications for Calling a Special Meeting, Horizon House Condominium Unit Owners' Association" (Feb. 5, 2007)); Mansfield 1150-1161 (drafts of letter to opposing counsel with Mansfield's annotations and comments, Feb. 15-16, 2006)). Defendant Mansfield also produced numerous emails sent to him, or forwarded to him, by the Horizon House residents who were challenging the incumbent

David D. Hudgins, Esquire
Robert Draim, Esquire
September 23, 2009
Page 5 of 8

board members, which are attorney-client communications.  See, e.g., documents Bates-stamped
Mansfield 1204-1207 (Eric Mucklow email to Mansfield, et al., dated Feb. 24, 2006, asking for
explanation of why Mansfield will have to resign); Mansfield 1212-1213, 1214 (David Faison
and Eric Mucklow emails with Mansfield, et al., dated Jan. 27, 2006, asking about the bylaws
and the incumbent directors).  These multiple disclosures were deliberately and selectively done
in order to gain a tactical advantage in this litigation.

As a matter of law, the deliberate and selective disclosure of a wide range of defendant
Mansfield's communications with the "Concerned Citizens Group," and the challengers to the
incumbent Horizon House Board of Directors, and of his internal attorney work product,
constitutes a subject matter waiver as to all other communications and documents on those and
related topics.  See, e.g., Sheet Metal Workers Int'l Assn. v. Sweeney, 29 F.3d 120, 125 (4th Cir.
1994); United States v. Jones, 696 F.2d 1069, 1072 (4th Cir. 1982) (per curiam) ("Any
disclosure inconsistent with maintaining the confidential nature of the attorney-client relationship
waives the attorney-client privilege."); Rambus, Inc., 220 F.R.D. at 288 ("the Fourth Circuit has
held that voluntary disclosure not only waives the privilege as to the specific information
disclosed, but also waives the privilege as to any other documents pertaining to the same subject
matter of the disclosure") (citing Sheet Metal and Jones).

Moreover, defendant Mansfield is improperly using the attorney-client privilege as both a
sword and a shield through his selective disclosure, which the courts have recognized is a misuse
of the privilege.  See, e.g., Galaxy Computer Services, Inc. v. Baker, 325 B.R. 544, 559 (E.D. Va.
2005) (collecting cases).  As Judge Cacheris explained, this "weight of authority" precludes a
party from using "the attorney-client privilege as both a shield and a sword."  Id.

Hence, subject matter waiver occurs through selective disclosure of privileged documents
to the opposing party in discovery.  Jones, 696 F.2d at 1072 ("Selective disclosure for tactical
purposes waives the privilege."); Rambus, Inc., 220 F.R.D. at 288-89.  Therefore, defendant
Mansfield's affirmative, deliberate, and selective disclosure of numerous attorney-client
communications, and of his attorney work product, waives the attorney-client privilege and the
attorney work product doctrine as to the subject matter of those communications.

C.     The Crime-Fraud Exception to the Attorney-Client Privilege.

Finally, the crime-fraud exception to the attorney-client privilege and the attorney work
product doctrine provides an alternative basis for finding waiver of the privilege.  The Fourth
Circuit has held that "both the attorney-client and work product privileges may be lost, however,
when a client gives information to an attorney for the purpose of committing or furthering a
crime or fraud."  In re Grand Jury Proceedings # 5, 401 F.3d 247, 251 (4th Cir. 2005); accord

David D. Hudgins, Esquire
Robert Draim, Esquire
September 23, 2009
Page 6 of 8

Rambus, Inc., 220 F.R.D. at 280.  As Justice Cardozo stated on behalf of the unanimous Supreme Court:  "The privilege takes flight if the [attorney-client] relation is abused.  A client who consults an attorney for advice that will serve him in the commission of a fraud will have no help from the law.  He must let the truth be told."  United States v. Clark, 289 U.S. 1, 15 (1933).

The crime-fraud exception or exclusion applies not only to actual crimes, but "also applies to tortious conduct."  Flexible Benefits Council v. Feldman, No. 1:08-cv-371 (JCC), 2008 U.S. Dist. Lexis 79226, at *13 (E.D. Va. Oct. 8, 2008).  Here, Mr. Ford is not required to prove the ultimate issue, but only to present enough evidence to show "that the documents [he] seeks to compel involve communications … intended to further a present scheme of fraudulent or tortious acts."  Id. at *16.  Hence, Judge Cacheris stated that the plaintiff's allegation that the defendants violated federal law was a sufficient basis for finding that the crime-fraud exception applied.  Id. at *14-*15; see also Recycling Solutions, Inc. v. District of Columbia, 175 F.R.D. 407, 409 (D.D.C. 1997) (holding that the crime-fraud exception applies because "this court is satisfied that employment of the services of counsel … to facilitate unconstitutional racial or ethnic discrimination is such misconduct") (Jackson, J.).

As Judge Payne recognized, other courts have held that the crime-fraud exception applies to "substantial abuses of the attorney-client relationship."  Rambus, Inc., 220 F.R.D. at 282 (quoting IT&T Corp. v. United Tel. Co. of Fla., 60 F.R.D. 177, 180 (M.D. Fla. 1973)).

Here, defendant Mansfield substantially abused his attorney-client relationship with the incumbent members of the Horizon House Board of Directors (Chairman Vondell Carter and Board members Susan Morris and Greg Weatherman) by using the confidential information that he acquired in that relationship to their detriment, when he subsequently provided legal advice to, and represented the challengers to those three board members (i.e., the "Concerned Citizens Group," along with Adrienne Garretson and her supporters).  The Circuit Court for Arlington County ruled that defendant Mansfield had to be disqualified from any further representation of the latter entity and individuals, arising to the inherent conflict of interest from his dual representation.  Defendant Mansfield also violated federal law – Section 1981 – through his unauthorized acts in inciting the Horizon House residents to terminate Mr. Ford based on defendant Mansfield's false and racially stereotyped statements.

Thus, it was defendant Mansfield's illegal and unethical dual representation that allowed him to incite the "Concerned Citizens Group" and other residents at Horizon House, by making false and racially stereotyped statements about Mr. Ford, thereby resulting in the termination of Mr. Ford's employment as the Building Manager at Horizon House.  This unethical, tortious, and fraudulent conduct by defendant Mansfield has waived the attorney-client privilege and the attorney work product doctrine.

David D. Hudgins, Esquire
Robert Draim, Esquire
September 23, 2009
Page 7 of 8


IV.   **Complaints and Claims Against Defendant.**

Plaintiff also sought all documents relating to complaints and charges filed against defendant Mansfield, limited to those brought by individuals and entities related to Horizon House, Zalco Realty, and MDV Maintenance. See Pls. Doc. Req. No. 21 ("All bar complaints, ethics complaints, malpractice claims or complaints, negligence claims or complaints, and all other professional liability claims or complaints, whether formal or informal, whether or not docketed with a court or agency, that were brought or raised against you and/or Hartsoe, Mansfield & Morgan, PLLC, by any of the following individuals or entities:  (1) Horizon House Condominium Unit Owners Association; (2) Board of Directors of Horizon House Condominium Unit Owners Association; (3) Vondell Carter; (4) David Faison; (5) Bobbie Fisher; (6) Adrienne Garretson; (7) Adam F. (Fred) MacAdam; (8) Susan Morris; (9) Eric Mucklow; (10) Virginia Smith; (11) Gregory Weatherman; (12) any other resident, owner, or tenant of Horizon House; (13) Zalco Realty; and (14) MDV Maintenance.").

Plaintiff knew that at least one resident of Horizon House had recommended to the Board in February 2006 that an ethics charge be filed against defendant Mansfield based on his conduct with respect to Mr. Ford, see MF 0009-0010, so plaintiff sought this discovery from defendant. Further, defendant Mansfield was disqualified by the Circuit Court of Arlington County for his improper, dual representation of the Horizon House Board of Directors and of the challengers to the incumbent majority Board members.  His dual representation led to his making false and racially stereotyped statements about Mr. Ford, resulting in the termination of Mr. Ford's employment as Building Manager at Horizon House.  Hence, discovery of these complaints and ethics charges arising out of defendant Mansfield's legal services relating to Horizon House is relevant to the claims and defenses in this litigation, and defendant Mansfield must supplement his response to Document Request No. 21, without any further delay.

V.   **Defendant's Insurance Coverage.**

Pursuant to Rule 26(a)(1), Fed. R. Civ. P., defendant Mansfield was required to produce "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment."  The courts, in applying this rule (formerly codified as Rule 26(b)(2)), have held that insurance policies are fully discoverable and must be produced, as Judge Merhige held in one of the earliest decisions construing this rule.  See Helms v. Richmond-Petersburg Turnpike Auth., 52 F.R.D. 530, 531 (E.D. Va. 1971) (granting motion to compel, since Rule 26 "covers insurance agreements, and the conditions of relevancy and admissibility are excepted").

David D. Hudgins, Esquire
Robert Draim, Esquire
September 23, 2009
Page 8 of 8

However, defendant Mansfield failed to produce the entire insurance agreement, and must do so without any further delay. It is not sufficient to produce only the signature page, as defendant originally proposed but has not yet done. Instead, the entire insurance agreement must be produced. See, e.g., Henderson v. Zurn Industries, Inc., 131 F.R.D. 560, 563 (S.D. Ind. 1990) ("The rule allows discovery of the … contents of an insurance agreement and is not confined to the policy limits. Thus, defendant's attempt to limit discovery to the policy limits is contrary to the express mandate of the Rule."); see also U.S. Fire Ins. Co. v. Bunge North America, Inc., 244 F.R.D. 638, 641 (D. Kan. 2007) (holding that insurance and reinsurance agreements must be produced, since Rule 26(a)(1)(D) "is absolute, however, and does not require any showing of relevance"); Breon v. Coca-Cola Bottling Co. of New England, 232 F.R.D. 49, 53 (D. Conn. 2005) (holding that under Rule 26, "even in the absence of a request, defendant must allow plaintiff access to its disability claim insurance policy"); Washington v. Thurgood Marshall Academy, 232 F.R.D. 6, 13 (D.D.C. 2005) (ordering production of insurance policy pursuant to Rule 26(a)(1)(D), since "this disclosure requirement exists independent of any discovery request propounded by plaintiff"). Therefore, please produce the entire insurance agreement(s) by the close of business on Thursday, September 24, 2009.

## VI.   Conclusion.

Defendant Mansfield must promptly supplement his responses to plaintiff's Interrogatory Nos. 3 to 16; must respond in full, including producing all documents withheld on the basis of privilege, to plaintiff's Document Request Nos. 2, 5 to 18 and 20 to 21; and must produce his entire insurance agreement(s) and a complete privilege log, without any further delay. We can discuss a schedule for this supplementation, but the retainer agreements, billing statements, insurance agreement(s), and the privilege log can be readily produced this week.

Please advise me, by the close of business on Thursday, September 24, 2009, as to whether defendant Mansfield will comply with his discovery obligations; otherwise, plaintiff will have to file a motion to compel. Thank you for your anticipated cooperation.

Sincerely,

*Alan R. Kabat*

Alan R. Kabat

cc: Mr. Michael Ford

**Exhibit 8**
Plaintiff's Motion to Compel
(Oct. 19, 2009)

R. Draim letter to A. Kabat (Oct. 2, 2009).



# HUDGINS
## L A W   F I R M

515 KING STREET, SUITE 400
ALEXANDRIA, VIRGINIA  22314
(703) 739-3300
FAX (703) 739-3700
*www.hudginslawfirm.com*

**Robert E. Draim**
*e-mail: rdraim@hudginslawfirm.com*
*direct dial: (703) 837-3208*

October 2, 2009

RECEIVED
OCT 0 5 2009

**<u>VIA E-MAIL AND FIRST-CLASS MAIL</u>**
Alan R. Kabat, Esquire
Bernabei & Wachtel, PLLC
1775 T Street, NW
Washington, DC  20009-7124

Re:   <u>Michael Ford v. Zalco Realty, Inc., et al.</u>
      Civil Action No. 1:08cv1318

Dear Mr. Kabat:

We are in receipt of your letters dated September 23 and October 1, 2009.  It is my hope that this letter and the enclosed supplementation will resolve the issues discussed in your correspondences.  Please note that we have also supplemented several of our earlier responses to which you had no objection.

We would like to take this opportunity to respond to the particular issues addressed in your letters.

## I.  Affirmative Defenses

In response to RFP No. 2, all previously produced documents Bates-stamped Mansfield 0001 through 1367 relate to and support Mr. Mansfield's affirmative defenses. We also wish to supplement this response with the enclosed documents Bates-stamped Mansfield 1368 through 1425.

Also, please find the enclosed supplemented answers to interrogatories, which we believe are fully responsive to Mr. Ford's requests, subject to certain continuing objections.

## II.  Retainer Agreements and Invoices

In RFP No. 6, Mr. Ford requested all retainer agreements between Mr. Mansfield and several named individuals and Horizon House, as well as all billing statements for representation by Mr. Mansfield of these same individuals and Horizon House.

601 PENNSYLVANIA AVE., N.W.
SUITE 900, SOUTH BUILDING
WASHINGTON, D.C.  20004

201 N. CHARLES STREET
SUITE 600
BALTIMORE, MARYLAND  21201

Alan R. Kabat, Esquire
October 2, 2009
Page 2

As noted in our supplemental response, there was no such written retainer agreement between Mr. Mansfield (or his law firm) and Horizon House, or any of the named individual residents of Horizon House

Also, please find the enclosed redacted billing statements to Horizon House as Mr. Mansfield's supplemented response to this request for production.   The billing statements are Bates-stamped Mansfield 1417 through Mansfield 1425.   As additional billing statements for the relevant timeframe become available, they will be provided to you (redacted as necessary).

### III. The Attorney-Client Privilege

#### A.   Privilege Log

In accordance with Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure, please find the enclose privilege log detailing the documents withheld from Mr. Mansfield's discovery response.  In return, we ask that Mr. Ford provide a privilege log detailing any documents retained by him due to a claimed privilege.

#### B.   Waiver Issues

In your letter, you pointed to several documents contained in our initial discovery response that you suggest are privileged, and you then contend that all privileged documents should be provided as a result of waiver.   The particular documents were produced as they appeared not to be privileged, as for example, if they were copied or sent to non-resident third parties.

In any event, if you believe that any privileged documents were inadvertently produced, then you should simply return them rather than using their production as a means by which to obtain Horizon House's privileged files.

#### C.   The Crime-Fraud Exception

The crime-fraud exception that you cite in your correspondence is clearly inapplicable. Mr. Ford's claims against Mr. Mansfield are based on federal statute, not on a criminal act or a common law tort.  Moreover, there are simply no allegations or evidence that Mr. Mansfield and Horizon House committed any fraud or criminal conduct.  Indeed, the allegations and evidence fail to show *any* wrongful or actionable conduct on the part of Mr. Mansfield and Mr. Ford reportedly settled his civil claim against Horizon House.

As you cited in your letter, "both the attorney-client and work product privileges may be lost, however, when a client gives information to an attorney for the purposes of committing or furthering a crime or fraud." In re *Grand Jury Proceedings* #5, 401 F.3d 247, 251 (4th Cir. 2005). "The crime-fraud exception excludes communications from the

Alan R. Kabat, Esquire
October 2, 2009
Page 3

attorney-client privilege where a client 'sought the advice of counsel' to commit or further a crime or fraud, and the privileged materials are closely related to the client's existing or future criminal or fraudulent scheme." *The Flexible Benefits Council v. Feldman,* 2008 WL 4572511, 4 (E.D.Va.,2008). As stated in *Feldman,* it is the client who must utilize counsel in the furtherance of a crime or fraud for the crime-fraud exemption to apply. In your letter you state that Mr. Mansfield's "unethical, tortuous, and fraudulent conduct" has waived the attorney-client privilege held by Horizon House. You did not allege that Horizon House's used Mr. Mansfield's representation to further a crime or fraud.

## IV. Complaints and Claims Against Defendant

In RFP No. 21 you request any and all complaints of any type filed against Mr. Mansfield by Horizon House and certain named individuals involved in this action. Mr. Mansfield is currently not in possession of any such documents.

In your letter, you point to a document produced by Mr. Ford in which Bobbie Fisher urges Vondell Carter to file an ethics complaint with the Virginia State Bar. We understand that Mr. Mansfield was not aware of this communication until it was produced during discovery in this matter. Any complaint filed by Mr. Carter was apparently not forwarded by the Virginia State Bar to Mr. Mansfield, presumably because it was found to be meritless. In any event, Virginia State Bar disciplinary proceedings would be confidential and not a proper subject of discovery.

Additionally, in your letter you request the order of the Circuit Court for the City of Arlington disqualifying Mr. Mansfield as counsel for Horizon House in that action. This order is attached and Bates-stamped Mansfield 1370 through 1371.

## V. Defendant's Insurance Coverage

Please find the enclosed policy documents concerning Mr. Mansfield's insurance coverage with Attorneys Liability Protection Society, Inc. Bates-stamped Mansfield 1388 through 1407.

## VI. Depositions

In your letter dated October 1, 2009, you requested to move the deposition of Mr. Mansfield from the agreed upon date of October 27 to October 21, 2009, the date on which we agree to conduct the deposition of Mr. Ford, and you seek to postpone Mr. Ford's deposition by six days to October 27, 2009. We do not agree to this change, or understand why Mr. Ford's prior knee surgery should prohibit him from being deposed three weeks from now. The previously agreed upon deposition schedule should not be changed.

Alan R. Kabat, Esquire
October 2, 2009
Page 4

## VII.    Expert Designations

Also in your letter dated October 1, 2009, you addressed your failure to designate your expert witness in a timely manner. Because this expert will testify to Mr. Ford's mental and emotional state, your ability to designate this expert was not dependant on our discovery responses. Contrary to your contention, we are not "estopped" from objecting to your untimely designation of an expert. Your email on September 14, 2009, i.e. the deadline for designating plaintiff's experts, merely requested time to submit a report, not to identify and designate the expert. Moreover, you erroneously conclude that because we were unable to respond to your request that same day, we are therefore deemed to have consented.

## VIII.   Conclusion

We believe that the enclosed supplemental discovery and the above responses address the concerns raised in your letter. Should additional documents become available, we will of course provide further supplementation.

Sincerely,

Robert E. Draim

Cc: James Mansfield, Esquire

**Exhibit 9**
Plaintiff's Motion to Compel
(Oct. 19, 2009)


Defendant James Mansfield's Supplemental Answers to
Plaintiff's First Set of Interrogatories (Oct. 2, 2009).

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| MICHAEL FORD,<br><br>       Plaintiff,<br><br>       v.<br><br>ZALCO REALTY, INC., *et al.*,<br><br>       Defendants | Civil Action No. 1:08-cv-1318<br>(LO/TRJ) |

### DEFENDANT JAMES MANSFIELD'S SUPPLEMENTAL ANSWERS TO
### PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant James Mansfield, by counsel, subject to and without waiving his objections to the Interrogatories previously served, supplements his previously served responses to Plaintiff's First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

A.    Defendant objects to each Interrogatory to the extent it seeks information protected against disclosure by the attorney client privilege, the work product doctrine or any other privileges or rules of confidentiality.

B.    Defendant objects to Plaintiff's Interrogatories to the extent they purport to impose upon defendant a duty to provide information which is not within Defendant's possession, custody or control.

C.    Defendant objects to the instructions and definitions of Plaintiff's Interrogatories to the extent that they exceed the scope and requirements of the Federal Rules.

D.      Defendant objects to the Interrogatories to the extent they seek information or materials not relevant to the claims and defenses of the parties in this action and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that they are vague, ambiguous, overly broad, unduly burdensome, or oppressive.

E.      Defendant objects to the Interrogatories to the extent they exceed the number of permissible interrogatories including subparts under the Federal Rules.

F.      Defendant reserves the right to supplement these objections and the subsequent responses upon the discovery of additional responsive information.

G.      Nothing herein shall be construed as an admission by Defendant respecting the admissibility or relevance of any fact or document, or as an admission of the truth or accuracy of any characterization, document, or information of any kind sought by the Interrogatories.

H.      These general objections are adopted and incorporated by reference in response to each and every Interrogatory.

## RESPONSES

**INTERROGATORY NO. 1:**      Identify all persons with discoverable information relating to this case, including the claims and defenses, and, for each person named, provide their last known address and describe in detail the subject matter about which the person has knowledge.

**OBJECTION:**      See General Objections above.

**ANSWER:**      Please see Defendant's Objections previously served.  Subject to and without waiving these objections, see the individuals identified in Defendant's Rule

26 Disclosures. As discovery has just begun, Defendant is not aware of the last known

address of these individuals or the subject matter of the knowledge that each may hold.

**SUPPLEMENTAL ANSWER**:     All individuals identified by Plaintiff in his

Rule 26(a)(1) Initial Disclosures;

1.     James Mansfield, Esquire, Hartsoe, Mansfield & Morgan, PLLC

4084 University Drive, Suite 100-A, Fairfax, Virginia 22030; Has knowledge of

his representation of Horizon House, his role in the hiring of Plaintiff, the bylaws,

practices, and procedures of Horizon House, and the issues surrounding the

February 2, 2006 special meeting.

2.     Vondell Carter; 1300 Army Navy Drive, Arlington VA 22202; served as

President of Board of Directors of Horizon House, participated in the hiring of

Plaintiff as property manager.  Has knowledge of the circumstance surrounding

his removal as a Director.  Also has knowledge of the hiring and termination of

Plaintiff.

3.     Susan Morris; 1300 Army Navy Drive, Arlington VA 22202; served on

the Board of Directors of Horizon House, participated in the hiring of Plaintiff as

property manager.  Has knowledge of the circumstance surrounding her removal

as a Director.  Also has knowledge of the hiring and termination of Plaintiff.

4.     Greg Weatherman; 1300 Army Navy Drive, Arlington VA 22202; As a

resident of Horizon House and Board Member at the relevant time period, may

have knowledge as to Plaintiff's employment and the events surrounding the

Board of Directors of Horizon House.  Has knowledge of the circumstance

3

surrounding his removal as a Director.  Also has knowledge of the hiring and termination of Plaintiff.

5.       David Faison; 1300 Army Navy Drive, Arlington VA 22202; As a resident of Horizon House and Board Member at the relevant time period, may have knowledge as to Plaintiff's employment and the events surrounding the Board of Directors of Horizon House.  Also has knowledge of the hiring and termination of Plaintiff.

6.       Arthur Dubin; (address unknown); President of Zalco Realty during the relevant time period.  Has knowledge of Zalco's hiring and firing practices, of Ford's employment with Zalco, and of the participation of the Horizon House Board of Directors in staffing Horizon House.

7.       Michael Constent; (address unknown); property manager for Zalco Realty; Has knowledge of Zalco's hiring and firing practices, of Ford's employment with Zalco, and of the participation of the Horizon House Board of Directors in staffing Horizon House.

8.       Eric Mucklow; 1300 Army Navy Drive, Arlington VA 22202; As a resident of Horizon House at the relevant time period, may have knowledge as to Plaintiff's employment and the events surrounding the Board of Directors of Horizon House.

9.       Paco Martinez-Alvarez; 1300 Army Navy Drive, Arlington VA 22202; As a resident of Horizon House at the relevant time period, may have knowledge as to Plaintiff's employment and the events surrounding the Board of Directors of Horizon House.

10.     Julia Dragun; 1300 Army Navy Drive, Arlington VA 22202; As a resident of Horizon House at the relevant time period, may have knowledge as to Plaintiff's employment and the events surrounding the Board of Directors of Horizon House.

11.     Alexander E. Morgan, Esq., Hartsoe, Mansfield & Morgan, PLLC 4084 University Drive, Suite 100-A, Fairfax, Virginia 22030; An attorney at Defendant's law firm, Mr. Morgan may have knowledge of Defendant's representation of Horizon House.

12.     Robert Hartsoe, Esq., Hartsoe, Mansfield & Morgan, PLLC, 4084 University Drive, Suite 100-A, Fairfax, Virginia 22030; An attorney at Defendant's law firm, Mr. Hartsoe may have knowledge of Defendant's representation of Horizon House.

13.     Ed O'Connell, Esquire; 8133 Leesburg Pike, Vienna, VA 22182; Attorney at Rees, Broome.  May have knowledge of issues surrounding the February 2, 2005 special meeting at Horizon House and the termination of Plaintiff's employment.

14.     Juan Cardenas, Esquire; 8133 Leesburg Pike, Vienna, VA 22182; Attorney at Rees, Broome.  May have knowledge of issues surrounding the February 2, 2005 special meeting at Horizon House and the termination of Plaintiff's employment.

15.     Marie Eckes; 1300 Army Navy Drive, Arlington VA 22202; As a resident of Horizon House at the relevant time period, may have knowledge as to

Plaintiff's employment and the events surrounding the Board of Directors of Horizon House.

16.     Marcia Cash; 1300 Army Navy Drive, Arlington VA 22202; As a resident of Horizon House at the relevant time period, may have knowledge as to Plaintiff's employment and the events surrounding the Board of Directors of Horizon House.

17.     Ghada Abu-rahmeh; 1300 Army Navy Drive, Arlington VA 22202; As a resident of Horizon House at the relevant time period, may have knowledge as to Plaintiff's employment and the events surrounding the Board of Directors of Horizon House.

18.     Margenia King; 1300 Army Navy Drive, Arlington VA 22202; As a resident of Horizon House at the relevant time period, may have knowledge as to Plaintiff's employment and the events surrounding the Board of Directors of Horizon House.

19.     Robert Platt; 1300 Army Navy Drive, Arlington VA 22202; As a resident of Horizon House at the relevant time period, may have knowledge as to Plaintiff's employment and the events surrounding the Board of Directors of Horizon House.

20.     Lenny Conrad; 1300 Army Navy Drive, Arlington VA 22202; As a resident of Horizon House at the relevant time period, may have knowledge as to Plaintiff's employment and the events surrounding the Board of Directors of Horizon House.

21.     Virginia Babin; 1300 Army Navy Drive, Arlington VA 22202; As a resident of Horizon House at the relevant time period, may have knowledge as to Plaintiff's employment and the events surrounding the Board of Directors of Horizon House.

22.     Bonnie Williams; 1300 Army Navy Drive, Arlington VA 22202; As a resident of Horizon House at the relevant time period, may have knowledge as to Plaintiff's employment and the events surrounding the Board of Directors of Horizon House.

23.     Paige McManus; 1300 Army Navy Drive, Arlington VA 22202; As a resident of Horizon House at the relevant time period, may have knowledge as to Plaintiff's employment and the events surrounding the Board of Directors of Horizon House.

24.     Donna Faison; 1300 Army Navy Drive, Arlington VA 22202; As a resident of Horizon House at the relevant time period, may have knowledge as to Plaintiff's employment and the events surrounding the Board of Directors of Horizon House.

25.     Jerry Garner; 1300 Army Navy Drive, Arlington VA 22202; As a resident of Horizon House at the relevant time period, may have knowledge as to Plaintiff's employment and the events surrounding the Board of Directors of Horizon House.

26.     Paula Garner; 1300 Army Navy Drive, Arlington VA 22202; As a resident of Horizon House at the relevant time period, may have knowledge as to

Plaintiff's employment and the events surrounding the Board of Directors of Horizon House.

27.    Stanley Korn; 1300 Army Navy Drive, Arlington VA 22202; As a resident of Horizon House at the relevant time period, may have knowledge as to Plaintiff's employment and the events surrounding the Board of Directors of Horizon House.

28.    Brian Pleasant; 1300 Army Navy Drive, Arlington VA 22202; As a resident of Horizon House at the relevant time period, may have knowledge as to Plaintiff's employment and the events surrounding the Board of Directors of Horizon House.

29.    Della Sarver; 1300 Army Navy Drive, Arlington VA 22202; As a resident of Horizon House at the relevant time period, may have knowledge as to Plaintiff's employment and the events surrounding the Board of Directors of Horizon House.

30.    Michael Sommer; 1300 Army Navy Drive, Arlington VA 22202; As a resident of Horizon House at the relevant time period, may have knowledge as to Plaintiff's employment and the events surrounding the Board of Directors of Horizon House.

31.    Susanne Holt; (address unknown); Vice President at Lerner Corporation; Has knowledge of Ford's employment at Lerner Corporation and the circumstance surrounding him leaving his position at Lerner Corporation.

32.     Martina Hall (address unknown); former employee at Horizon House; may have information regarding the hiring practices of Horizon House, Zalco Realty, and/or MDV Maintenance.

33.     Diane Hall (address unknown); former employee at Horizon House; may have information regarding the hiring practices of Horizon House, Zalco Realty, and/or MDV Maintenance.

34.     Adam MacAdam; 1300 Army Navy Drive, Arlington VA 22202; As a resident of Horizon House at the relevant time period, may have knowledge as to Plaintiff's employment and the events surrounding the Board of Directors of Horizon House.

35.     Shelley Hudson (address unknown); Ms. Hudson was an administrative assistant at Zalco during the relevant time period and may have knowledge as to the hiring and termination of Plaintiff as property manager at Horizon House.

36.     Lynn Mangione (address unknown); Former Resident Manager who replaced Plaintiff as Resident Manager.  Ms. Mangione may have knowledge of the hiring practice of Zalco Realty, MDV Maintenance, and Horizon House. She would also have knowledge concerning her own qualifications.

37.     Judith McNelis; 1300 Army Navy Drive, Arlington VA 22202; Currently serving as resident manager at Horizon House; has knowledge of hiring practices at Horizon House. She would also have knowledge concerning her own qualifications.

38.     Camilla Dye; (address unknown); accused Plaintiff of twice sexually assaulting her when Plaintiff worked in her housing complex. Has knowledge of the circumstances surrounding the alleged sexual assault.

39.     Jay Segar; Discreet Investigations, PO Box 650905, Sterling, VA 20165; private investigator; has knowledge of Plaintiff's criminal history.

40.     Debbie Ribis; Independent Vote Administrator, PO Box 6448, Annapolis, MD 21401. Tallied votes at February 2, 2006 special meeting.

41.     Jason Knaus; (address unknown); was an employee of Defendant who attended Ford's criminal trial and observed the testimony given therein.

42.     Zalco Realty Co.; 8701 Georgia Avenue, Silver Spring, MD 20910; The officers and directors during the relevant time period have knowledge of the hiring and firing practices of Zalco and the circumstances of Plaintiff's employment at Horizon House.

43.     MDV Maintenance; 8701 Georgia Avenue, Silver Spring, MD 20910; The officers and directors during the relevant time period have knowledge of the hiring and firing practices of MDV Maintenance and the circumstances of Plaintiff's employment at Horizon House.

44.     Horizon House Board of Directors, 1300 Army Navy Drive, Arlington, VA 22202; the current and former board members of the Horizon House Condominium Unit Owners Association have knowledge of Plaintiff's employment at Horizon House and the hiring and firing practices of the property management companies who manage Horizon House.

45.    All signatories of the petition to hold the special meeting on February 2, 2006 not previously identified in this disclosure.  All these individuals lived at Horizon House at the time of Plaintiff worked as property managers.  These individuals have knowledge as to the reasons for the special meeting and the participation of Defendant in this event.  See document Bates-stamped Mansfield 0109 through 0121.

i.      Dorothee Arnold

ii.     Patrick Phillips

iii.    Raiomand Manekji

iv.     Rashmi Agarwal

v.      Pasquale Ferucci

vi.     Pat Ferucci

vii.    Stephen Dinos

viii.   Carol Tschudy

ix.     W.C. DeAlba

x.      Parry Ferense

xi.     Sylvia Trembelas

xii.    Rafaela Tovar

xiii.   Gene Lumfler

xiv.    Paul Giuliani

xv.     E. Jane Royle

xvi.    Jack Cox

xvii.   Mary Ann Deitz

xviii.     Helen O'Day

xix.     Wendy Schacht

xx.     Michael Scheuchenzuber

xxi.     Peter Krohn

xxii.     Jens-David McDermott

xxiii.     Joel Hettger

xxiv.     Henry Hettger

xxv.     Frank Carroll

xxvi.     Joseph McLean

xxvii.     Muriel Anderson

xxviii.     Bev Barnhardt

xxix.     Orinda Bashe

xxx.     Bonnie Williams

xxxi.     Diane Bok

xxxii.     Peggy Smrcka

xxxiii.     Eunice Wagner

xxxiv.     Michael Spangler

xxxv.     Nelly Green

xxxvi.     Francisco Martinez-Alvarez

xxxvii.     Joseph Holt

xxxviii.     Lisa Winchester

xxxix.     Jay Weinstein

xl.     Margaret McArdle

xli.     Joseph Doster

xlii.    Kristal Vardaman

xliii.   June Ventura

xliv.    Joseph Fulnecky

xlv.     Kay Fulnecky

xlvi.    Karen Roland

xlvii.   Virginia Craig

xlviii.  Charles Adams Arnold

xlix.    Lora Ruth

l.       Stacey Pleasant

li.      Janet Brown

lii.     Mary Tattock

liii.    Virginia Smith

liv.     Anthony Babin

lv.      Melissa Lynch

lvi.     Kim Kallio

lvii.    Sheri O'Brien

lviii.   Schon Oppert

lix.     Robert Dolehide

lx.      Dagmar Pestak

lxi.     Roger Mene (sp?)

lxii.    Barbara Estridge

lxiii.   Rose Anne Fedorko

lxiv.    R.M. Johnston

lxv.    Jean Driscoll

lxvi.    Wendy Wright

lxvii.    George Colleen

lxviii.    Elizabeth Jean Roos

lxix.    Shane Fedeli

**INTERROGATORY NO. 2:**        Identify all expert witness(es) that defendant intends to utilize in establishing his defense(s) to Plaintiff's Complaint, or in responding to plaintiff's expert witness(es), including the subject matter of their testimony and the basis for their expert opinions.

**OBJECTION:**        Objection.    This    Interrogatory    seeks    information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality.  Further objection is made to the extent this Interrogatory exceeds the scope of permissible discovery under Rule 26 and is vague and ambiguous and overly broad.

**ANSWER:**    Please see Defendant's Objections previously served.  Subject to and without waiving these objections, no determination has been made with regard to expert witnesses.

**SUPPLEMENTAL ANSWER:**        Defendant has not yet made a determination with regard to expert witnesses.  Defendant will supplement this response in accordance with the Rules and the Court's scheduling order.

**INTERROGATORY NO. 3:**     For each of the affirmative defenses you have asserted in the Answer filed on June 25, 2009, identify the factual and legal basis for it, and the evidence or other information that proves or tends to prove the validity of the defense, separately identifying all documents that relate to or memorialize your answer and any person having knowledge of the factual basis for the defenses.

**OBJECTION:**  Objection.  This  Interrogatory  seeks  information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality.  Further objection is made to the extent this Interrogatory is vague and ambiguous, overly broad and unduly burdensome.

**ANSWER:** Please see Defendant's Objections previously served.   This Interrogatory seeks information protected against disclosure by the attorney-client privilege.

**SUPPLEMENTAL ANSWER:**    Defendant asserts the following in support of each of the named affirmative defenses:

First Defense: Plaintiff has failed to allege a viable cause of action for racial discrimination against Defendant, and the evidence will fail to support Plaintiff's claim. For example, Defendant did not engage in discriminatory practices, and Defendant did not control the employment and/or termination of Plaintiff.

Second Defense:  Defendant relies on the EEOC complaint filed by Plaintiff in which Plaintiff alleged that Zalco Realty Co. and MDV Maintenance were his employers, and not Defendant.  In connection with that complaint, Plaintiff received a right to sue letter against Zalco and MDV Maintenance, but not against Defendant.

Third Defense:  Defendant denies that he engaged in discriminatory practices, that Defendant employed Plaintiff, and that Defendant terminated Plaintiff's employment.  As Defendant was in no way responsible for the employment of Plaintiff, Defendant did not owe Plaintiff a duty under 42 U.S.C. § 1981.

Fourth Defense:  To the extent that Plaintiff's claims are premised upon alleged defamatory statements made by Defendant concerning Plaintiff, such claims are time-barred under Va. Code § 8.01-247.1, notwithstanding the Plaintiff seeks to couch such claim as a violation of 42 U.S.C.A. § 1981.

Fifth Defense:  Defendant asserts that he was not the proximate cause of any discrimination alleged by Plaintiff.  In support of this, Defendant asserts that he did not engage in discriminatory practices, that Defendant did not employ Plaintiff, and that Defendant did not terminate Plaintiff's employment.  Moreover, Defendant did not cause any other person or entity to discriminate racially against Plaintiff.

Sixth Defense:  Defendant asserts the statements made by him were not racially motivated and were not based on racial stereotypes.  The January 17, 2006 letter speaks for itself and does not contain any racially discriminatory language.

Seventh Defense:  Defendant asserts that at the time he made the statements which form the basis of the complaint, the statements were true or Defendant believed the statements to be true.  The January 17, 2006 letter speaks for itself and does not contain any racially discriminatory language.

Eighth Defense:  Defendant asserts that Plaintiff did not incur any damages as a result of Defendant racially discriminating against Plaintiff because Defendant did not discriminate against Plaintiff.  Defendant also asserts even if Plaintiff did suffer damages,

such damages were caused his own actions and/or actions of by third-parties outside of Defendant's control.

Ninth Defense:  Defendant asserts that Plaintiff did not incur any damages as a result of Defendant racially discriminating against Plaintiff because Defendant did not discriminate against Plaintiff.  Defendant also asserts even if Plaintiff did suffer damages, such damages were caused by his own actions and/or actions of third-parties outside of Defendant's control.

Tenth Defense:  Defendant asserts the Plaintiff's conduct and criminal record led to the termination of his employment by Zalco Realty, MDV Maintenance, and/or Horizon House.

Eleventh Defense:  Defendant asserts the Plaintiff's conduct and criminal record led to the termination of his employment by Zalco Realty, MDV Maintenance, and/or Horizon House.

Twelfth Defense:  Defendant denies that he engaged in discriminatory practices, that Defendant employed Plaintiff, and that Defendant terminated Plaintiff's employment.

Thirteenth Defense:  Defendant asserts the Plaintiff's conduct and criminal record led to the termination of his employment by Zalco Realty, MDV Maintenance, and/or Horizon House.

Fourteenth Defense:   Defendant denies that he engaged in discriminatory practices, that Defendant employed Plaintiff, and that Defendant terminated Plaintiff's employment.

Fifteenth Defense:  Defendant asserts that Plaintiff's claim for compensatory damages is subject to a statutory cap of $50,000 pursuant to 42 U.S.C.A. § 1981(a)(b).

Sixteenth Defense:  Plaintiff is attempting to assert a time-barred state law defamation action as a purported federal civil rights action.

**INTERROGATORY NO. 4:**      Identify and describe all communications and meetings with and/or between the Defendant and any other person pertaining to any matter alleged in Plaintiff's Complaint, separately identifying all documents that relate to or memorialize your answer and all persons involved in such communications or meetings.

**OBJECTION:**  Objection.   This   Interrogatory   seeks   information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality.  Further objection is made to the extent this Interrogatory is vague and ambiguous, overly broad and unduly burdensome.

**ANSWER:** Please see Defendant's Objections previously served.   This Interrogatory seeks information protected against disclosure by the attorney-client privilege.

**SUPPLEMENTAL ANSWER:**     By way of further response, Defendant was contacted by Vondell Carter by telephone in December 2005 inquiring whether or not there would be any legal implication of hiring a building manager with criminal sexual charges pending against him.  Defendant advised that such a hire could expose Horizon House to potential civil liability.   Carter asked Defendant if there was any way to minimize any liability.  Defendant advised that they wait until the criminal charges were

resolved favorably for the accused before considering hiring him.  Carter advised that Plaintiff could not wait that long and that Carter wanted to hire Plaintiff immediately. Carter advised Defendant to contact Plaintiff's criminal defense attorney, his prior employer, and Plaintiff to confirm that there was no basis for the criminal allegations. Defendant contacted both Plaintiff and his criminal counsel, both of whom confirmed that Plaintiff's defense was that any touching that occurred with the alleged victim was consensual and that Plaintiff never forced himself upon her. When contacted, Plaintiff's prior employer advised Defendant that Plaintiff was not eligible for rehire at that time. Carter subsequently advised that Plaintiff was hired despite the pending criminal charge.

Defendant did not personally meet with the Plaintiff.  Defendant was not provided with Plaintiff's employment application or his resume.  Defendant was initially not even aware of Plaintiff's race and at no time did Plaintiff's race influence or affect Defendant's actions.

At no time during the course of his representation of Horizon House did Defendant have any authority over the hiring or firing decisions of any of the client's employees.

By way of further response, an issue arose as to whether Vondell Carter, Susan Morris, and Greg Weatherman (three of the five board members) were acting as the Association's Board of Directors contrary to law and the Association's governing documents.  A petition was signed by a number of Horizon House residents requesting a special meeting.  A special meeting was thereafter convened at which time membership overwhelmingly voted for the removal of Vondell Carter, Susan Morris, and Greg Weatherman from the Board of Directors and the election of a new seven member board.

Despite the vote, Carter, Morris, and Weatherman refused to acknowledge their removal and suit was filed in Arlington Circuit Court on behalf of the Association. In that action, an injunction was issued prohibiting Carter, Morris, and Weatherman from holding themselves out as Board members or otherwise interfering with the affairs of the Association. This matter was ultimately resolved by an agreed settlement, in which Carter, Morris, and Weatherman agreed to accept the results of the February 2, 2006 election, thus ending their terms as members of the Board.

By way of further response, please refer to the Virginia Code of Professional Responsibility, the Virginia Condominium Act, the Declaration and Bylaws of the Horizon House Condominium Unit Owners Association, and the authority cited in the previously filed motion to dismiss.

See documents Bates-stamped Mansfield 0637 through 0708. The documents include communications between Defendant and residents and members of the Board of Directors of Horizon House, a memorandum from Susan Morris, and postings from the Horizon House Yahoo group message board. See also all documents from the two actions filed in Arlington Circuit Court, as well as other communications produced in Defendant's responses to Plaintiff's Request for Production.

**INTERROGATORY NO. 5:**    Identify all facts, communications, and documents supporting defendant's denial, in Paragraph 22 of Defendant's Answer, as to whether "Mr. Mansfield was not typically responsible for background checks or investigations regarding the hiring of employees at Horizon House."

**OBJECTION:**   Objection.    This   Interrogatory   seeks   information, communications, documents or other material prepared in anticipation of litigation,

protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality. Further objection is made to the extent this Interrogatory is vague and ambiguous, overly broad and unduly burdensome.

**ANSWER:** Please see Defendant's Objections previously served.   This Interrogatory seeks information protected against disclosure by the attorney-client privilege.

**SUPPLEMENTAL ANSWER:**   See Defendant's response to Interrogatory No. 4 as well as the previously served Rule 26 disclosures.  By way of further response, Defendant relies on the past performance of his duties as Horizon House counsel.  As counsel of Horizon House, Defendant only participated in the placement of employees at Horizon House when asked to so by the Board of Directors or when he believed that he was obligated to do so in order to act in the best interests of Horizon House.  Due to Plaintiff's criminal record and the charges pending against him at the time of his hiring, Defendant believed that conducting an investigation into Plaintiff's background was in the best interest of his client, the Horizon House Condominium Unit Owners Association.

**INTERROGATORY NO. 6:**        Identify and describe your communications regarding the hiring of Plaintiff, and the background check of Plaintiff, including but not limited to your communications with Vondell Carter, Michael Constant, William Ray Ford, Lerner Enterprises, Susann Holt, and Maurice Smets, as referenced in Paragraphs 22-23 and 26-29 of Plaintiff's Complaint and Defendant's Answer.

**OBJECTION:** Objection.     This Interrogatory seeks information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other

applicable claim of privilege or confidentiality. Further objection is made to the extent this Interrogatory is vague and ambiguous, overly broad and unduly burdensome.

**ANSWER:** Please see Defendant's Objections previously served. This Interrogatory seeks information protected against disclosure by the attorney-client privilege.

**SUPPLEMENTAL ANSWER:**   See Defendant's response to Interrogatory No. 4 as well as the previously served Rule 26 disclosures. By way of further response, Defendant had several conversations with Vondell Carter concerning the hiring of Plaintiff. Defendant also discussed the matter with the other members of the Board of Directors. Defendant commissioned Discreet Investigations to conduct a criminal background check on Plaintiff.

**INTERROGATORY NO. 7:**   Identify all facts, communications, and documents supporting defendant's denial, in Paragraph 29 of Defendant's Answer, as to whether "Because Horizon House would be responsible for the cost of the polygraph test, Mr. Mansfield decided not to conduct the test."

**OBJECTION:** Objection. This Interrogatory seeks information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality. Further objection is made to the extent this Interrogatory is vague and ambiguous, overly broad and unduly burdensome.

**ANSWER:** Please see Defendant's Objections previously served. This Interrogatory seeks information protected against disclosure by the attorney-client privilege.

**SUPPLEMENTAL ANSWER:**   See Defendant's response to Interrogatory No. 4 as well as the previously served Rule 26 disclosures.

**INTERROGATORY NO. 8:**   Identify all facts, communications, and documents supporting defendant's denial, in Paragraph 50 of Defendant's Answer, as to whether "At no time did defendants Horizon House, Zalco, MDV Maintenance, or Mansfield investigate the death threat against Mr. Ford and his family, or take appropriate corrective action, even though Mr. Carter requested that they do so."

**OBJECTION:**   Objection.   This   Interrogatory   seeks   information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality. Further objection is made to the extent this Interrogatory is vague and ambiguous, overly broad and unduly burdensome.

**ANSWER:** Please see Defendant's Objections previously served.   This Interrogatory seeks information protected against disclosure by the attorney-client privilege.

**SUPPLEMENTAL ANSWER:**   See Defendant's response to Interrogatory No. 4 as well as the previously served Rule 26 disclosures.

By way of further response, Defendant was not informed of the alleged death threat against Plaintiff until January 2006. Defendant was never instructed to investigate or otherwise take any action in regard to the alleged death threat received by Plaintiff. Defendant was under no duty to independently investigate the alleged death threat received by Plaintiff.   Defendant learned that the Arlington Police Department investigated the matter and that no charges were ultimately filed.

23

Defendant has no knowledge as to what, if any, investigation was conducted by Horizon House, Zalco, or MDV Maintenance into the alleged death threat received by Plaintiff.

**INTERROGATORY NO. 9:**        Identify all facts, communications and documents supporting or relating to each of the statements about Mr. Ford that Defendant made in the letter from Defendant to Vondell Carter, dated January 17, 2006 (a copy of which is attached hereto as Exhibit A), as referenced in Paragraph 58 of Plaintiff's Complaint and Defendant's Answer, including the identity of the person(s) who authorized you to make those statements, and the person to whom those statements were made.

**OBJECTION:**   Objection.     This     Interrogatory     seeks     information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality. Further objection is made to the extent this Interrogatory is vague and ambiguous, overly broad and unduly burdensome.

**ANSWER:** Please see Defendant's Objections previously served.   This Interrogatory seeks information protected against disclosure by the attorney-client privilege.

**SUPPLEMENTAL ANSWER:**   See Defendant's response to Interrogatory No. 4 as well as the previously served Rule 26 disclosures.

By way of further response, the letter speaks for itself and accurately states or summarizes the events described. Defendant was authorized to draft and send the letter by virtue of his status as counsel for Horizon House. The letter was sent to the

24

individuals identified as addressees in the letter. Defendant denies disseminating the letter to other individuals.

By way of further response, please refer to the Virginia Code of Professional Responsibility, the Virginia Condominium Act, the Declaration and Bylaws of the Horizon House Condominium Unit Owners Association, and the authority cited in the previously filed motion to dismiss.

Additionally, please refer to Plaintiff's personnel files with his prior employers, including Lerner Enterprises, Zalco, MDV Maintenance, and Horizon House; his military record; any and all EEOC complaints filed by Plaintiff; Plaintiff's criminal record, including but not limited to victim statements, police investigations, and any criminal charged filed against him.

**INTERROGATORY NO. 10:**    Identify all facts, communications, and documents supporting defendant's denial, in Paragraph 59 of Defendant's Answer, as to whether "defendant Mansfield defended defendant Mucklow's use of the official Horizon House website for this purpose."

**OBJECTION:**    Objection.    This    Interrogatory    seeks    information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality. Further objection is made to the extent this Interrogatory is vague and ambiguous, overly broad and unduly burdensome.

**ANSWER:** Please see Defendant's Objections previously served. This Interrogatory seeks information protected against disclosure by the attorney-client privilege.

**SUPPLEMENTAL ANSWER:**   See Defendant's response to Interrogatory No. 4 as well as the previously served Rule 26 disclosures.

By way of further response, Defendant denies that he could have taken any corrective action that would have ended the dissemination of this privileged communication by other individuals.

By way of further response, please refer to the Virginia Code of Professional Responsibility, the Virginia Condominium Act, the Declaration and Bylaws of the Horizon House Condominium Unit Owners Association, and the authority cited in the previously filed motion to dismiss.

**INTERROGATORY NO. 11:**   Identify all facts, communications, and documents supporting defendant's denial, in Paragraph 60 of Defendant's Answer, as to whether "On January 18, 2006, Mr. Carter, Ms. Morris, and Ms. Weatherman fired defendant Mansfield and hired Juan Cadenas, Esquire and William Daly, Esquire, of Rees, Broome & Diaz, P.C., to represent the Horizon House Board."

**OBJECTION:**   Objection.   This   Interrogatory   seeks   information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality. Further objection is made to the extent this Interrogatory is vague and ambiguous, overly broad and unduly burdensome.

**ANSWER:** Please see Defendant's Objections previously served.   This Interrogatory seeks information protected against disclosure by the attorney-client privilege.

**SUPPLEMENTAL ANSWER:**    See Defendant's response to Interrogatory No. 4 as well as the previously served Rule 26 disclosures.

By way of further disclosure, on January 18, 2006 Vondell Carter notified Defendant via letter that he was terminated as counsel for Horizon House. See, Mansfield 1202. This letter only stated that Defendant was terminated. It did not detail the reasoning behind the attempted termination. Defendant did not believe that the vote to terminate him as counsel was done in accordance with the Horizon House by-laws. Defendant responded to Carter via letter on January 20, 2006 informing Carter of this belief.

By way of further response, please refer to the Virginia Code of Professional Responsibility, the Virginia Condominium Act, the Declaration and Bylaws of the Horizon House Condominium Unit Owners Association, and the authority cited in the previously filed motion to dismiss.

See also documents Bates-stamped Mansfield 1055 through 1227.

**INTERROGATORY NO. 12:**    Identify all facts, communications, and documents supporting defendant's denial, in Paragraph 60 of Defendant's Answer, as to whether "Defendant Mansfield was fired because he was disqualified from representing Horizon House owing to his conflict of interest in having made false allegations about Mr. Ford, which meant that defendant Mansfield was a principal, not merely an outside attorney."

**OBJECTION:**    Objection.    This Interrogatory seeks information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other

applicable claim of privilege or confidentiality.  Further objection is made to the extent this Interrogatory is vague and ambiguous, overly broad and unduly burdensome.

**ANSWER:** Please see Defendant's Objections previously served.  This Interrogatory seeks information protected against disclosure by the attorney-client privilege.

**SUPPLEMENTAL ANSWER:**   See Defendant's response to Interrogatory No. 4 as well as the previously served Rule 26 disclosures.

By way of further response, the Arlington Circuit Court did not make any findings that Defendant had made false allegations about Plaintiff or that Defendant had committed any conflict of interest.  Rather, the Court apparently ruled that Defendant could not represent Horizon House in that particular action against Carter, Morris, and Weatherman on the ground that Defendant might be a material witness to the subject of the suit.  A copy of the Court order is at Mansfield 1370 and 1371.

By way of further response, please refer to the Virginia Code of Professional Responsibility, the Virginia Condominium Act, the Declaration and Bylaws of the Horizon House Condominium Unit Owners Association, and the authority cited in the previously filed motion to dismiss.

Further, to the extent not already produced, please refer to the pleadings of both matters which are a matter of public records.  See documents Bates-stamped Mansfield 0001 through 0633, Mansfield 1055 through 1227, and Mansfield 1368 through 1371.

**INTERROGATORY NO. 13:**   Identify all facts, communications, and documents supporting defendant's denial, in Paragraph 61 of Defendant's Answer, as to whether "Defendant Mansfield's letter [Exhibit A] contained false and defamatory

statements about Mr. Ford, and statements that were based on racial stereotypes about African Americans."

**OBJECTION:**   Objection.   This   Interrogatory   seeks   information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality.   Further objection is made to this Interrogatory to the extent it seeks a legal conclusion and is premature under Rule 33(c). This Interrogatory is also objectionable to the extent it is vague and ambiguous, overly broad and unduly burdensome.

**ANSWER:** Please see Defendant's Objections previously served.   This Interrogatory seeks information protected against disclosure by the attorney-client privilege.

**SUPPLEMENTAL ANSWER:**   See Defendant's response to Interrogatory No. 4 as well as the previously served Rule 26 disclosures.

By way of further response, the letter speaks for itself and accurately states or summarizes the events described.  Defendant was authorized to draft and send the letter by virtue of his status as counsel for Horizon House.   The letter was sent to the individuals identified as addressees in the letter.  Defendant denies disseminating the letter to other individuals.

By way of further response, please refer to the Virginia Code of Professional Responsibility, the Virginia Condominium Act, the Declaration and Bylaws of the Horizon House Condominium Unit Owners Association, and the authority cited in the previously filed motion to dismiss.

Additionally, please refer to Plaintiff's personnel files with his prior employers, including Lerner Enterprises, Zalco, MDV Maintenance, and Horizon House; his military record; any and all EEOC complaints filed by Plaintiff; Plaintiff's criminal record, including but not limited to victim statements, police investigations, and any criminal charged filed against him.

**INTERROGATORY NO. 14:**        Identify all facts, communications and documents supporting or relating to each of the statements that Defendant made about Mr. Ford at the meetings held at Horizon House on or around January 19, 2006, and on or around February 2, 2006, as referenced in Paragraphs 62-64 and 73 of Plaintiff's Complaint and Defendant's Answer, including but not limited to the statements that: (1) Mr. Ford had "admitted wrongdoing;" (2) Mr. Ford was a "rapist;" (3) Mr. Ford had defended his actions by claiming that he had consensual sex with his accuser; and (4) Mr. Ford had refused to take a polygraph test; including the identity of the person(s) who authorized you to make those statements, and the persons to whom those statements were made.

**OBJECTION:**   Objection.     This   Interrogatory   seeks   information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality.   Further objection is made to this Interrogatory to the extent it is compound in nature and presupposes that Mr. Mansfield made such statements. This Interrogatory is also objectionable to the extent it is vague and ambiguous, overly broad and unduly burdensome.

**ANSWER:** Please see Defendant's Objections previously served.   This Interrogatory seeks information protected against disclosure by the attorney-client privilege.

**SUPPLEMENTAL ANSWER:**   See Defendant's response to Interrogatory Nos. 1 through 4 as well as the previously served Rule 26 disclosures.

By way of further response, Defendant spoke with Plaintiff and with Plaintiff's former employer, Lerner Corporation, in November and/or December 2005.   Both Plaintiff and his former employer discussed the pending criminal charges against Plaintiff with Defendant. Plaintiff informed Defendant that he left his position due to having sexual contact with a resident.   A representative from Lerner Corporation informed Defendant that Plaintiff was not eligible for rehire.

Horizon House asked Defendant to submit to a polygraph test.   Plaintiff told Defendant that he would took a polygraph test, but that he would not pay for it. Ultimately, Horizon House decided not to ask Plaintiff to submit to a polygraph test.

Defendant attended meetings at Horizon House on January 19, 2006 and February 2, 2006, but Defendant did not state that Plaintiff was a "rapist" or that he had committed any criminal act.   Defendant correctly stated that at that time criminal charges were pending against Plaintiff.   Defendant correctly stated at one or both of the meetings that Plaintiff admitted to twice having had sexual relations with a resident of the building at which plaintiff was formerly resident manager, and that Plaintiff contended that the sexual relations were consensual.   Defendant also correctly stated at one or both of the meetings that criminal charges were pending against Plaintiff and that Plaintiff faced a possible conviction on those charges.

By way of further response, please refer to the Virginia Code of Professional Responsibility, the Virginia Condominium Act, the Declaration and Bylaws of the Horizon House Condominium Unit Owners Association, and the authority cited in the previously filed motion to dismiss.

Additionally, please refer to Plaintiff's personnel files with his prior employers, including Lerner Enterprises, Zalco, MDV Maintenance, and Horizon House; his military record; any and all EEOC complaints filed by Plaintiff; Plaintiff's criminal record, including but not limited to victim statements, police investigations, and any criminal charged filed against him.

See documents Bates-stamped Mansfield 1271 through 1367.

**INTERROGATORY NO. 15:**    Identify all facts, communications, and documents supporting defendant's denial, in Paragraph 72 of Defendant's Answer, as to whether "Defendant Mansfield was present at the courthouse during Mr. Ford's [January 25, 2006] trial.  Mr. Mansfield's law partner, Mr. Hartsoe, was also present in the courtroom during the trial, so that both individuals knew that the outcome of the case was in Mr. Ford's favor."

**OBJECTION:** Objection. This Interrogatory seeks information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality.  Further objection is made to the extent this Interrogatory is vague and ambiguous, overly broad and unduly burdensome.

**ANSWER:** Please see Defendant's Objections previously served. This Interrogatory seeks information protected against disclosure by the attorney-client privilege.

**SUPPLEMENTAL ANSWER:** See Defendant's response to Interrogatory No. 4 as well as the previously served Rule 26 disclosures.

By way of further response, both Defendant's and Mr. Hartsoe's calendars reflect that they were otherwise engaged. Neither Defendant nor Mr. Hartsoe attended Plaintiff's criminal trial. Defendant arranged to have a paralegal present during the event. Defendant and Mr. Hartsoe learned from the paralegal the outcome of the trial.

By way of further response, please refer to the Virginia Code of Professional Responsibility, the Virginia Condominium Act, the Declaration and Bylaws of the Horizon House Condominium Unit Owners Association, and the authority cited in the previously filed motion to dismiss.

**INTERROGATORY NO. 16:** If it is your contention that there was no conflict of interest arising from your representation of one or more parties in the actions captioned Horizon House Condominium Unit Owners Association v. Vondell Carter, et al., No. 06-200 (Circuit Court for the County of Arlington) and The Board of Directors of Horizon House Condominium Unit Owners Association v. Adrienne Garretson, et al., No. 06-225 (Circuit Court for the County of Arlington), then identify all facts, communications, and documents supporting or relating to that contention.

**OBJECTION:** Objection. This Interrogatory seeks information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other

applicable claim of privilege or confidentiality.  Further objection is made to the extent this Interrogatory seeks information or materials not relevant to the claims and defenses of the parties in this matter and not reasonably calculated to lead to the discovery of admissible evidence. This Interrogatory is also objectionable to the extent it is vague and ambiguous, overly broad and unduly burdensome.

**ANSWER:** Please see Defendant's Objections previously served.   This Interrogatory seeks information protected against disclosure by the attorney-client privilege.

**SUPPLEMENTAL ANSWER:**   See Defendant's response to Interrogatory No. 4 as well as the previously served Rule 26 disclosures.

By way of further response, the Arlington Circuit Court did not make any findings that Defendant had made false allegations about Plaintiff or that Defendant had committed any conflict of interest.  Rather the Court ruled that Defendant should not represent Horizon House in that particular action against Carter, Morris, and Weatherman on the ground that Defendant might be a material witness to the subject of the suit.  A copy of the Court order is at Mansfield 1370 and 1371.

By way of further response, please refer to the Virginia Code of Professional Responsibility, the Virginia Condominium Act, the Declaration and Bylaws of the Horizon House Condominium Unit Owners Association, and the authority cited in the previously filed motion to dismiss.

Further, to the extent not already produced, please refer to the pleadings of both matters which are a matter of public records.  See documents Bates-stamped Mansfield 0001 through 0633.

**JAMES MANSFIELD**

By:      /s/ Robert E. Draim
         Counsel

David D. Hudgins, Esquire (VSB #20602)
Robert E. Draim, Esquire (VSB #18635)
HUDGINS LAW FIRM
515 King Street, Suite 400
Alexandria, Virginia  22314
(703) 739-3300
(703) 739-3700 (facsimile)
*Counsel for James Mansfield*

By _(signature)_
James Mansfield

CITY/COUNTY OF FAIRFAX )
COMMONWEALTH OF VIRGINIA )

   Before me, the undersigned, appeared the person whose signature appears and who stated to me under oath that he is competent to testify to the facts and that they are true and correct to the best of his personal knowledge, information and belief.

   Subscribed and sworn to me this ___1___ day of __October__ _____, 2009.

_(signature)_
Notary Public

My Commission Expires: __10|31|2011__

Fawzia Heeres
Notary Public
Commonwealth of Virginia
Commission No. 335427
My Commission Expires 10/31/2011

36

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the foregoing was forwarded via e-mail and U.S. Mail this 2nd day of October 2009 to:

Alan R. Kabat, Esquire
Bernabei & Wachtel, PLLC
1775 T Street, NW
Washington, DC  20009-7124


　　　　　　　　　　　　　　　　 /s/ Robert E Draim
　　　　　　　　　　　　　　　　Counsel

**Exhibit 10**
Plaintiff's Motion to Compel
(Oct. 19, 2009)


Defendant James Mansfield's Supplemented Responses to
Plaintiff's First Set of Requests for Production of Documents (Oct. 2, 2009).

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

|  |  |  |
|---|---|---|
| MICHAEL FORD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:08-cv-1318 |
| | ) | (LO/TRJ) |
| | ) | |
| ZALCO REALTY, INC., *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

## DEFENDANT JAMES MANSFIELD'S SUPPLEMENTED RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant James Mansfield, by counsel, subject to and without waiving his objections to the Requests previously served, supplements his response to Plaintiff's First Set of Requests for Production of Documents as follows:

### GENERAL OBJECTIONS

A.      Defendant objects to each Request to the extent it seeks information protected against disclosure by the attorney client privilege, the work product doctrine or any other privileges or rules of confidentiality.

B.      Defendant objects to Plaintiff's Requests to the extent they purport to impose upon Defendant a duty to provide information which is not within Defendant's possession, custody or control.

C.      Defendant objects to the instructions and definitions of Plaintiff's Requests to the extent that they exceed the scope and requirements of the Federal Rules.

1

D.      Defendant objects to the Requests to the extent they seek information or materials not relevant to the claims and defenses of the parties in this action and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that they are vague, ambiguous, overly broad, unduly burdensome, or oppressive.

E.      Defendant objects to Plaintiff's Requests to the extent they request information that is a matter of public record or is otherwise as equally accessible to Plaintiff as it is to Defendant.

F.      Defendant objects to Plaintiff's Requests to the extent they purport to impose upon Defendant a duty to provide information which is not within Defendant's possession, custody or control.

G.      Defendant reserves the right to supplement these objections and the subsequent responses upon the discovery of additional responsive information.

H.      Nothing herein shall be construed as an admission by Defendant respecting the admissibility or relevance of any fact or document, or as an admission of the truth or accuracy of any characterization, document, or information of any kind sought by the Requests.

I.      These general objections are adopted and incorporated by reference in response to each and every Request.

## RESPONSES

**REQUEST NO. 1:**     All documents identified in, referred to in preparation for, Defendant's Responses to Plaintiff's First Set of Interrogatories.

**OBJECTION:**      See General Objections above.

2

**RESPONSE:**        Please see Defendant's Objections previously served.  This Request seeks information protected against disclosure by the attorney-client privilege. Subject to and without waiving these objections, Defendant responds that to the extent that such documents exist, are under the control of Defendant, and are not otherwise protected by any privilege, they will be made available for inspection and copying at a time and place convenient to the parties.

**SUPPLEMENTAL RESPONSE:**   See documents Bates-stamped Mansfield 0001 through 1425.

**REQUEST NO. 2:**    All documents relating to or supporting any of the Defenses set forth in the Defendant's Answer.

**OBJECTION:** Objection.   This Request seeks information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality. Further objection is made to the extent this Request is vague and ambiguous, overly broad and unduly burdensome.

**RESPONSE:** Please see Defendant's Objections previously served.  This Request seeks information protected against disclosure by the attorney-client privilege.  Subject to and without waiving these objections, Defendant responds that to the extent that such documents exist, are under the control of Defendant, and are not otherwise protected by any privilege, they will be made available for inspection and copying at a time and place convenient to the parties.

**SUPPLEMENTAL RESPONSE:**   See documents Bates-stamped Mansfield 0001 through 1425.

3

**REQUEST NO. 3:**   All documents, including court filings and correspondence, relating to or concerning the case captioned <u>Horizon House Condominium Unit Owners Association v. Vondell Carter, *et al.*,</u> No. 06-200 (Circuit Court for the County of Arlington), including any appeal thereto.

**OBJECTION:** Objection.   This Request seeks information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality.  Further objection is made to the extent this Request is vague and ambiguous, overly broad and unduly burdensome and seeks information or materials not relevant to the claims and defenses of the parties in this matter and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant also objects to the extent the Request seeks documents of public record, which are equally accessible to Plaintiff.

**RESPONSE:** Please see Defendant's Objections previously served.  This Request seeks information protected against disclosure by the attorney-client privilege.  Subject to and without waiving these objections, Defendant responds that to the extent that such documents exist, are under the control of Defendant, and are not otherwise protected by any privilege, they will be made available for inspection and copying at a time and place convenient to the parties.

**SUPPLEMENTAL RESPONSE:**   See documents Bates-stamped Mansfield 0001 through 0633, 1368 through 1387.

**REQUEST NO. 4:**   All documents, including court filings and correspondence, relating to or concerning the case captioned <u>The Board of Directors of Horizon House</u>

4

Condominium Unit Owners Association v. Adrienne Garretson, *et al.*, No. 06-225 (Circuit Court for the County of Arlington), including any appeal thereto.

**OBJECTION:** Objection.  This Request seeks information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality. Further objection is made to the extent this Request is vague and ambiguous, overly broad and unduly burdensome and seeks information or materials not relevant to the claims and defenses of the parties in this matter and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to the extent the Request seeks documents of public record, which are equally accessible to Plaintiff.

**RESPONSE:** Please see Defendant's Objections previously served. This Request seeks information protected against disclosure by the attorney-client privilege. Subject to and without waiving these objections, Defendant responds that to the extent that such documents exist, are under the control of Defendant, and are not otherwise protected by any privilege, they will be made available for inspection and copying at a time and place convenient to the parties.

**SUPPLEMENTAL RESPONSE:**   See documents Bates-stamped Mansfield 0001 through 0633 and 1368 through 1387.

**REQUEST NO. 5:**   Your retainer agreement(s), and retainer agreement(s) of Hartsoe, Mansfield & Morgan, PLLC, with Horizon House and any of its directors, officers, members, or residents, including but not limited to (1) Horizon House Condominium Unit Owners Association; (2) Board of Directors of Horizon House

Condominium Unit Owners Association; (3) Vondell Carter; (4) David Faison; (5) Adrienne Garretson; (6) Susan Morris; (7) Eric Mucklow; (8) Virginia Smith; (9) Gregory Weatherman; and (10) any other resident, owner, or tenant of Horizon House.

**OBJECTION:** Objection.  This Request seeks information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality.  Further objection is made to the extent this Request seeks information or materials not relevant to the claims and defenses of the parties in this matter and not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:** Please see Defendant's Objections previously served.  This Request seeks information protected against disclosure by the attorney-client privilege.  Subject to and without waiving these objections, Defendant responds that to the extent that such documents exist, are under the control of Defendant, and are not otherwise protected by any privilege, they will be made available for inspection and copying at a time and place convenient to the parties.

**SUPPLEMENTAL RESPONSE:**   There was no formal written retainer agreement.  However, please see documents Bates-stamped Mansfield 0634 through 0636, which contain a re-affirmation of Horizon House's retention of Defendant as counsel.

**REQUEST NO. 6:**   All invoices, fee statements, fee realization sheets, and related billing documentation for all legal services provided by you and by any other attorney or staff at Hartsoe, Mansfield & Morgan, PLLC, to Horizon House and any of its directors, officers, members, or residents, for the period of January 1, 2005 through the

present, including but not limited to (1) Horizon House Condominium Unit Owners Association; (2) Board of Directors of Horizon House Condominium Unit Owners Association; (3) Vondell Carter; (4) David Faison; (5) Adrienne Garretson; (6) Susan Morris; (7) Eric Mucklow; (8) Virginia Smith; (9) Gregory Weatherman; and (10) any other resident, owner, or tenant of Horizon House.

**OBJECTION:** Objection. This Request seeks information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality. Further objection is made to the extent this Request seeks information or materials not relevant to the claims and defenses of the parties in this matter and not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:** Please see Defendant's Objections previously served. This Request seeks information protected against disclosure by the attorney-client privilege. Subject to and without waiving these objections, Defendant responds that to the extent that such documents exist, are under the control of Defendant, and are not otherwise protected by any privilege, they will be made available for inspection and copying at a time and place convenient to the parties.

**SUPPLEMENTAL RESPONSE:** See documents Bates-stamped Mansfield 1417 through 1425. Additional billing statements will be provided as they become available.

**REQUEST NO. 7:** All documents reflecting or memorializing communications you had with or about any of the following individuals and entities (who are also

identified in Plaintiff's Complaint), relating in any way to any of the claims or defenses in this litigation:

1.      Plaintiff Michael Ford;

2.      Horizon House;

3.      Horizon House Condominium Unit Owners Association;

4.      Board of Directors of Horizon House Condominium Unit Owners Association;

5.      Zalco Realty, Inc.;

6.      MDV Maintenance, Inc.;

7.      Lerner Enterprises a/k/a Lerner Corporation;

8.      the "Concerned Citizens Group" at Horizon House;

9.      Juan Cadenas, Esquire;

10.     Vondell Carter;

11.     Michael Constant;

12.     William P. Daly, Jr., Esquire;

13.     Arthur Dubin;

14.     David Faison;

15.     Bobbie Fisher;

16.     William Ray Ford, Esquire;

17.     Adrienne Garretson;

18.     Susann Holt;

19.     Adam F. (Fred) MacAdam;

20.     Susan Morris;

21.     Eric Mucklow;

22.     Jennifer O'Keefe;

23.     Maurice Smets;

24.     Virginia Smith; and

25.     Gregory Weatherman.

**OBJECTION:** Objection.  This Request seeks information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality.  Further objection is made to the extent this Request is compound in nature and vague and ambiguous, overly broad and unduly burdensome.

**RESPONSE:** Please see Defendant's Objections previously served.  This Request seeks information protected against disclosure by the attorney-client privilege.  Subject to and without waiving these objections, Defendant responds that to the extent that such documents exist, are under the control of Defendant, and are not otherwise protected by any privilege, they will be made available for inspection and copying at a time and place convenient to the parties.

**SUPPLEMENTAL RESPONSE:**   See documents Bates-stamped Mansfield 0637 through 0708.

**REQUEST NO. 8:**   Your communications regarding the hiring of Plaintiff, and the background check of Plaintiff, including but not limited to your communications with Vondell Carter, Michael Constant, William Ray Ford, Lerner Enterprises, Susann Holt, and Maurice Smets, as referenced in Paragraphs 22-23 and 26-29 of Plaintiff's Complaint and Defendant's Answer.

**OBJECTION:**      Objection.      This      Request      seeks      information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality.  Further objection is made to the extent this Request presupposes that these communications occurred.

**RESPONSE:** Please see Defendant's Objections previously served.  This Request seeks information protected against disclosure by the attorney-client privilege.  Subject to and without waiving these objections, Defendant responds that to the extent that such documents exist, are under the control of Defendant, and are not otherwise protected by any privilege, they will be made available for inspection and copying at a time and place convenient to the parties.

**SUPPLEMENTAL RESPONSE:**   See documents Bates-stamped Mansfield 0709 through 1033.

**REQUEST NO. 9:**   All  investigations  and  background  checks  that  you conducted, reviewed, initiated, or participated in, relating to the hiring, promotion, or termination of any employee at Horizon House, Zalco Realty, and/or MDV Maintenance, from 2000 to the present, and all policies and practices governing those investigations and background checks, as referenced in Paragraph 22 of Plaintiff's Complaint and Defendant's Answer.

**OBJECTION:** Objection.  This Request seeks information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality.  Further objection is made to the extent this Request is vague

and ambiguous, overly broad, unduly burdensome and seeks information or materials not relevant to the claims and defenses of the parties in this matter and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to the extent the requested information may not be within Defendant's possession, custody or control.

**RESPONSE:** Please see Defendant's Objections previously served. This Request seeks information protected against disclosure by the attorney-client privilege. Subject to and without waiving these objections, Defendant responds that to the extent that such documents exist, are under the control of Defendant, and are not otherwise protected by any privilege, they will be made available for inspection and copying at a time and place convenient to the parties.

**SUPPLEMENTAL RESPONSE:**   See documents Bates-stamped Mansfield 0709 through 1033.

**REQUEST NO. 10:**  All investigations that you conducted, reviewed, initiated, or participated in, regarding the death threat against Mr. Ford and his family, on or around December 24, 2005, and all corrective actions that you took, as referenced in Paragraph 50 of Plaintiff's Complaint and Defendant's Answer.

**OBJECTION:** Objection.  This Request seeks information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality. Further objection is made to the extent this Request is vague and ambiguous, overly broad and unduly burdensome.

**RESPONSE:** Please see Defendant's Objections previously served. This Request seeks information protected against disclosure by the attorney-client privilege. Subject to and without waiving these objections, Defendant responds that to the extent that such documents exist, are under the control of Defendant, and are not otherwise protected by any privilege, they will be made available for inspection and copying at a time and place convenient to the parties.

**SUPPLEMENTAL RESPONSE:**   See documents Bates-stamped Mansfield 0709 through 1033.

**REQUEST NO. 11:** The January 17, 2006 letter that you wrote to the Board Members of Horizon House's board, including all drafts of, and comments on, that letter, and all subsequent disseminations of that letter, including but not limited to those sent on January 19, 2006, January 20, 2006, January 21, 2006, and January 24, 2006, as referenced in Paragraphs 58, 59, 61, 65, 68, and 70 of Plaintiff's Complaint and Defendant's Answer.

**OBJECTION:** Objection. This Request seeks information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality. Further objection is made to the extent this Request presupposes that this letter was sent by Defendant on subsequent dates. Defendant further objects on the basis that this Request seeks information or materials not relevant to the claims and defenses of the parties in this matter and not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:** Please see Defendant's Objections previously served. This Request seeks information protected against disclosure by the attorney-client privilege. Subject to and without waiving these objections, Defendant responds that to the extent that such documents exist, are under the control of Defendant, and are not otherwise protected by any privilege, they will be made available for inspection and copying at a time and place convenient to the parties.

**SUPPLEMENTAL RESPONSE:** See documents Bates-stamped Mansfield 1034 through 1054.

**REQUEST NO. 12:** All documents relating to the termination, on or around January 18, 2006, by Horizon House or any member of the Horizon House Board of Directors, of your legal services, and the legal services of Hartsoe, Mansfield & Morgan, PLLC, as referenced in Paragraph 60 of Plaintiff's Complaint and Defendant's Answer.

**OBJECTION:** Objection. This Request seeks information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality. Further objection is made to the extent this Request seeks information or materials not relevant to the claims and defenses of the parties in this matter and not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:** Please see Defendant's Objections previously served. This Request seeks information protected against disclosure by the attorney-client privilege. Subject to and without waiving these objections, Defendant responds that to the extent that such documents exist, are under the control of Defendant, and are not otherwise protected by

any privilege, they will be made available for inspection and copying at a time and place convenient to the parties.

**SUPPLEMENTAL RESPONSE:** See documents Bates-stamped Mansfield 1055 through 1227.

**REQUEST NO. 13:** All tape or other recordings, transcripts, notes, minutes, or other records of meetings and communications identified in Plaintiff's Complaint, including but not limited to the following meetings and communications as referenced in Paragraphs 62-64 and 73 of Plaintiff's Complaint and Defendant's Answer: (1) the January 19, 2006 meeting of Horizon House residents, including the "Concerned Citizens Group;" (2) the February 2, 2006 meeting of Horizon House residents, including the "Concerned Citizens Group".

**OBJECTION:** Objection. This Request seeks information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality. Further objection is made to the extent this Request is vague and ambiguous, overly broad and unduly burdensome and seeks information which may not be within Defendant's possession, custody or control.

**RESPONSE:** Please see Defendant's Objections previously served. This Request seeks information protected against disclosure by the attorney-client privilege. Subject to and without waiving these objections, Defendant responds that to the extent that such documents exist, are under the control of Defendant, and are not otherwise protected by any privilege, they will be made available for inspection and copying at a time and place convenient to the parties.

14

**SUPPLEMENTAL RESPONSE:**   See documents Bates-stamped Mansfield 1228 through 1367.

**REQUEST NO. 14:**  All documents reflecting or memorializing meetings held at Horizon House, including meetings of the Board of Directors, meetings of the "Concerned Citizens Group," and any other meeting of the residents of Horizon House.

**OBJECTION:** Objection.   This Request seeks information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality.  Further objection is made to the extent this Request is vague and ambiguous, overly broad and unduly burdensome and seeks information or materials not relevant to the claims and defenses of the parties in this matter and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to the extent the requested information may not be within Defendant's possession, custody or control.

**RESPONSE:** Please see Defendant's Objections previously served.  This Request seeks information protected against disclosure by the attorney-client privilege.  Subject to and without waiving these objections, Defendant responds that to the extent that such documents exist, are under the control of Defendant, and are not otherwise protected by any privilege, they will be made available for inspection and copying at a time and place convenient to the parties.

**SUPPLEMENTAL RESPONSE:**   See documents Bates-stamped Mansfield 1228 through 1367.

**REQUEST NO. 15:** All documents relating to the criminal trial of Plaintiff, on or around January 25, 2006, including recordings, transcripts, notes, minutes, or other records, made by Defendant, Defendant's colleagues, and Defendants' agents, as referenced in Paragraph 71 and 72 of Plaintiff's Complaint and Defendant's Answer.

**OBJECTION:** Objection.  This Request seeks information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality.  Further objection is made to the extent this Request is vague and ambiguous, overly broad and unduly burdensome and seeks information or materials not relevant to the claims and defenses of the parties in this matter and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant also objects to the extent that the requested information is not within his custody, possession or control and is equally accessible to Plaintiff.

**RESPONSE:** Please see Defendant's Objections previously served.  This Request seeks information protected against disclosure by the attorney-client privilege.  Subject to and without waiving these objections, Defendant responds that to the extent that such documents exist, are under the control of Defendant, and are not otherwise protected by any privilege, they will be made available for inspection and copying at a time and place convenient to the parties.

**SUPPLEMENTAL RESPONSE:**  See documents Bates-stamped Mansfield 1020 through 1033.

**REQUEST NO. 16:** All documents relating to the termination of Plaintiff's employment as Building Manager at Horizon House, including but not limited to the first

termination on or around February 17, 2006, and the second termination on or around March 1, 2006, as referenced in Paragraph 81-85 of Plaintiff's Complaint and Defendant's Answer.

**OBJECTION:** Objection. This Request seeks information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality.

**RESPONSE:** Please see Defendant's Objections previously served. This Request seeks information protected against disclosure by the attorney-client privilege. Subject to and without waiving these objections, Defendant responds that to the extent that such documents exist, are under the control of Defendant, and are not otherwise protected by any privilege, they will be made available for inspection and copying at a time and place convenient to the parties.

**SUPPLEMENTAL RESPONSE:** See documents Bates-stamped Mansfield 0634 through 0636, 0709 through 1033, and 1228 through 1367.

**REQUEST NO. 17:** All documents supporting or relating to each of the statements that Defendant made about Plaintiff in Defendant's letter dated January 17. 2006 (a copy of which is attached hereto as Exhibit A), including but not limited to the following statements:

(1)     "Fourth, your [Vondell Carter's] creation of a professional and fiduciary relationship between the Association and Mr. Ford violated the By-Laws and, quite frankly, was a mistake."

(2)     "Mr. Ford was fired by his previous employer for cause."

(3)     "During my conversation with him [Ford] he admitted wrongdoings."

(4)     "Minimally, his [Ford's] admissions included that while employed as building manager, he had consensual sexual relations with a tenant on two occasions, once in her apartment and once in his office."

(5)     "At the very least, Mr. Ford, by his own admissions, has demonstrated errors of judgment which alone should have disqualified him."

See Exhibit A (J. Mansfield letter to V. Carter) (Jan. 17, 2006).

**OBJECTION:** Objection.   This Request seeks information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality.   Further objection is made to the extent this Request is compound in nature.

**RESPONSE:** Please see Defendant's Objections previously served.  This Request seeks information protected against disclosure by the attorney-client privilege.  Subject to and without waiving these objections, Defendant responds that to the extent that such documents exist, are under the control of Defendant, and are not otherwise protected by any privilege, they will be made available for inspection and copying at a time and place convenient to the parties.

**SUPPLEMENTAL RESPONSE:**   See documents Bates-stamped Mansfield 0634 through 0636, 0709 through 1033, and 1228 through 1367.

**REQUEST NO. 18:** All documents supporting or relating to each of the statements that Defendant made about Plaintiff at the meetings held at Horizon House on or around January 19, 2006, and on or around February 2, 2006, as referenced in

18

Paragraphs 62-64 and 73 of Plaintiff's Complaint and Defendant's Answer, including but not limited to the statements that:

(1)     Mr. Ford had "admitted wrongdoing;"

(2)     Mr. Ford was a "rapist;"

(3)     Mr. Ford had defended his actions by claiming that he had consensual sex with his accuser; and

(4)     Mr. Ford had refused to take a polygraph test.

**OBJECTION:** Objection.  This Request seeks information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality.  Further objection is made to this Request to the extent it is compound in nature and presupposes that Defendant made such statements.

**RESPONSE:** Please see Defendant's Objections previously served.  This Request seeks information protected against disclosure by the attorney-client privilege.  Subject to and without waiving these objections, Defendant responds that to the extent that such documents exist, are under the control of Defendant, and are not otherwise protected by any privilege, they will be made available for inspection and copying at a time and place convenient to the parties.

**SUPPLEMENTAL RESPONSE:**   See documents Bates-stamped Mansfield 0634 through 0636, 0709 through 1033, and 1228 through 1367.

**REQUEST NO. 19:**  Any and all statements, whether written or recorded by any means, of any witnesses and/or any defendant given to any person and/or entity

concerning any events, allegations, defenses, or damage claims that are the subject of Plaintiff's Complaint or Defendant's Answer.

**OBJECTION:** Objection. This Request seeks information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality.

**RESPONSE:** Please see Defendant's Objections previously served. This Request seeks information protected against disclosure by the attorney-client privilege. Subject to and without waiving these objections, Defendant responds that to the extent that such documents exist, are under the control of Defendant, and are not otherwise protected by any privilege, they will be made available for inspection and copying at a time and place convenient to the parties.

**SUPPLEMENTAL RESPONSE:** See documents Bates-stamped Mansfield 0001 through 1425.

**REQUEST NO. 20:** All documents that relate to, refer to, or support the facts, events, admissions, or denials, in Defendant's Answer.

**OBJECTION:** Objection. This Request seeks information, communications, documents or other material prepared in anticipation of litigation, protected by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or confidentiality. Further objection is made to the extent this Request is vague and ambiguous, overly broad and unduly burdensome.

**RESPONSE:** Please see Defendant's Objections previously served. This Request seeks information protected against disclosure by the attorney-client privilege. Subject to

and without waiving these objections, Defendant responds that to the extent that such documents exist, are under the control of Defendant, and are not otherwise protected by any privilege, they will be made available for inspection and copying at a time and place convenient to the parties.

**SUPPLEMENTAL RESPONSE:**   See documents Bates-stamped Mansfield 0001 through 1425.

**REQUEST NO. 21:**   All bar complaints, ethics complaints, malpractice claims or complaints, negligence claims or complaints, and all other professional liability claims or complaints, whether formal or informal, whether or not docketed with a court or agency, that were brought or raised against you and/or Hartsoe, Mansfield & Morgan, PLLC, by any of the following individuals or entities: (1) Horizon House Condominium Unit Owners Association; (2) Board of Directors of Horizon House Condominium Unit Owners Association; (3) Vondell Carter; (4) David Faison; (5)Bobbie Fisher; (6) Adrienne Garretson; (7) Adam F. (Fred) MacAdam; (8) Susan Morris; (9) Eric Muchlow; (10) Virginia Smith; (11) Gregory Weatherman; (12) any other resident, owner, or tenant of Horizon House; (13) Zalco Realty; and (14) MDV Maintenance.

**OBJECTION:**   Objection.   This Request seeks information or materials not relevant to the claims and defenses of the parties in this matter and not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:**  Please see Defendant's Objections previously served.

**SUPPLEMENTAL RESPONSE:**   See documents Bates-stamped Mansfield 0001 through 0633, 1368 through 1387.

**REQUEST NO. 22:**  All documents received pursuant to third party subpoenas issue by the Defendant in this litigation

**OBJECTION:**  See General Objections above.

**RESPONSE:**  Please see Defendant's Objections previously served.  Subject to and without waiving these objections, Defendant has no documents responsive to this Request.

**JAMES MANSFIELD**

By:   /s/ Robert E. Draim_____
      Counsel

David D. Hudgins, Esquire (VSB #20602)
Robert E. Draim, Esquire (VSB #18635)
HUDGINS LAW FIRM
515 King Street, Suite 400
Alexandria, Virginia  22314
(703) 739-3300
(703) 739-3700 (facsimile)
*Counsel for James Mansfield*

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing was forwarded via e-mail and U.S. Mail this 2nd day of October 2009 to:

Alan R. Kabat, Esquire
Bernabei & Wachtel, PLLC
1775 T Street, NW
Washington, DC  20009-7124

      /s/ Robert E Draim_____
      Counsel

22

**Exhibit 11**
Plaintiff's Motion to Compel
(Oct. 19, 2009)


A. Kabat letter to D. Hudgins (Oct. 8, 2009).

LAW OFFICES

## BERNABEI & WACHTEL, PLLC
1775 T STREET, N.W.
WASHINGTON, D.C. 20009-7124

LYNNE BERNABEI
DAVID WACHTEL +
ALAN R. KABAT ■
KATI DAFFAN ✳
ANDREA LOVELESS ●
EMMA ANDERSSON ●

(202) 745-1942
TELECOPIER (202) 745-2627
WWW.BERNABEIPLLC.COM

✛ADMITTED IN MD ALSO
■ADMITTED IN MD & VA ALSO
✳ADMITTED IN NY ONLY
● ADMITTED IN CA ONLY

By Electronic Mail and First Class Mail
October 8, 2009

Robert Draim, Esquire
Reese Pearson, Esquire
Hudgins Law Firm, P.C.
515 King Street, Suite 400
Alexandria, VA 22314

    Re:   Michael Ford v. James Mansfield, No. 1:08-CV-1318 (LO/TRJ)

Dear Counsel:

    I am writing in response to defendant's supplementation of his document production and discovery responses, which was in response to plaintiff's detailed discovery deficiencies letter dated September 22, 2009. However, there remain several remaining deficiencies and other problems with defendant's discovery responses, as set forth below.

    **1.**    **Missing pages.**

    Several documents are missing pages. I assume that these were inadvertently overlooked during the photocopying process, so would appreciate the production of the missing pages:

    Mansfield 0182-0187 (missing page 3)
    Mansfield 1034-1036 (missing pages 2 and 4)
    Mansfield 1217-1223 (missing page 6)
    Mansfield 1417-1419 (missing page 3)
    Mansfield 1420-1425 (missing pages 3, 4, 7, and 9).

    **2.**    **Fee Statements**

    Although defendant belatedly produced two fee statements that he had submitted to Horizon House for the months of December 2005 and January 2006, that production is deficient

David D. Hudgins, Esquire
Robert Draim, Esquire
October 8, 2009
Page 2

in several respects. First, several pages were missing entirely from these fee statements, as noted in the previous section. Second, while the text of certain entries was redacted, the redaction improperly extended to the time spent on those entries. As set forth in the previous discovery deficiencies letter, the attorney-client privilege, as a matter of law, does <u>not</u> protect information about the time spent and amount incurred since that would not reveal specific, substantive communications relating to legal strategy or client communications about the substance of the litigation. <u>See</u>, <u>e.g.</u>, <u>Chaudry v. Gallerizzo</u>, 174 F.3d 394, 402 (4th Cir. 1999) ("Typically, the attorney-client privilege does not extend to billing records and expense reports," including "information on the identity of the client, the case name for which payment was made, and the amount of the fee."); <u>In re</u> Grand Jury Proceedings No. 92-4, 42 F.3d 876, 879 n.1 (4th Cir. 1994) ("This circuit has also made it clear that attorney fee record subpoenas generally do not violate the attorney-client privilege.") (collecting cases). There is no basis for redacting the amount of time spent on those dates for which the nature of the services provided is redacted.

Moreover, defendant only produced the fee statements for the months of December 2005 and January 2006, <u>see</u> Mansfield 1417-1425, even though the Amended Complaint specifically alleged communications and acts taken by defendant during the month of November 2005 (when Mr. Ford was interviewed by defendant) and during the months of February through April 2006, including defendant's role in inciting Horizon House residents to demand Mr. Ford's termination, and defendant's role in the subsequent lawsuit through April 2006. <u>See</u> Am. Compl., at ¶¶ 19-28 and 73-86. Therefore, defendant Mansfield's time records during those months is also relevant to the claims and defenses in this litigation.

Further, defendant asserted that based on his firm's time records, neither he nor his partner were at the courthouse on the date of Mr. Ford's trial in January 2006, <u>see</u> Supp. Resp. to Interrog. No. 16, yet the complete time records for both attorneys for the date of the trial were not produced in discovery, nor were those of the (unnamed) paralegal whom defendant asserts attended the trial. Defendant cannot assert this defense without producing the unredacted time records for the partners and the (unnamed) paralegal or associate.

**3.   <u>Defendant's Affirmative Defenses.</u>**

Plaintiff sought discovery into the bases of defendant's affirmative defenses. However, two of defendant's responses are legally deficient in material respects, and must be withdrawn.

(1)   Second Defense. Defendant asserted that Mr. Ford did not name defendant as his employer in his EEOC complaint. <u>See</u> Supp. Interr. Resp. No. 3, at 15. However, as a matter of law, there is no individual liability under Title VII. <u>See</u> Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180-81 (4th Cir. 1998). Thus, Mr. Ford could not have named any individuals,

David D. Hudgins, Esquire
Robert Draim, Esquire
October 8, 2009
Page 3


including defendant, as his employer on his Title VII charge of discrimination, so that this
defense is legally deficient and must be withdrawn.

(2)     Fifteenth Defense.  Defendant asserts that the statutory cap on damages in 42
U.S.C. § 1981a(b) applies to Mr. Ford's claim for compensatory damages.  See Supp. Interr.
Resp. No. 3, at 18 (the interrogatory response cites, in error, "1981(a)(b)").  However, the plain
language of Section 1981a makes clear that its statutory caps apply to Title VII claims, and
specifically excludes Section 1981 claims:  "provided that the complaining party cannot recover
under section 1981 of this title."  See 42 U.S.C. § 1981a(a)(1).  Since the statutory cap under
Section 1981a does not apply to Mr. Ford's Section 1981 claims, this defense is legally deficient
and must be withdrawn.

Thank you for your anticipated cooperation.

Sincerely,

Alan R. Kabat

**Exhibit 12**
Plaintiff's Motion to Compel
(Oct. 19, 2009)


Documents Bates-stamped Mansfield 0007-0008 (Jan. 3, 2007; Feb. 5, 2007);
Mansfield 1150-1161 (Feb. 15-16, 2006).

To:   **JMM**
From: **CAT**
Date: **January 3, 2007**

     *Re:*    *Attorneys' Fees in Horizon House v. Horizon House cases, January 8, 2007*

---

Jim:

     After looking at Virginia Code §55-79.53 (A) and the limited case law accompanying it, I think that both sides have an argument for recovery of attorneys' fees upon prevailing in the suit(s).  The section calls for actions demanding compliance with condominium instruments, and includes actions for injunctive relief, and I would presume declaratory relief.  Since both suits seek the respective Defendant unit owners' to observe the proper election and meeting provisions of the by-laws, both suits fit into this framework.

     I cannot find any case which states that recovery of attorneys' fees needs to be specifically pled under this statute – both suits, ours and theirs, both ask for an award of attorneys' fees – the new lawyer can perhaps add this statute orally during argument on Monday as support for our request.  I wouldn't bring it up unless it is clear that we are the prevailing party, as their brief does not list this statute, either.

     Additionally, if the other side comes in with an offer to settle the cases, the Board has that authority under the holding in *Franz v. CBI*, which states that as the Association holds the right to pursue legal action, it also has the right to settle it.  This is going to get very tricky in the details, as those three are now operating on their own, which is contrary to their presentation to the court as the Board; also, if the -225 suit prevails, the individuals listed as defendants (the new board) will be liable for the legal costs of the other three, and this could be seen as a conflict in their ability to make the best decision for the Association in dropping certain claims and rights, such as attorneys' fees.  Trial counsel needs to be reminded that Carter, Morris and Weatherman are appearing in two different capacities on Monday – as individual defendants in -200, where they are perfectly able to appear without counsel and proceed *pro se*, but also as Plaintiff "Board" members in -225, where they are precluded from appearing, as it is it the unauthorized practice of law.  The best possible result is to go ahead on -200, with them as individuals, and let the -225 drop.

     I have attached clean copies of the statute and the relevant cases to this, for you to forward to trial counsel.  If you would like for me to draft a cover letter, please let me know.

–Carrie

*p.s. – Deborick is one attached – atty fees must be addressed w/in 2* *days of final order, or issue is lost*

**Mansfield0007**

To:   **JMM**
From: **CAT**
Date: **February 5, 2007**

    *Re:*   **Specifications for Calling a Special Meeting**
           **Horizon House Condominium Unit Owners' Association**

---

      In accordance with the agreement reached in the joint cases in Arlington County Circuit Court in early January, Horizon House needs to hold a special meeting in the next two months to elect a new slate of officers. Accordingly, the by-lays for the Association state that a special meeting may be called by the President of the Association, or by resolution of the Board of Directors. If the special meeting has not officially been declared, the President or the Board should do so immediately.

      The unit owners are to be notified specifically of the time, place, and purpose of the special meeting, and no other business can be taken up nor transacted other than what is specified in the notice. (By-law 3.5) To this end, the organization that is conducting the meeting must be told precisely what to include in the notice and proxy language to be sent out to members, as any inadvertent omissions waive that issue from consideration. The by-laws and Virginia law provide that any meeting other than the annual meeting requires only 7-days' notice (By-law 3.6; Va. Code §55-79.75). However, the current climate at Horizon House should be taken into consideration, along with the subject matter of the special meeting, and the Board may be better advised to follow the 21-days' notice required for an annual meeting. (By-law 3.6) The notices can be mailed, U.S. postage pre-paid, to the address of record of every unit owner, or hand-delivered, or placed in the mail slots with a certification by the Secretary of the Board that notice was provided in this matter. (By-law 3.6) ~~state that the Virginia Code §55-79.75 provides for notice in this manner or hand-delivered in a way that is easily identifiable, either for delivery to the residence~~ ~~or to the office. The code section requires delivery to the person of the unit owner of record to constitute hand-delivery.~~ Again, given the climate at Horizon House and the problems with misuse of mail slots and in-house mailboxes, combined with the fact that there are several off-site owners and owners of multiple units, the Secretary should be advised to use the U.S. Postal Service to mail a copy of the notice to all owners of record at their address of record. A notice on the Condominium bulletin board or webpage, stating that all owners are advised to ensure that their address of record is correct, may be advisable, although the unit owners have the duty to keep the Association informed of all current addresses for notice. The mailing of the notices constitutes notice, but the by-laws are silent as to whether the 7- or 21-days's notice has to be from the date of delivery or the date of receipt. The Secretary should consider mailing the notices at least 23 days prior to the meeting, to avoid any additional challenges to any results of the meeting.

      The Secretary should contact the organization which will be conducting the election at the meeting to inform them of the timelines suggested, so that notice can be properly phrased, drafted, and all proxies printed for timely notice.

**Mansfield0008**

February 16, 2006

*Via facsimile & first-class mail*

Juan R. Cardenas, Esquire
Edward J. O'Connell, III, Esquire
William P. Daly, Jr., Esquire
Rees, Broome & Diaz, P.C.
Tysons Corner
8133 Leesburg Pike, Ninth floor
Vienna, Virginia 22182
(703) 848-2530 (facsimile)

*at their general organizational meeting*

Re:   *Horizon House Condominium Unit Owners Association v. Carter* et al.,
      *Arlington County Circuit Court, Case No. 06-200*

Dear Messrs. Cardenas, O'Connell and Daly:

We received a facsimile of your letter dated February 15, 2006, and in response we are quite surprised. We note that while we received your letter, you neglected to provide us a copy of your proposed pleading. A copy has since been provided to us by a named party, albeit without the attached Exhibits. Our prior understanding was that your firm recognized the validity of the newly elected Board of Directors, particularly in light of the fact that Catherine McCarthy, one of your attorneys, met with said Board and gave them legal counsel on February 2, 2006, as reflected in the minutes of that meeting. Subsequently, by letter dated February 7, 2006, you were advised that your firm had been released as legal counsel for the Horizon House Condominium Unit Owners Association. You were specifically instructed to take no action on the Association's behalf. As we have had no response from you regarding that directive, we presumed you were complying with the new Board's instructions. However, your recent correspondence indicates otherwise.

In this regard, be advised that suit has been filed against Vondell Carter, Susan Morris and Greg Weatherman, individually, seeking to enjoin them from holding themselves out as agents and officers of the Association. As of February 2, 2006, they were removed as directors and officers

Mansfield1150

Juan R. Cardenas, Esquire
Edward J. O'Connell, III, Esquire
William P. Daly, Jr., Esquire
February 16, 2006
Page 2

*on or after
February 1, 2006.*

of the Association and they no longer have authority to act on behalf of the Association. Any action your firm takes concerning their claim of inappropriate action by the general membership of the Association is solely on their behalf and in their individual capacity. *These individuals are responsible for any costs and fees generated by your firm.*

Your letter further complains of the lack of notice of the pending suit. For the record, the Complaint filed in Arlington County Circuit Court names Vondell Carter, Susan Morris, and Greg Weatherman, individually, and we have previously been advised that your firm does not represent these defendants in their individual capacity. Specifically, ~~Courtney B. Harden~~, an attorney with your firm, appeared in ~~this same~~ court on February 3, 2006, on ~~a~~ prior injunction proceeding and refused to enter an appearance on the defendants' behalf ~~individually~~. Consequently, I am at a loss to understand why we should be expected to forward courtesy copies of pleadings to you on their behalf. *pleadings just*

Additionally, I believe you have been misinformed regarding service of process in the pending litigation. We have sworn affidavits that Mr. Carter was served personally and that Ms. Morris and Mr. Weatherman were served by posting on February 10, the day the pleadings were filed. Your claim that these individuals have not been served is ~~illusory~~. If you have any question that these individuals have actual notice of the hearing on Friday, I direct your attention to the message board for the Association, which clearly indicates by their own posting that they are well aware of the judicial proceedings scheduled for Friday. *they must accept*

In any event, the seven-member Board, as duly elected and constituted after the Special Meeting of the Association held on February 2, 2006, is the lawful representative and governing body of the Horizon House Condominium Unit Owners Association. As such, you must immediately cease and desist any and all activities on behalf of the Association. While we will obviously communicate *and* settlement discussions *offered* between the Association and the three former Board members, the membership has clearly articulated its wishes in this regard. *Vondell, Susana*

Finally, we respectfully disagree with your presumptuous opinions as to how the Arlington County Circuit Court would rule on a variety of matters. We are equally certain the Court would rule in the Association's favor, ~~thereby~~ acknowledging the newly elected Board of Directors. Should they rule in error, we are confident the Virginia Supreme Court would overrule their decision on appeal. Your recent pleadings contain multiple *ad hominem* attacks on this firm and *further,*



Juan R. Cardenas, Esquire
Edward J. O'Connell, III, Esquire
William P. Daly, Jr., Esquire
February 16, 2006
Page 2

*(please review LEO 1103 and 8.4 misconduct, Rule 8.4 regarding your actions)*

*Your Threatened*  *also*  *had*  *delivered to*

~~on~~ me ~~as an~~ individual, I note that according to the Clerk of the Arlington County Circuit Court, ~~this~~ pleading has not been filed as of this morning, notwithstanding the fact that you ~~served~~ it ~~on~~ several defendants yesterday. I believe such rhetoric is not in the best interest of Horizon House and our energy is better directed to attaining an amicable resolution of this conflict. This firm is committed to that end and we trust you are as well. Please do not hesitate to contact me with any questions or clarifications in regard to this matter.

Sincerely,

Hartsoe, Mansfield & Morgan, P.L.L.C.

James M. Mansfield

*Please review LE Op. 1103 as to the ethical propriety of such tactics. I trust you will not repeat your error.*

Enc. (1)
JMM/cat

cc:    Board of Directors, Horizon House Condominium Unit Owners Association

Mansfield1152

February 16, 2006

*Via facsimile & first-class mail*

Juan R. Cardenas, Esquire
Edward J. O'Connell, III, Esquire
William P. Daly, Jr., Esquire
Rees, Broome & Diaz, P.C.
Tysons Corner
8133 Leesburg Pike, Ninth floor
Vienna, Virginia 22182
(703) 848-2530 facsimile

Re:    *Horizon House Condominium Unit Owners Association*

Dear Messrs. Cardenas, O'Connell and Daly:

We received your letter dated February 15, 2006, and in response we were quite surprised. Also we note, while we received your letter, you neglected to provide us a copy of your proposed pleading. Nevertheless, a copy has been provided by a named party we received, albeit without Exhibits yor we received your Our understanding was that your firm recognized the validity of the current Board of Directors, particularly in light of the fact that Catherine McCarthy, one of your attorneys, met with the newly elected Board and gave them legal counsel on February 2, 2006, as reflected in the minutes of that meeting. Subsequently, by letter dated February 7, 2006, you were advised that your firm had been released as legal counsel for Horizon House Condominium Unit Owners Association. Your were specifically instructed to take no action on the Association's behalf. As we have had no response from you to our letter, we presumed you were complying with the Board's instructions. However, your recent correspondence indicates your intentions are otherwise.

In this regard be advised that suit has been filed against Vondell Carter, Susan Morris and Greg Weatherman, individually, seeking to enjoin them from holding themselves out as agents and officers of the Association. As of February 2, 2006, they were removed as directors and officers of the Association and they no longer have authority to act on behalf of the Association. Any

**Mansfield1153**

Juan R. Cardenas, Esquire
Edward J. O'Connell, III, Esquire
William P. Daly, Jr., Esquire
February 15, 2006
Page 2

action your firm takes concerning their claims that the membership acted inappropriately in removing them as directors is solely in their individual capacity.

You further complain of the lack of notice of the pending suit. For the record, the Complaint filed with the Court names Vondell Carter, Susan Morris, and Greg Weatherman, individually, and we were advised you do not represent them in their individual capacity. Specifically, one of your attorneys appeared in court on February 3, 2006, on a prior injunction proceeding and refused to enter an appearance on their behalf individually. Consequently, I am at a loss to understand why we should be expected to forward courtesy copies of pleadings to you on their behalf.

Additionally, I believe you have been misinformed regarding service of process in the pending litigation. We have sworn affidavits that Mr. Carter was served personally and that Ms. Morris and Mr. Weatherman were served by posting. All service was perfected on Friday, February 10, 2006, the day the suit was filed. I have attached a copy of your own article "You've Been Served." To now claim that these individuals have not been served is absurd. If you have any doubt that these individuals have notice of the hearing on Friday, I direct your attention to the message board for the Association which clearly indicates by their own posting that they are well aware of the judicial proceedings scheduled for Friday.

In any event, the seven-member Board, as duly elected and constituted after the Special Meeting of the Association held on February 2, 2006, is the lawful representative and governing body of the Horizon House Condominium Unit Owners Association. As such, you must immediately cease and desist any and all activities on behalf of the Association. While we will obviously communicate settlement discussions between the Association and the three individuals, the membership has clearly articulated its wishes in this regard.

Finally, we respectfully disagree with your presumptuous opinions on how the Arlington Circuit Court will rule. We are equally certain that the Court would rule in the Association's favor and, if they error, we are confident that the Virginia Supreme Court would overrule the decision on appeal.

**Mansfield1154**

Juan R. Cardenas, Esquire
Edward J. O'Connell, III, Esquire
William P. Daly, Jr., Esquire
February 15, 2006
Page 2

Please do not hesitate to contact me with any questions or clarifications in regard to this matter.

Sincerely,

Hartsoe, Mansfield & Morgan, P.L.L.C.

James M. Mansfield

Enc. (1)

cc:    Board of Directors, Horizon House Condominium Unit Owners Association

**Mansfield1155**

February 15, 2006

*Via facsimile & first-class mail*

Juan R. Cardenas, Esquire
Edward J. O'Connell, III, Esquire
William P. Daly, Jr., Esquire
Rees, Broome & Diaz, P.C.
Tysons Corner
8133 Leesburg Pike, Ninth floor
Vienna, Virginia 22182
(703) 848-2530 facsimile

*at their organizational meeting*

Re:  ***Horizon House Condominium Unit Owners Association*** ✓ */Carter, et al.*
*Arlington County Circuit Court, Case No. 06-200*

Dear Messrs. Cardenas, O'Connell and Daly:

We received your facsimile letter dated February 15, 2006, and in response we ~~were~~ *are* quite surprised. ~~Also~~ We note, while we received your letter, you neglected to provide us a copy of your proposed pleading. A copy has been provided to us by a named party, albeit without the attached Exhibits. Our understanding was that your firm recognized the validity of the current Board of Directors, particularly in light of the fact that Catherine McCarthy, one of your attorneys, met with the newly elected Board and gave them legal counsel on February 2, 2006, as reflected in the minutes of that meeting. Subsequently, by letter dated February 7, 2006, you were advised that your firm had been released as legal counsel for Horizon House Condominium Unit Owners Association. You were specifically instructed *to that our* to take no action on the Association's behalf. As we have had no response from you to our letter, we presumed you were complying with the Board's instructions. However, your recent correspondence indicates ~~your intentions are~~ otherwise.

In this regard, be advised that suit has been filed against Vondell Carter, Susan Morris, and Greg Weatherman, individually, seeking to enjoin them from holding themselves out as agents and officers of the Association. As of February 2, 2006, they were removed as directors and officers of the Association and they no longer have authority to act on behalf of the Association. Any

**Mansfield1156**

Juan R. Cardenas, Esquire
Edward J. O'Connell, III, Esquire
William P. Daly, Jr., Esquire
February 15, 2006
Page 2

action your firm takes concerning their claims that the membership acted inappropriately in removing them as directors is solely in their individual capacity.

You further complain of the lack of notice of the pending suit. For the record, the Complaint filed with the Court names Vondell Carter, Susan Morris, and Greg Weatherman, individually and we were advised you do not represent these these defendants in their individual capacity. Specifically, one of your attorneys appeared in court on February 3, 2006, on a prior injunction proceeding and refused to enter an appearance on their behalf individually. Consequently, I am at a loss to understand why we should be expected to forward courtesy copies of pleadings to you on their behalf.

Additionally, I believe you have been misinformed regarding service of process in the pending litigation. We have sworn affidavits that Mr. Carter was served personally and that Ms. Morris and Mr. Weatherman were served by posting. All service was perfected on Friday, February 10, 2006, the day the suit was filed. I have attached a copy of your own article "You've Been Served" in case there is any doubt about the validity of service. To now claim that these individuals have not been served is absurd. If you have any doubt that these individuals have no notice of the hearing on Friday, I direct your attention to the message board for the Association which clearly indicates by their own posting that they are well aware of the judicial proceedings scheduled for Friday.

In any event, the seven-member Board, as duly elected and constituted after the Special Meeting of the Association held on February 2, 2006, is the lawful representative and governing body of the Horizon House Condominium Unit Owners Association. As such, you must immediately cease and desist any and all activities on behalf of the Association. While we will obviously communicate settlement discussions between the Association and the three individuals, the membership has clearly articulated its wishes in this regard.

Finally, we respectfully disagree with your presumptuous opinions on how the Arlington Circuit Court will rule. We are equally certain that the Court will rule in the Association's favor. Should they error, we are confident that the Virginia Supreme Court would overrule their decision on appeal. As for your ad hominem attacks, I believe such rhetoric is not in the best interest of Horizon House and our energy is better directed to attaining a peaceful resolution of

**Mansfield1157**

Juan R. Cardenas, Esquire
Edward J. O'Connell, III, Esquire
William P. Daly, Jr., Esquire
February 15, 2006
Page 2

this conflict. This firm is committed to that end and we hope that you are as well. Please do not hesitate to contact me with any questions or clarifications in regard to this matter.

Sincerely,

Hartsoe, Mansfield & Morgan, P.L.L.C.


James M. Mansfield

Enc. (1)

cc:      Board of Directors, Horizon House Condominium Unit Owners Association

**Mansfield1158**

February 15, 2006

*Via facsimile & first-class mail*

Juan R. Cardenas, Esquire
Edward J. O'Connell, III, Esquire
William P. Daly, Jr., Esquire
Rees, Broome & Diaz, P.C.
Tysons Corner
8133 Leesburg Pike, Ninth floor
Vienna, Virginia 22182
(703) 848-2530 facsimile

Re:   *Horizon House Condominium Unit Owners Association*

Dear Messrs. Cardenas, O'Connell and Daly:

We received your letter dated February 15, 2006, and in response we were quite surprised. Also we note, while we received your letter, you neglected to provide us a copy of your proposed pleading. Nevertheless, a copy has been provided by a named party we received your Our understanding was that your firm recognized the validity of the current Board of Directors, particularly in light of the fact that Catherine McCarthy, one of your attorneys, met with the newly elected Board and gave them legal counsel on February 2, 2006, as reflected in the minutes of that meeting. Subsequently, by letter dated February 7, 2006 you were advised that your firm had been released as legal counsel for Horizon Condominium Unit Owners Association. Your were specifically instructed to take no action on the Association's behalf. As we have had no response from you to our letter, we presumed you were complying with the Board's instructions. However, your recent correspondence indicates your intentions are otherwise.

In this regard be advised that suit has been filed against Vondell Carter, Susan Morris and Greg Weatherman, individually, seeking to enjoin them from holding themselves out as agents and officers of the Association. As of February 2, 2006, they were removed as directors and officers of the Association and they no longer have authority to act on behalf of the Association. Any

**Mansfield1159**

Juan R. Cardenas, Esquire
Edward J. O'Connell, III, Esquire
William P. Daly, Jr., Esquire
February 15, 2006
Page 2

action your firm takes concerning their claims that the membership acted inappropriately in removing them as directors is solely in their individual capacity.

You further complain of the lack of notice of the pending suit. For the record, the Complaint filed with the Court names Vondell Carter, Susan Morris, and Greg Weatherman, individually, and we were advised you do not represent them in their individual capacity. Specifically, one of your attorneys appeared in court on February 3, 2006, on a prior injunction proceeding and refused to enter an appearance on their behalf individually. Consequently, I am at a loss to understand why we should be expected to forward courtesy copies of pleadings to you on their behalf.

Additionally, I believe you have been misinformed regarding service of process in the pending litigation. We have sworn affidavits that Mr. Carter was served personally and that Ms. Morris and Mr. Weatherman were served by posting. All service was perfected on Friday, February 10, 2006, the day the suit was filed. I have attached a copy of your own article "You've Been Served." To now claim that these individuals have not been served is absurd. If you have any doubt that these individuals have notice of the hearing on Friday, I direct your attention to the message board for the Association which clearly indicates by their own posting that they are well aware of the judicial proceedings scheduled for Friday.

In any event, the seven-member Board, as duly elected and constituted after the Special Meeting of the Association held on February 2, 2006, is the lawful representative and governing body of the Horizon House Condominium Unit Owners Association. As such, you must immediately cease and desist any and all activities on behalf of the Association. While we will obviously communicate settlement discussions between the Association and the three individuals, the membership has clearly articulated its wishes in this regard.

Finally, we respectfully disagree with your presumptious opinions on how the Arlington Circuit Court will rule. We are equally certain that the Court would rule in the Association's favor and, if they error, we are confident that the Virginia Supreme Court would overrule the decision on appeal.

Mansfield1160

Juan R. Cardenas, Esquire
Edward J. O'Connell, III, Esquire
William P. Daly, Jr., Esquire
February 15, 2006
Page 2

      Please do not hesitate to contact me with any questions or clarifications in regard to this matter.

                              Sincerely,

                              Hartsoe, Mansfield & Morgan, P.L.L.C.

                              James M. Mansfield

Enc. (1)

cc:     Board of Directors, Horizon House Condominium Unit Owners Association

Mansfield1161

**Exhibit 13**
Plaintiff's Motion to Compel
(Oct. 19, 2009)


Documents Bates-stamped Mansfield 1204-1207 (Feb. 24, 2006);
Mansfield 1212-1213, 1214 (dated Jan. 27, 2006).

**JAMES MANSFIELD**

| | |
|---|---|
| **From:** | Eric Mucklow [mucklow@verizon.net] |
| **Sent:** | Friday, February 24, 2006 10:12 AM |
| **To:** | jmansfield@verizon.net; agarre@comcast.net; David Faison; MartinAlva@aol.com; bjwms@erols.com; mcmanuspaige@hotmail.com; Julia Dragun Dragun; 'Ric Mucklow |
| **Subject:** | "After today, he will be forced to resign as association council... "? |

What does Greg mean by his paragraph after number 3, "After today, he will be forced to resign as association council... "?

Eric

----- Original Message -----
From: "hh10th" <hh10th@yahoo.com>
To: <horizonhousecondo@yahoogroups.com>
Sent: Friday, February 24, 2006 9:01 AM
Subject: Re: Reality Check

Lenny,

I could be wrong but, I think the temporary restaining order covers:

1)  Vondell, Susan and I (Greg) can not represent ourselves as the C-U-R-R-E-N-T HH BOD members.

2)  Adrienne, David, Julia, Paco, Eric, Bonnie and Paige are T-E-M-P-O-R-A-R-I-L-Y allowed to operate as members of the HH BOD.

3)  Adrienne, David, Julia, Paco, Eric, Bonnie and Paige are only allowed to engage in board actions that are necessary during the TRO for the operation of Horizon House. I don't think starting a needle point or crocheting committee is an emergency (for those who attended the Thursday night meeting before last Firday's hearing).

Another important point to remember is Jim Mansfield had every opportunity to do what is right.  After today, he will be forced to resign as association council in this matter so I-M-P-A-R-T-I-A-L lawyers can do what is right.

I hope everyone pays attention to the whole picture and not the small corner painted by a small group of association members.

Regards,

Greg Weatherman

"Temporarily restrained by an Arlington County Court order from identifying myself as a member of the HH BOD, VP of Facilities and Treasurer until the case is revisited in court within the very near future".

**************************************************

--- In horizonhousecondo@yahoogroups.com, "leoconrad819"

1

**Mansfield1204**

```
<leoconrad819@...> wrote:
>
> After reading the latest six page rant I received last night from
a
> former board member, as well as the continued stream of messages
> posted to this website from another former board member, I once
again
> offer the following advice: Please see my earlier posting to this
> website, message #79 from August 2005.  You might find the
> information in this message posting useful, especially if you are
> having difficulty accepting the reality of your removals from the
> board by the MAJORITY of your neigbors, as well as accepting the
> reality that you are now subject to a temporary restraining order
> (TRO) issued by the Arlington County Court based on your
collective
> behavior.
>
> The first sentence of the second paragraph of the latest six page
> rant states: "For those of you who are wondering why WE have not
> resigned and continue to not resign ---the answer is simple."
>
> The only thing many of us in the community might be wondering is
why
> you all continue the delusion that you are still board members and
we
> in the community are somehow the least bit interested in your
> resignations.  We are not concerned about your resignations, since
> you were R-E-M-O-V-E-D from office.  Continuing to press this
point
> further by writing statements, whereby you all are giving the
> impression that you are still board members, could result in a
> violation of the TRO.  Failing to respect the will and intent of
the
> members of this association is one thing, but failing to respect
the
> order of the courts is something entirely different, as you may
soon
> find out when this matter is revisted again in court.
>
```

2

**Mansfield1205**

**JAMES MANSFIELD**

| | |
|---|---|
| **From:** | Eric Mucklow [mucklow@verizon.net] |
| **Sent:** | Friday, February 24, 2006 10:12 AM |
| **To:** | jmansfield@verizon.net; agarre@comcast.net; David Faison; MartinAlva@aol.com; bjwms@erols.com; mcmanuspaige@hotmail.com; Julia Dragun Dragun; 'Ric Mucklow |
| **Subject:** | "After today, he will be forced to resign as association council... "? |

What does Greg mean by his paragraph after number 3, "After today, he will be forced to resign as association council... "?

Eric

----- Original Message -----
From: "hh10th" <hh10th@yahoo.com>
To: <horizonhousecondo@yahoogroups.com>
Sent: Friday, February 24, 2006 9:01 AM
Subject: Re: Reality Check


Lenny,

I could be wrong but, I think the temporary restaining order covers:

1) Vondell, Susan and I (Greg) can not represent ourselves as the C-U-R-R-E-N-T HH BOD members.

2) Adrienne, David, Julia, Paco, Eric, Bonnie and Paige are T-E-M-P-O-R-A-R-I-L-Y allowed to operate as members of the HH BOD.

3) Adrienne, David, Julia, Paco, Eric, Bonnie and Paige are only allowed to engage in board actions that are necessary during the TRO for the operation of Horizon House. I don't think starting a needle point or crocheting committee is an emergency (for those who attended the Thursday night meeting before last Firday's hearing).

Another important point to remember is Jim Mansfield had every opportunity to do what is right. After today, he will be forced to resign as association council in this matter so I-M-P-A-R-T-I-A-L lawyers can do what is right.

I hope everyone pays attention to the whole picture and not the small corner painted by a small group of association members.

Regards,

Greg Weatherman

"Temporarily restrained by an Arlington County Court order from identifying myself as a member of the HH BOD, VP of Facilities and Treasurer until the case is revisited in court within the very near future".

*****************************************************


--- In horizonhousecondo@yahoogroups.com, "leoconrad819"

1

**Mansfield1206**

<leoconrad819@...> wrote:
>
> After reading the latest six page rant I received last night from a
> former board member, as well as the continued stream of messages
> posted to this website from another former board member, I once again
> offer the following advice: Please see my earlier posting to this
> website, message #79 from August 2005.  You might find the
> information in this message posting useful, especially if you are
> having difficulty accepting the reality of your removals from the
> board by the MAJORITY of your neigbors, as well as accepting the
> reality that you are now subject to a temporary restraining order
> (TRO) issued by the Arlington County Court based on your collective
> behavior.
>
> The first sentence of the second paragraph of the latest six page
> rant states: "For those of you who are wondering why WE have not
> resigned and continue to not resign ---the answer is simple."
>
> The only thing many of us in the community might be wondering is why
> you all continue the delusion that you are still board members and we
> in the community are somehow the least bit interested in your
> resignations.  We are not concerned about your resignations, since
> you were R-E-M-O-V-E-D from office.  Continuing to press this point
> further by writing statements, whereby you all are giving the
> impression that you are still board members, could result in a
> violation of the TRO.  Failing to respect the will and intent of the
> members of this association is one thing, but failing to respect the
> order of the courts is something entirely different, as you may soon
> find out when this matter is revisted again in court.
>

2

**Mansfield1207**

## hartsoemansfield

| | |
|---|---|
| **From:** | "David Faison" <dfaison@photon.com> |
| **To:** | <JMDRAGUN@aol.com>; <WSCHACHT@crs.loc.gov>; <Jpgplg1300@aol.com>; <stuffontheweb@comcast.net>; <ossie514@earthlink.net>; <hhcitizen@email.com>; <d_faison@hotmail.com>; <mucklow@verizon.net>; <hartsoemansfield@rcn.com> |
| **Sent:** | Friday, January 27, 2006 7:31 PM |
| **Subject:** | RE: 3.5 Special Meetings [of the Association] |

Here's my two cents worth...

If they choose to incorrectly exercise some narrow interpretation of the law, then they are contradicting their only defense strategy (i.e. aren't all these rules just silly!).

And the "letter" of the law says that "a special meeting may be called at any time in the interval between annual meetings .... upon a petition signed and presented to the President or the Secretary ..." – and this is exactly what occurred.

Upon the presentation of the petition the meeting was called to occur on Feb. 2nd.

Nowhere does it say that he is the one and only "caller". If the President asserts that he is the only one so authorized, he abdicated any right as sole "caller" when he neglected to challenge the date and time as presented, in his presence, by Jerry.

In other words, since 'someone' was obligated by law at that moment in time to specify a date and time and thereby call the meeting, neglecting to voice an alternative schedule leaves only one interpretation that I can imagine for a court of law to reach – that his silence on the subject was an unequivocal endorsement.

# David Faison, Software Configuration Manager
# Photon Research Associates, Inc.

dfaison@photon.com
Phone: 703.243.6613
Fax:   703.243.6619

---

**From:** Eric Mucklow [mailto:mucklow@verizon.net]
**Sent:** Friday, January 27, 2006 4:29 PM
**To:** JMDRAGUN@aol.com; WSCHACHT@crs.loc.gov; Jpgplg1300@aol.com; stuffontheweb@comcast.net; ossie514@earthlink.net; hhcitizen@email.com; d_faison@hotmail.com; David Faison; Hartsoemansfield@Rcn.Com
**Subject:** 3.5 Special Meetings [of the Association]

There may be a speck of merit to their claim: Note the use of the word "upon" verses "by" below. **Upon** presentation of the petition, ***who calls the meeting?*** *If that person or persons (President or Secretary?) fails to do so, does that invalidate the meeting? What if they now "call"* **the** *meeting for some other date and time?*

Bylaw 3.5 Special Meetings [of the Association]

A Special meeting of the Associations may be called at any time in the interval between annual meetings **by** the President, or **by** resolution of the Board of Directors, or **upon** a petition a petition signed and presented to the President or the Secretary by Unit Owners of Units to which not less than twenty-five (25%) of the Fractional Interests appertain.  The notice of and special meeting shall state the time, place and purpose of such meeting. No business shall be transacted at a special meeting except as stated in the notice.

-----Original Message-----

**From:** JMDRAGUN@aol.com [mailto:JMDRAGUN@aol.com]

**Sent:** Friday, January 27, 2006 3:40 PM

**To:** WSCHACHT@crs.loc.gov; Jpgplg1300@aol.com; stuffontheweb@comcast.net; ossie514@earthlink.net; hhcitizen@email.com; d_faison@hotmail.com; dfaison@photon.com; jmansfield@verizon.net; mucklow@verizon.net

**Subject:** Re: Forging on

If you stop and thing about it, their resistance to the meeting and threats to file an injunction only reaffirms their lack of knowledge and respect of the bylaws.  If they cared as much as they claim they do, they would know what the bylaws say and the Special meeting is within the rights of the unit owners to call.  Unfortunately for them, the point we are trying to make about them acting outside the confines of the bylaws is only supported by their actions in this case as well.  Julia

1/29/2006

**Mansfield1213**

## hartsoemansfield

| | |
|---|---|
| **From:** | "Eric Mucklow" <mucklow@verizon.net> |
| **To:** | <JMDRAGUN@aol.com>; <WSCHACHT@crs.loc.gov>; <Jpgplg1300@aol.com>; <stuffontheweb@comcast.net>; <ossie514@earthlink.net>; <hhcitizen@email.com>; <d_faison@hotmail.com>; <dfaison@photon.com>; "Hartsoemansfield@Rcn. Com" <hartsoemansfield@rcn.com> |
| **Sent:** | Friday, January 27, 2006 4:28 PM |
| **Subject:** | 3.5 Special Meetings [of the Association] |

There may be a speck of merit to their claim: Note the use of the word "upon" verses "by" below. **Upon** presentation of the petition, ***who calls the meeting?*** *If that person or persons (President or Secretary?) fails to do so, does that invalidate the meeting?  What if they now "call"* ***the*** *meeting for some other date and time?*

Bylaw 3.5 Special Meetings [of the Association]
   A Special meeting of the Associations may be called at any time in the interval between annual meetings **by** the President, or **by** resolution of the Board of Directors, or **upon** a petition a petition signed and presented to the President or the Secretary by Unit Owners of Units to which not less than twenty-five (25%) of the Fractional Interests appertain.  The notice of and special meeting shall state the time, place and purpose of such meeting.  No business shall be transacted at a special meeting except as stated in the notice.

        -----Original Message-----
        **From:** JMDRAGUN@aol.com [mailto:JMDRAGUN@aol.com]
        **Sent:** Friday, January 27, 2006 3:40 PM
        **To:** WSCHACHT@crs.loc.gov; Jpgplg1300@aol.com; stuffontheweb@comcast.net; ossie514@earthlink.net; hhcitizen@email.com; d_faison@hotmail.com; dfaison@photon.com; jmansfield@verizon.net; mucklow@verizon.net
        **Subject:** Re: Forging on

        If you stop and thing about it, their resistance to the meeting and threats to file an injunction only reaffirms their lack of knowledge and respect of the bylaws.  If they cared as much as they claim they do, they would know what the bylaws say and the Special meeting is within the rights of the unit owners to call.  Unfortunately for them, the point we are trying to make about them acting outside the confines of the bylaws is only supported by their actions in this case as well.  Julia