IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

| | |
|---|---|
| MICHAEL FORD ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:08-cv-1318 (LO/TRJ) |
| ) | |
| ZALCO REALTY, INC., *et al.*, ) | |
| ) | |
| Defendants ) | |

## PLAINTIFF'S OBJECTIONS AND RESPONSES
## TO DEFENDANT JAMES MANFIELD'S
## FIRST SET OF INTERROGATORIES TO PLAINTIFF

Plaintiff Michael Ford, through undersigned counsel, and pursuant to Rule 33(b), Fed. R. Civ. P., hereby provides his Objections and Responses to Defendant's Interrogatories. Pursuant to Rule 26(e), Fed. R. Civ. P., plaintiff reserves the right to supplement these responses.

### GENERAL OBJECTIONS

1.      Plaintiff objects to defendant's "Instructions" and "Definitions" insofar as they

(a)     Request information or identification of documents concerning confidential communications between plaintiff and his attorneys, on the ground that the information sought is protected under the attorney/client privilege;

(b)     Request information or identification of documents prepared by plaintiff's counsel for their own use, on the ground that the information sought protected from disclosure by the attorney work-product doctrine; or

(c)     Seek to enlarge plaintiff's obligation to respond to discovery beyond the obligations established by the Federal Rules of Civil Procedure and the Local Rules.



EXHIBIT
C

## RESPONSES

INTERROGATORY NO. 1:

Please state your full name, marital status, residential address, business address, date of birth, social security number, and the identity of all persons assisting in the answering of theses Interrogatories.

RESPONSE:

Name:  Michael Anthony Ford

Marital Status:  Married.

Residential and Business Address:  6320 S. Kings Highway, No. 101, Alexandria, Virginia 22306.

Date of Birth:  September 21, 1965.

Social Security Number:  See Documents Bates-stamped MF 0249, MF 0251-0276, MF 0290-0307 (confidential).

Mr. Ford's counsel assisted in answering these interrogatories.

INTERROGATORY NO. 2:

Identify each and every person whom you believe, or have reason to believe has personal knowledge of any facts alleged in the Amended Complaint, the circumstances giving rise to this litigation, or of any of the claims made, and describe in detail the knowledge you believe each possess and provide an address at which each may be served with a deposition or trial subpoena.

RESPONSE:

Pursuant to Rule 33(d), Fed. R. Civ. P., additional information about the knowledge of each person may be determined by examining plaintiff's records that have already been produced, and the burden of deriving or ascertaining the answer will be substantially the same for either party, so plaintiff has specified the records that must be reviewed to enable the

interrogating party to locate and identify them as readily as the responding party could, as referenced below for each individual.

Plaintiff does not have the current addresses for some individuals who resided or worked at Horizon House in 2005 and 2006, or who were employed by Zalco Realty in 2005 and 2006, so has listed their last known address.

In addition, Adrienne Garretson, now deceased, in her capacity as a member of the Horizon House Board of Directors had knowledge of her communications with defendant Mansfield about the operations and management of Horizon House, and the false and racially discriminatory statements that defendant Mansfield made about Mr. Ford.

1.   Michael Ford.  Mr. Ford has personal knowledge of the facts and allegations in his complaint.  Mr. Ford can be reached through undersigned counsel.

2.   Ghada Abu-Rahmeh, c/o Horizon House, 1320 Army Navy Drive, Arlington, Virginia 22202.  Mr. Abu-Rahmeh, a resident at Horizon House, has knowledge of Mr. Ford's employment as the Building Manager, of the threats and racially hostile work environment that Mr. Ford faced, and of the meetings that he attended with the Horizon House Board of Directors and others (including Zalco Realty employees and Horizon House's outside attorneys) to discuss the racially discriminatory treatment of Mr. Ford.

3.   Jimmy Bania, c/o Horizon House, 1320 Army Navy Drive, Arlington, Virginia 22202.  Mr. Bania, who was a maintenance employee at Horizon House while Mr. Ford was the Building Manager, has knowledge of Mr. Ford's employment as the Building Manager, of the racially hostile work environment during that period, and of defendant Mansfield's communications with Horizon House residents.

4.   Juan R. Cardenas, Esquire, c/o Rees Broome P.C., 8133 Leesburg Pike, Vienna,

3

Virginia 22182. Mr. Cardenas has knowledge of his communications with the Horizon House board of directors and with defendant Mansfield, relating to Mansfield's actions, including Mansfield's representation of both the Horizon House Board of Directors and of the challengers to the Board of Directors, leading to the judicial disqualification of Mansfield from representing either entity. Mr. Cardenas also has knowledge of his meetings with residents and board members at Horizon House about the racially discriminatory treatment of Mr. Ford. See also Documents Bates-stamped MF 0077, 0149-0152, 0161-0162, 0167-0168, 0171-0175, 0277-0285.

5.      Vondell Carter, c/o Horizon House, 1320 Army Navy Drive, Arlington, Virginia 22202. Mr. Carter, a resident and former board member at Horizon House, has knowledge of (a) the employment of Mr. Ford as Building Manager at Horizon House; (b) defendant Mansfield's communications about Mr. Ford; (c) the threats to Mr. Ford and the racially hostile work environment, including defendant Mansfield's failure to take any corrective action in response; (d) the false and racially discriminatory statements that defendant Mansfield publicly made at Horizon House about Mr. Ford; (e) defendant Mansfield's involvement with the "Concerned Citizens" group at Horizon House; (f) defendant Mansfield's involvement in the termination of Mr. Ford's employment; (g) the management and operation of Horizon House; and (h) Mansfield's representation of both the Horizon House Board of Directors and of the challengers to the Board of Directors, leading to the judicial disqualification of Mansfield from representing either entity. See also Documents Bates-stamped MF 0001-0004, 0005, 0050, 0051-0055, 0058, 0077, 0088-0146, 0149, 0167-0168, 0169-0170, 0171-0175, 0195, 0200-0204, 0206, 0207, 0210, 0220.

6.      George T. Coller, Esquire, c/o Horizon House, 1320 Army Navy Drive,

Arlington, Virginia 22202.  Mr. Coller, a resident at Horizon House, has knowledge of Mr.

Ford's employment as the Building Manager, and of the threats and racially hostile work

environment that Mr. Ford faced.  See also Document Bates-stamped MF 0031.

      7.     Michael Constant, c/o Zalco Realty, 8701 Georgia Avenue, Silver Spring,

Maryland 20910.  Mr. Constant, a Property Manager for Zalco Realty, has knowledge of (a) the

employment of Mr. Ford; (b) Zalco's communications with defendant Mansfield; and (c) Mr.

Ford's complaints of a racially hostile work environment, including defendant Mansfield's

failure to take any corrective action in response to those complaints and threats.  See also

Documents Bates-stamped MF 0051-055, 0077, 0078, 0149-0152, 0167-0168.

      8.     William P. Daly, Jr., Esquire, c/o Rees Broome P.C., 8133 Leesburg Pike,

Vienna, Virginia 22182.  Mr. Daly has knowledge of his communications with the Horizon

House board of directors and with defendant Mansfield, relating to Mansfield's actions,

including Mansfield's representation of both the Horizon House Board of Directors and of the

challengers to the Board of Directors, leading to the judicial disqualification of Mansfield from

representing either entity.  Mr. Daly also has knowledge of his meetings with residents and board

members at Horizon House about the racially discriminatory treatment of Mr. Ford.  See also

Documents Bates-stamped MF 0077, 0149-0152, 0169-0170, 0171-0175, 0277-0285.

      9.     Arthur Dubin, c/o Zalco Realty, 8701 Georgia Avenue, Silver Spring, Maryland

20910.  Mr. Dubin, an executive at Zalco Realty, has knowledge of (a) the employment of Mr.

Ford; (b) Zalco's communications with defendant Mansfield, and (c) Mr. Ford's complaints of a

racially hostile work environment, including defendant Mansfield's failure to take any corrective

action in response to those complaints.  See also Documents Bates-stamped MF 0051-0054,

0077, 0150-0152, 0162-0163, 0164-0166, 0167-0168.

10.   Marie Eckes, c/o Horizon House, 1320 Army Navy Drive, Arlington, Virginia 22202. Ms. Eckes, a resident at Horizon House, has knowledge of (a) her communications with Jennifer O'Keefe, about the hiring of Mr. Ford instead of Ms. O'Keefe as the Building Manager at Horizon House; and (b) her communications with Mr. Ford about the management and operations of Horizon House.  See also Documents Bates-stamped MF 0129-0130..

11.   Edward Everett, c/o Horizon House, 1320 Army Navy Drive, Arlington, Virginia 22202. Mr. Everett, who was a Resident Associate at Horizon House while Mr. Ford was the Building Manager, has knowledge of Mr. Ford's employment as the Building Manager, of the racially hostile work environment during that period, and of defendant Mansfield's communications with Horizon House residents.

12.   David Faison, Horizon House, Unit # 1002, 1320 Army Navy Drive, Arlington, Virginia 22202. Mr. Faison, a former member of the Board of Directors at Horizon House, has knowledge of (a) the employment of Mr. Ford; (b) his communications with defendant Mansfield about Mr. Ford and about the operations and management of Horizon House; (c) the operations and management of Horizon House; (d) the false and racially discriminatory statements that defendant Mansfield made within Horizon House about Mr. Ford; (e) Mr. Ford's complaints of a racially hostile work environment and of threats, and defendant Mansfield's failure to take any corrective action in response to those complaints; (f) the "Concerned Citizens" group and defendant Mansfield's collaboration with that group in an attempt to terminate Mr. Ford's employment; and (g) defendant Mansfield's representation of both the Horizon House Board of Directors and of the challengers to the Board of Directors, leading to the judicial disqualification of Mansfield from representing either entity.  See also Documents Bates-stamped 0051-0057, 0061-0063, 0078.

13.     Denna Faison, c/o Horizon House, 1320 Army Navy Drive, Arlington, Virginia 22202. Ms. Faison, who was a Resident Associate at Horizon House while Mr. Ford was the Building Manager, has knowledge of Mr. Ford's employment as the Building Manager, of the racially hostile work environment during that period, and of defendant Mansfield's communications with Horizon House residents.

14.     Bobbie Fisher, c/o Horizon House, 1320 Army Navy Drive, Arlington, Virginia 22202. Ms. Fisher, a resident at Horizon House, has knowledge of (a) Mr. Ford's employment as the Building Manager; (b) the threats and racially hostile work environment that Mr. Ford faced; (c) discrimination against other minority employees and residents at Horizon House, and (d) the meetings that she attended with the Horizon House Board of Directors and others (including Zalco Realty employees and Horizon House's outside attorneys) to discuss the racially discriminatory treatment of Mr. Ford.  See also Documents Bates-stamped MF 0007-0010.

15.     William Ray Ford, Esquire, 5873 Allentown Road, Camp Springs, Maryland 20746. Mr. William Ray Ford has knowledge of his communications with defendant Mansfield about Mr. Michael Ford.

16.     April Hall, c/o Horizon House, 1320 Army Navy Drive, Arlington, Virginia 22202. Ms. Hall, who was a Resident Associate at Horizon House while Mr. Ford was the Building Manager, has knowledge of Mr. Ford's employment as the Building Manager, of the racially hostile work environment during that period, and of defendant Mansfield's communications with Horizon House residents.

17.     Diane Hall, c/o Horizon House, 1320 Army Navy Drive, Arlington, Virginia 22202. Ms. Hall, who was a Resident Associate at Horizon House while Mr. Ford was the

Building Manager, has knowledge of Mr. Ford's employment as the Building Manager, of the racially hostile work environment during that period, and of defendant Mansfield's communications with Horizon House residents.

18.    Robert J. Hartsoe, Esquire, c/o Hartsoe, Mansfield & Morgan, PLLC, 4084 University Drive, Suite 100-A, Fairfax, Virginia 22030.  Mr. Hartsoe has knowledge of his communications with the Horizon House board of directors and with defendant Mansfield, relating to Mansfield's actions, including Mansfield's representation of both the Horizon House Board of Directors and of the challengers to the Board of Directors, leading to the judicial disqualification of Mansfield from representing either entity.  See also Documents Bates-stamped MF 0277-0285.

19.    Susann Holt, c/o Lerner Enterprises, 2000 Tower Oaks Boulevard, Rockville, Maryland 20852.  Ms. Holt, the Vice President of Residential Services for Lerner Enterprises, has knowledge of Mr. Ford's employment as a property manager, and of Lerner's communications with defendant Mansfield about Mr. Ford's employment.

20.    Shelley Hudson, c/o Zalco Realty, 8701 Georgia Avenue, Silver Spring, Maryland 20910.  Ms. Hudson, an Administrative Assistant for Zalco Realty, has knowledge of the employment of Mr. Ford, Mr. Ford's complaints of a racially hostile work environment, and of the threat made to Zalco on or around February 7, 2008 and again on or around March 1, 2006, regarding the continued employment of Mr. Ford, which arose from defendant Mansfield's false and racially discriminatory statements about Mr. Ford.  See also Documents Bates-stamped MF 0167-0168.

21.    Daryl Johnson, c/o Horizon House, 1320 Army Navy Drive, Arlington, Virginia 22202.  Mr. Johnson, who was an Office Associate at Horizon House while Mr. Ford was the

Building Manager, has knowledge of Mr. Ford's employment as the Building Manager, of the racially hostile work environment during that period, and of defendant Mansfield's communications with Horizon House residents.

22.    James Kearney, Esquire, c/o Kearney, Freeman, Forgarty & Joshi, PLLC, 4085 Chain Bridge Road, Suite 500, Fairfax, Virginia 22030.  Mr. Kearney has knowledge of his communications with the Horizon House board of directors and with defendant Mansfield, relating to Mansfield's actions, including Mansfield's representation of both the Horizon House Board of Directors and of the challengers to the Board of Directors, leading to the judicial disqualification of Mansfield from representing either entity.  See also Documents Bates-stamped MF 0277-0285.

23.    Margenia King, c/o Horizon House, 1320 Army Navy Drive, Arlington, Virginia 22202.  Ms. King, a resident at Horizon House, has knowledge of Mr. Ford's employment as the Building Manager, of the threats and racially hostile work environment that Mr. Ford faced, and of the meetings that she attended with the Horizon House Board of Directors and others (including Zalco Realty employees and Horizon House's outside attorneys) to discuss the racially discriminatory treatment of Mr. Ford.

24.    Adam F. (Fred) MacAdam, c/o Horizon House, 1320 Army Navy Drive, Arlington, Virginia 22202.  Mr. MacAdam has knowledge of (a) the employment of Mr. Ford as Building Manager at Horizon House; (b) defendant Mansfield's communications with Horizon House residents about Mr. Ford, including false and racially discriminatory statements made about Mr. Ford; (c) the racially hostile work environment that Mr. Ford endured; and (d) the successful attempts by the "Concerned Citizens" group, in collaboration with defendant Mansfield, to terminate Mr. Ford's employment at Horizon House.  See also Documents Bates-

stamped MF 0006, 0011-0012, 0061, 20065, 0204.

25.     David Mack, c/o Horizon House, 1320 Army Navy Drive, Arlington, Virginia 22202. Mr. Mack, who was a Resident Associate at Horizon House while Mr. Ford was the Building Manager, has knowledge of Mr. Ford's employment as the Building Manager, of the racially hostile work environment during that period, and of defendant Mansfield's communications with Horizon House residents.

26.     Lynne Mangione, c/o Horizon House, 1320 Army Navy Drive, Arlington, Virginia 22202. Ms. Mangione, who was Mr. Ford's successor as Building Manager at Horizon House, has knowledge of the management and operations at Horizon House, and of her compensation as the Building Manager.

27.     James Mansfield, Esquire, c/o Hartsoe, Mansfield & Morgan, PLLC, 4084 University Drive, Suite 100-A, Fairfax, Virginia 22030. Mr. Mansfield has knowledge of the facts and allegations in the Amended Complaint, including (a) his direct role in the hiring of Mr. Ford and his communications with Mr. Ford and others about Mr. Ford's background; (b) his failure to take any corrective action in response to Mr. Ford's complaints of a racially hostile work environment, including the death threat; (c) his communications with Horizon House residents and board members about the operations of Horizon House and about Mr. Ford; (d) his false and racially discriminatory (or racially stereotyped) statements about Mr. Ford that he initially made to the Board of Directors of Horizon House, and later distributed to all residents at Horizon House; (e) his representation of both the Horizon House Board of Directors and of the challengers to the Board of Directors, leading to his disqualification from representing either entity due to a judicial finding that this was an irreparable conflict of interest. See also Documents Bates-stamped MF 0277-0285.

28.     Wayne Matthews, c/o Horizon House, 1320 Army Navy Drive, Arlington, Virginia 22202.  Mr. Matthews, who was an Amtek maintenance employee at Horizon House while Mr. Ford was the Building Manager, has knowledge of Mr. Ford's employment as the Building Manager, of the racially hostile work environment during that period, and of defendant Mansfield's communications with Horizon House residents.

29.     Judith McNeilus, c/o Horizon House, 1320 Army Navy Drive, Arlington, Virginia 22202.  Ms. McNeilus, who replaced Ms. Mangione as Building Manager at Horizon House, has knowledge of the management and operations at Horizon House, and of her compensation as the Building Manager.

30.     Alex Morgan, Esquire, c/o Hartsoe, Mansfield & Morgan, PLLC, 4084 University Drive, Suite 100-A, Fairfax, Virginia 22030.  Mr. Morgan has knowledge of his communications with the Horizon House board of directors and with defendant Mansfield, relating to Mansfield's actions, including Mansfield's representation of both the Horizon House Board of Directors and of the challengers to the Board of Directors, leading to Mansfield's disqualification from representing either entity.  Mr. Morgan also has knowledge of his communications with Adam (Fred) MacAdam, a resident of Horizon House, about the dissemination of defendant Mansfield's January 17, 2006 letter to all residents at Horizon House, and of his failure to take any corrective action as requested by Mr. MacAdam.  See also Documents Bates-stamped MF 0277-0285.

31.     Susan Morris, c/o Horizon House, 1320 Army Navy Drive, Arlington, Virginia 22202.  Ms. Morris, a resident and former board member at Horizon House, has knowledge of (a) the employment of Mr. Ford as Building Manager at Horizon House; (b) defendant Mansfield's communications about Mr. Ford; (c) the threats to Mr. Ford and the racially hostile

work environment, including defendant Mansfield's failure to take any corrective action in response; (d) the false and racially discriminatory statements that defendant Mansfield publicly made at Horizon House about Mr. Ford; (e) defendant Mansfield's involvement with the "Concerned Citizens" group at Horizon House; (f) defendant Mansfield's involvement in the termination of Mr. Ford's employment; (g) the management and operation of Horizon House; and (h) Mansfield's representation of both the Horizon House Board of Directors and of the challengers to the Board of Directors, leading to the judicial disqualification of Mansfield from representing either entity. See also Documents Bates-stamped MF 0050, 0051-0055, 0058, 0077, 0169-0170, 0171-0175, 0176-0180, MF 0181, 0186, 0187, 0200-0204, 0207, 0210, and 0220.

32.     Eric Mucklow, 7109 Woodland Drive, Springfield Virginia 22151.  Mr. Mucklow, a former resident and board member at Horizon House, has knowledge of the statements made by defendant Mansfield and others about Mr. Ford, including those posted on the Horizon House webpage, of his communications with defendant Mansfield, and of Mr. Ford's employment at Horizon House. See also Documents Bates-stamped MF 0200, 0204.

33.     Edward O'Connell, Esquire, c/o Rees Broome P.C., 8133 Leesburg Pike, Vienna, Virginia 22182.  Mr. O'Connell has knowledge of his meetings with residents and board members at Horizon House about the racially discriminatory treatment of Mr. Ford.

34.     Jennifer O'Keefe, c/o Horizon House, 1320 Army Navy Drive, Arlington, Virginia 22202.  Ms. O'Keefe, who was Acting Building Manager at Horizon House before Mr. Ford was hired, has knowledge of her employment at Horizon House, and of her communications, on or around December 2, 2005, with Ms. Garretson, Ms. Eckes, and defendant Mansfield about the hiring of Mr. Ford. See also Document Bates-stamped MF 0090, 0095,

0103, 0196-0197.

35.     Mustafa Ozdemir, c/o Horizon House, 1320 Army Navy Drive, Arlington, Virginia 22202.  Mr. Ozdemir, who was a Resident Associate at Horizon House while Mr. Ford was the Building Manager, has knowledge of Mr. Ford's employment as the Building Manager, of the racially hostile work environment during that period, and of defendant Mansfield's communications with Horizon House residents.

36.     Della Sarver, c/o Horizon House, 1320 Army Navy Drive, Arlington, Virginia 22202.  Ms. Sarver, who was a Resident Associate at Horizon House while Mr. Ford was the Building Manager, has knowledge of Mr. Ford's employment as the Building Manager, of the racially hostile work environment during that period, and of defendant Mansfield's communications with Horizon House residents.

37.     Jay Seager, c/o Discreet Investigations.  Mr. Seager, an investigator, was hired by defendant Mansfield to conduct a background check or investigation of Mr. Ford, and has knowledge of (a) his communications with defendant Mansfield about Mr. Ford; and (b) the background check or investigation that he did of Mr. Ford.

38.     Maurice Smets, c/o Lerner Enterprises, 2000 Tower Oaks Boulevard, Rockville, Maryland 20852.  Mr. Smets, an Area District Manager for Lerner Enterprises, has knowledge of Mr. Ford's employment as a property manager, and of Lerner's communications with defendant Mansfield about Mr. Ford's employment.

39.     Virginia Smith, 13708 General Slocum Court, Fredericksburg, Virginia 22407, a former resident and board member at Horizon House, has knowledge of the statements made about Mr. Ford by defendant Mansfield, of her communications with defendant Mansfield, and of Mr. Ford's employment at Horizon House.

40.    Gregory Weatherman, c/o Horizon House, 1320 Army Navy Drive, Arlington, Virginia 22202. Ms. Morris, a resident and former board member at Horizon House, has knowledge of (a) the employment of Mr. Ford as Building Manager at Horizon House; (b) defendant Mansfield's communications about Mr. Ford; (c) the threats to Mr. Ford and the racially hostile work environment, including defendant Mansfield's failure to take any corrective action in response; (d) the false and racially discriminatory statements that defendant Mansfield publicly made at Horizon House about Mr. Ford; (e) defendant Mansfield's involvement with the "Concerned Citizens" group at Horizon House; (f) defendant Mansfield's involvement in the termination of Mr. Ford's employment; (g) the management and operation of Horizon House; and (h) Mansfield's representation of both the Horizon House Board of Directors and of the challengers to the Board of Directors, leading to the judicial disqualification of Mansfield from representing either entity. See also Documents Bates-stamped MF 0050, 0051-0055, 0058-0061, 0062-0063, 0077, 0169-0170, MF 0182, 0200-0204, 0207, 0210, and 0220.

41.    Dennis Whelan, c/o Horizon House, 1320 Army Navy Drive, Arlington, Virginia 22202. Mr. Whelan, who was a Resident Associate at Horizon House while Mr. Ford was the Building Manager, has knowledge of Mr. Ford's employment as the Building Manager, of the racially hostile work environment during that period, and of defendant Mansfield's communications with Horizon House residents.

42.    The "Concerned Citizens" group members and participants at Horizon House. These individuals (a) were notified of threats to Mr. Ford; (b) actively spread false and racially discriminatory statements about Mr. Ford in collaboration with defendant Mansfield; and (c) successfully collaborated with defendant Mansfield to get Mr. Ford fired because of those statements. Defendant Mansfield has information on the identity of these members and

participants. See also Documents Bates-stamped MF 0035-0036, 0153-0154, 0156-0159, 0203, and 0207.

43.    Horizon House Condominium Unit Owners Association, c/o Horizon House, 1320 Army Navy Drive, Arlington, Virginia 22202. The members of the Horizon House Condominium Unit Owners Association during 2005 and 2006, in addition to those individually named herein, have knowledge of (a) defendant Mansfield's communications with them about Mr. Ford and about the operations and management of Horizon House, including the false and racially discriminatory (or racially stereotyping) statements that defendant Mansfield made about Mr. Ford; and (b) the racially hostile work environment and threats that Mr. Ford endured during his employment as Building Manager at Horizon House.

44.    Board of Directors of Horizon House Condominium Unit Owners Association, c/o Horizon House, 1320 Army Navy Drive, Arlington, Virginia 22202. The members of the Board of Directors during 2005 and 2006, in addition to those individually named herein, have knowledge of (a) defendant Mansfield's communications with them about Mr. Ford and about the operations and management of Horizon House, including the false and racially discriminatory (or racially stereotyping) statements that defendant Mansfield made about Mr. Ford; and (b) the racially hostile work environment and threats that Mr. Ford endured during his employment as Building Manager at Horizon House. See also Documents Bates-stamped MF 0050, 0058, 0200, 0201, 0203, 0204, 0207, 0210, 0220.

45.    Zalco Realty, Inc., 8701 Georgia Avenue, Silver Spring, Maryland 20910. The officers, directors, and employees of Zalco Realty during 2005 and 2006, in addition to those individually named herein, have knowledge of Zalco's communications with defendant Mansfield, including those relating to the operation and management of Horizon House and the

employment of Mr. Ford.  See also Documents Bates-stamped MF 0199-0200, 0204, 0206, 0207, 0210, and 0218.

INTERROGATORY NO. 3:

State whether you intend to call any expert witness at trial in this matter, and if so, state all opinions the witness will express and the basis and reasons for them, the data or other information considered by the witness in forming his opinions, any exhibits that will be used to summarize or support the expert's opinions, the witnesses' qualifications, including a list of all publications authored in the previous 10 years, a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition, and a statement of the compensation to be paid for the study and testimony in the case.

RESPONSE:

Mr. Ford will provide his expert witness disclosures pursuant to the Scheduling Order entered in this case.

INTERROGATORY NO. 4:

State whether you have ever been arrested, charged with, or convicted or any crime or violation of law, or any misdemeanor or felony, in the United states or any other country, and if so identify the specific charge or charges, the date, the court, the case number, and the penalty or fine imposed or other disposition of the case and the date of the disposition.

RESPONSE:

Plaintiff objects on the ground of relevance.  Subject to and without waiving this objection, Mr. Ford was once arrested and charged with assault in Ohio in 1995.  See also MF 0176-0177.

In 2005, Mr. Ford was named as a defendant in an assault proceeding in the Circuit Court

for Prince George's County, Maryland. The presiding judge, at a trial attended by defendant Mansfield and/or another attorney at Mansfield's law firm, found that Mr. Ford was not guilty and found that the accuser lacked credibility, so that the charges were dismissed, and the record was expunged.

INTERROGATORY NO. 5:

State whether you have ever been a party to any civil or administrative legal proceeding, whether as plaintiff or defendant, or as a debtor or creditor, and whether in a court of record or a court not of record, and if so identify the nature of the plaintiff's claim(s), the date on which the proceeding was commenced, the court or tribunal, the case number, the amount claimed, the amount of any judgment and/or settlement, and/or whether the matter was dismissed or otherwise disposed.

RESPONSE:

Plaintiff objects on the ground of relevance. Subject to and without waiving this objection, Mr. Ford received workers' compensation benefits through the District of Columbia, for a knee injury while employed at Atlantic Valet, Inc., for some period of time from 2001 to 2003. Mr. Ford does not now recall the specifics of this administrative proceeding, but will search for records relating to those benefits, and will produce those if still available. See also MF 0287.

INTERROGATORY NO. 6:

Identify any and all documents encompassed by Defendant's Requests for Production of Documents, but withheld by you for any reason. For each document so withheld, state the nature of your objection or claim of privilege, and identify the name and address of the custodian of each such document, and describe each such document.

RESPONSE:

There are no relevant and responsive documents that Mr. Ford is withholding on the grounds of privilege or any other reason.

INTERROGATORY NO. 7:

Identify each precise statement in the letter dated January 17, 2006, from James Mansfield to "various Horizon Board Members", which you claim to be a false and defamatory statement of fact and describe with particularity any and all publications of this letter to a third party by James Mansfield.

RESPONSE:

Mr. Ford is not bringing defamation claims against defendant Mansfield.  Mr. Ford instead alleges that defendant Mansfield made racially discriminatory or racially stereotyped statements about Mr. Ford, that defendant Mansfield knew were false and intended to incite others into discriminating against Mr. Ford.

The statements in the January 17, 2006 letter that Mr. Ford alleges were false and racially discriminatory (or racially stereotyped) include statements that Mr. Ford had "admitted wrongdoing," was "fired by his previous employer for cause," and "his admissions included that … he had consensual sexual relations with a tenant on two occasions." Defendant Mansfield sent this letter to Vondell Carter, Susan Morris, Greg Weatherman, David Faison, and Adrienne Garretson, and subsequently authorized Eric Mucklow to send this letter to all residents at Horizon House, which Mr. Mucklow did on several occasions including on January 21, 2006. Defendant Mansfield also sent the letter to the Horizon House residents on January 20 and 24, 2006, including in collaboration with Adrienne Garretson.  See also Documents Bates-stamped MF 0032-0034.

INTERROGATORY NO. 8:

Identify each precise statement made by James Mansfield that you allege was a false and defamatory statement of fact, including but not limited to any statement allegedly made during the January 19, 2006, meeting, and the date on which statement was made. For each statement, describe with particularity any and all publications of these statements to a third party by James Mansfield.

RESPONSE:

Mr. Ford is not bringing defamation claims against defendant Mansfield. Mr. Ford instead alleges that defendant Mansfield made racially discriminatory or racially stereotyped statements about Mr. Ford, that defendant knew were false and intended to incite others into discriminating against Mr. Ford.

The statements made by defendant Mansfield that Mr. Ford alleges were false and racially discriminatory (or racially stereotyped) include statements that Mr. Ford had "admitted wrongdoing," was "a rapist," was "fired by his previous employer for cause," and had allegedly defended his actions by claiming that he had consensual sex with his accuser. Defendant Mansfield made the first, third, and fourth statements in his January 17, 2006 letter, which he sent to Vondell Carter, Susan Morris, Greg Weatherman, David Faison, and Adrienne Garretson, and subsequently authorized Eric Mucklow to send this letter to all residents at Horizon House, which Mr. Mucklow did on one or more occasions, including on January 21, 2006. Defendant Mansfield also sent the letter to the Horizon House residents on January 20 and 24, 2006, including in collaboration with Adrienne Garretson. Defendant Mansfield made all four statements, or paraphrases thereto, at the January 19, 2006 meeting of the "Concerned Citizens" group at Horizon House.

INTERROGATORY NO. 9:

Identify each statement, action or inaction of James Mansfield, which you allege to be racially discriminatory and the date on which each statement was made, action was taken or action should have been taken.  For each statement, action, or inaction, identify all facts and documents which support your allegation of racial discrimination.

RESPONSE:

See Response to Interrogatory Nos. 7 and 8.  Further, defendant Mansfield failed to take any corrective action or investigation in response to the death threat that Mr. Ford received in the workplace on December 24, 2005, even after being notified of this death threat, or in response to Mr. Ford's complaints of a racially hostile work environment and instead exacerbated that racially hostile work environment through his inflaming the Horizon House residents by making false and racially discriminatory (or racially stereotyped) statements about Mr. Ford.

INTERROGATORY NO. 10:

Identify all facts and documents that support or relate to your allegation of paragraph 126 of your Amended Complaint that James Mansfield engaged in discriminatory actions "intentionally, willfully, maliciously, with reckless indifference to Mr. Ford's federally protected rights, and with intent to harm Mr. Ford."

RESPONSE:

Plaintiff objects to this interrogatory on the grounds that it calls for a legal conclusion, and calls for information within the possession of defendant Mansfield.

Subject to and without waiving this objection, see Response to Interrogatory Nos. 7 and 8. Additional information about defendant Mansfield's communications with Horizon House residents that support the allegation in Paragraph 126 is in the possession of defendant Mansfield

20

and the Horizon House residents, and will be produced as obtained through discovery.

INTERROGATORY NO. 11:

If you contend that James Mansfield treated you differently than similarly situated persons, identify all facts and all documents that support or relate to your allegation.

RESPONSE:

Plaintiff objects to this interrogatory on the grounds that it calls for a legal conclusion, and calls for information solely within the possession of defendant Mansfield.

Subject to and without waiving this objection, upon information and belief, defendant Mansfield was not responsible for background checks or investigations regarding the hiring of other employees at Horizon House, or demand that job candidates undergo a polygraph test, which he did for the hiring of Mr. Ford but did not do so for the other, white building managers at Horizon House.  Defendant Mansfield did not attempt to incite the Horizon House residents, in writing or in person, with respect to any white employee at Horizon House, in order to result in adverse employment actions being taken against those employees.  Defendant Mansfield did not make racially stereotyped or racially discriminatory statements about white employees at Horizon House, in order to result in adverse employment actions being taken against those employees.

INTERROGATORY NO. 12:

State the factual basis for your allegations in your Amended Complaint of a hostile work environment based on racial discrimination.

RESPONSE:

See Response to Interrogatories Nos. 7, 8, 9, and 10.

INTERROGATORY NO. 13:

Identify each statement, action or inaction of James Mansfield that caused, created or contributed to a hostile work environment and the date on which each statement was made, action was taken or action should have been taken. For each statement, action, or inaction, identify all facts and documents which support your allegation of racial discrimination.

RESPONSE:

See Response to Interrogatories Nos. 7, 8, 9, and 10. Pursuant to Rule 33(d), Fed. R. Civ. P., responsive information may be determined by examining plaintiff's records that have already been produced, and the burden of deriving or ascertaining the answer will be substantially the same for either party, so plaintiff has specified the records that must be reviewed to enable the interrogating party to locate and identify them as readily as the responding party could. See Documents Bates-stamped MF 0002, 0003, 0004, 0007, 0010, 0011, 0012, 0027, 0029, 0030, 0032-0034, 0058, 0060, 0072, 0089-0093, 0096-0097, 0105-0106, 0107-0109, 0111, 0114, 0115, 0116, 0149, 0150, 0162, 0176-0180, 0183, 0184, 0188, 0195, 0201, and 0206-0208.

INTERROGATORY NO. 14:

If you contend that James Mansfield was your employer or held significant control over your hiring, firing or conditions of his employment while employed with Horizon House, identify the factual basis for such contention and all documents in support thereof.

RESPONSE:

Defendant Mansfield was directly involved in the hiring of Mr. Ford, since he conducted a background check or investigation of Mr. Ford, including a demand that Mr. Ford undergo a polygraph test. Defendant Mansfield also was directly involved in the conditions of Mr. Ford's employment, since he incited Horizon House residents by making false and racially discriminatory statements about Mr. Ford, thereby creating a racially hostile work environment.

Defendant Mansfield also failed to take any corrective action in response to the death threat received by Mr. Ford and the racially hostile work environment at Horizon House. Defendant Mansfield was also directly involved in the termination of Mr. Ford's employment, since he incited Horizon House residents by making false and racially discriminatory statements about Mr. Ford, thereby causing some residents to demand that Mr. Ford be terminated as the Building Manager. See also Response to Interrogatory No. 11.

INTERROGATORY NO. 15:

Describe all conversations or other communications, whether oral or in writing, between James Mansfield or any of his agents, employees or servants and any other person about you. Identify the date of any conversation or communication.

RESPONSE:

See Response to Interrogatories Nos. 7, 8, 9, and 10. Pursuant to Rule 33(d), Fed. R. Civ. P., responsive information may be determined by examining plaintiff's records that have already been produced, and the burden of deriving or ascertaining the answer will be substantially the same for either party, so plaintiff has specified the records that must be reviewed to enable the interrogating party to locate and identify them as readily as the responding party could. See Documents Bates-stamped MF 0002, 0003, 0004, 0007, 0010, 0011, 0012, 0027, 0029, 0030, 0032-0034, 0058, 0060, 0072, 0089-0093, 0096-0097, 0105-0106, 0107-0109, 0111, 0114, 0115, 0116, 0149, 0150, 0162, 0176-0180, 0183, 0184, 0188, 0195, 0201, and 0206-0208.

INTERROGATORY NO. 16:

Describe your employment history for the past 10 years and state your basis for your claim of lost income and benefits and loss of future income and benefits in your Amended Complaint, including the dates and times lost on each date, the total time claimed to have been

lost from gainful employment, the monetary amount of lost wages, income or earnings claimed, and the manner or method used to determine same. Attach all documents that support your answer.

RESPONSE:

See Document Bates-stamped MF 0286-0289. Mr. Ford was compensated at an annual salary rate of approximately $55,000 as the Building Manager at Horizon House. Mr. Ford was employed at Bonaventure Property Management, from March 17, 2006 to April 1, 2006 as the Assistant Property Manager, at an annual salary rate of approximately $40,000 to $45,000. Mr. Ford's annual salary rate at Green Contracting Service was approximately $40,000. Mr. Ford currently receives a base salary of approximately $35,000 from Model Tee Contracting Services, along with a share of the profits, which remain to be determined.

Mr. Ford is seeking economic damages for the lost income that he has incurred. From February 18, 2006 through December 31, 2008, Mr. Ford's earned income was approximately $48,888.00. Had Mr. Ford remained employed as the manager at Horizon House, and had Mr. Ford been compensated at a rate comparable to that of his successors Lynn Mangione and Judith McNeilus (i.e., $80,000 for 2006 and 2007, and $90,000 for 2008), then Mr. Ford would have earned a total of approximately $242,000, for a difference of approximately $193,112.00. See also Documents Bates-stamped MF 0251-0276 and MF 0291-0307. Mr. Ford's economic damages are continuing to the present, but Mr. Ford is not yet able to provide a calculation of his economic damages for calendar year 2009, until his income and expenses for the calendar year have been determined sometime at or after the end of the year.

INTERROGATORY NO. 17:

State the nature, extent, symptoms and complaints of personal injuries, including any

physical, mental or emotional injuries, claimed by you to have been suffered as a result of the underlying incident. Attach all documents supporting your answer.

RESPONSE:

Mr. Ford suffered severe emotional distress, including suicidal ideation, as a result of the racial harassment and hostile work environment, including the death threat in the workplace, which defendant Mansfield failed to investigate or otherwise take corrective action.

Mr. Ford has requested a copy of his medical records, which will be produced upon receipt, subject to the protective order.

INTERROGATORY NO. 18:

State the names and addresses of all doctors, practitioners, nurses, hospitals, clinics or other institutions which rendered services for treatment of any injuries incurred as a result of the underlying incident in question, or others with whom you consulted and who diagnosed, examined or treated your injuries allegedly sustained as a result of the underlying accident giving rise to this litigation. Include the dates of such consultations, examinations or treatments and the itemized charges for such services. Attach copies of any and all statements for services rendered and reports which you or your attorney have received from such practitioners, nurses or others.

RESPONSE:

Mr. Ford received health care from the DeWitt Army Community Hospital, 9501 Farrell Road, Fort Belvoir, Virginia 22060. Mr. Ford has requested a copy of his medical records, which will be produced upon receipt, subject to the protective order.

INTERROGATORY NO. 19:

Provide an itemized breakdown of all damages you allege against James Mansfield and indicate which of these damages you did not claim as an item of damages against the settling

parties, Zalco Realty, Inc., MDV Maintenance, Inc., Horizon House Condominium Unit Owners'

Association, David Faison, Erick [sic] Mucklow, or Virginia O. Smith.  Identify all documents

that support your Answer.

RESPONSE:

Plaintiff objects to this interrogatory to the extent that it calls for information relating to

any settlement agreement, since the settlement agreement is confidential and cannot be disclosed

to those who are not parties to the settlement agreement.  Defendant Mansfield is not a party to

the settlement agreement and has no legal entitlement to such information.

Subject to and without waiving this objection, Mr. Ford is seeking economic damages for

the lost income that he has incurred.  From February 18, 2006 through December 31, 2008, Mr.

Ford's earned income was approximately $48,888.00.  Had Mr. Ford remained employed as the

manager at Horizon House, and had Mr. Ford been compensated at a rate comparable to that of

his successors Lynn Mangione and Judith McNeilus (i.e., $80,000 for 2006 and 2007, and

$90,000 for 2008), then Mr. Ford would have earned a total of approximately $242,000, for a

difference of approximately $193,112.00.  See also Documents Bates-stamped MF 0251-0276

and MF 0291-0307.  Mr. Ford's economic damages are continuing to the present, but Mr. Ford is

not yet able to provide a calculation of his economic damages for calendar year 2009, until his

income and expenses for the calendar year have been determined sometime at or after the end of

the year.

Mr. Ford is also seeking damages for the emotional distress that he has suffered, as well

as punitive damages, both as authorized for claims brought pursuant to 42 U.S.C. § 1981.  Mr.

Ford understands that the jury determines the amount of those damages, based on the testimony

presented at trial.  Mr. Ford is also seeking statutory attorney's fees and expert witness fees, as

authorized under 42 U.S.C. § 1988(b) and § 1988(c) for claims brought pursuant to 42 U.S.C. § 1981, and understands that the Court determines that award, based upon post-trial submissions by plaintiff's counsel.

INTERROGATORY NO. 20:

If you contend that James Mansfield made any admissions regarding the facts and allegations set forth in your Amended Complaint, detail the content of these admissions, including, but not limited to, the substance of each admission, the date of the admission and the name and address of all persons with personal knowledge of each alleged admission.

RESPONSE:

Plaintiff objects to this request on the grounds that it calls for a legal conclusion.  Subject to and without waiving this objection, defendant Mansfield was unable, at the time he made his false and racially discriminatory (or racially stereotyped) statements about Mr. Ford, to provide documentation for each and every one of those statements, thereby conceding that he lacked any factual basis to make those statements.  See also Documents Bates-stamped MF 0096-0097.

INTERROGATORY NO. 21:

Identify the incident that occurred during your employment with Horizon House that you contend either interfered with your work performance or created, caused or contributed to a hostile or offensive work environment and for each incident, identify all individuals who were involved in the incident.

RESPONSE:

See Response to Interrogatory Nos. 7, 8, 9, 10, and 12, supra.

INTERROGATORY NO. 22:

Please state with particularity the knowledge, skills, abilities, qualifications and

credentials that you possessed whether prior to your employment with Horizon House or during such employment that you believe qualified you for the position of property manager and/or were used by you during your employment as property manager.

RESPONSE:

Pursuant to Rule 33(d), Fed. R. Civ. P., responsive information may be determined by examining plaintiff's records that have already been produced, and the burden of deriving or ascertaining the answer will be substantially the same for either party, so plaintiff has specified the records that must be reviewed to enable the interrogating party to locate and identify them as readily as the responding party could. See Documents Bates-stamped MF 0286-0289.

INTERROGATORY NO. 23:

Identify all settlement agreements between you and Zalco Realty, Inc., MDV Maintenance, Inc., Horizon House Condominium Unit Owners' Association, David Faison, Erick [sic] Mucklow, or Virginia O. Smith arising out of the allegations in the Amended Complaint, including the terms and conditions, settlement amounts and the status of all payments due under the agreements.

RESPONSE:

Plaintiff objects on the grounds that the settlement agreement's terms and conditions, settlement amounts, and status of all payments due under the agreement are confidential and cannot be disclosed to those who are not parties to the settlement agreement, and defendant Mansfield is not a party to the settlement agreement. Plaintiff further objects on the grounds of relevancy.

Subscribed and sworn to before me,

this ___10___ day of September, 2009.

_____
Notary Public

My commission expires ___My Commission Expires June 30, 2010___

_____
MICHAEL FORD

AS TO OBJECTIONS:
COUNSEL:

_____
Alan R. Kabat
Virginia Bar # 76898
Bernabei & Wachtel, PLLC
1775 T Street, N.W.
Washington, D.C. 20009-7124
(202) 745-1942 (telephone)
(202) 745-2627 (facsimile)
kabat@bernabeipllc.com
*Counsel for Plaintiff Michael Ford*

DATED:  September 10, 2009

## Certificate of Service

I hereby certify that on this ___ day of September, 2009, a copy of the foregoing

Plaintiff's Objections and Responses to Defendant James Mansfield First Interrogatories to

Plaintiff was served on counsel of record by electronic mail and first class mail, to:

David D. Hudgins, Esquire
Robert Draim, Esquire
Amanda Schwartz, Esquire
Hudgins Law Firm, P.C.
515 King Street,
Suite 400
Alexandria, VA 22314


_____
Alan R. Kabat