IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MICHAEL FORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 1:08-cv-1318 |
| | ) |
| ZALCO REALTY, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Before the Court are Defendant's Motion for Attorneys' Fees and Expert Fees (Dkt. No. 188) and Defendant's Bill of Costs (Dkt. No. 190). Upon review of the motions and the briefs in support and in opposition, it is hereby ORDERED that Defendant's Motion for Attorneys' Fees is DENIED. It is further ORDERED that Defendant's Bill of Costs is GRANTED in part and DENIED in part.

### Background

Plaintiff Michael Ford filed suit on December 19, 2008 against defendants Zalco Realty, Inc., MDV Maintenance, Inc., Horizon House Condominium Unit Owners Association, James Mansfield, David Faison, Eric Mucklow, and Virginia O. Smith. On April 21, 2009 Plaintiff filed an amended complaint. On July 8, 2009, in an agreed order of dismissal, all defendants except for James Mansfield were dismissed from the case. On November 30, 2009 Defendant filed its motion for summary judgment. The Court granted summary judgment in favor of Defendant Mansfield on February 1, 2010.

1

## Attorneys' Fees

Attorneys' fees and expert witness fees may be awarded to a defendant in a Section 1981 race discrimination action pursuant to 42 U.SC. § 1988, when the case is "frivolous, unreasonable, or without foundation." *See Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978); *see also Introcaso v. Cunningham*, 857 F.2d 965, 967 (4th Cir. 1988). An award of attorneys' fess to a prevailing defendant in a civil rights action is discretionary. *Glymph v. Spartanburg General Hosp.*, 783 F.2d 476, 479 (4th Cir. 1986).

The Court finds, in this case, that awarding attorneys' fees is not appropriate. At the time Plaintiff filed his Complaint, he did not know all of the facts. What he did know was that there had been racially discriminatory statements made toward him, death threats made against him, and that Defendant Mansfield was seemingly involved.[1] Ultimately all of the other defendants settled, and after discovery was undertaken, it became clear that Plaintiff did not have a viable case against Mansfield. Hindsight, however, is twenty-twenty, and just because the case was dismissed on summary judgment does not mean that the case was "frivolous, unreasonable, or without foundation." As the Supreme Court has warned, "it is important that a district court resist the understandable temptation to engage in post doc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable and without foundation. *Christianburg*, 434 U.S. at 421-22. Defendant cites the Court's holding in its summary judgment opinion that "no reasonable jury could conclude that Plaintiff was fired because of his race," in support of its motion for attorneys' fees. This, however, is not the

---

[1] On December 17, 2005 an anonymous letter was sent to residents of Horizon House accusing Plaintiff of having a violent history and abusive character. On December 24, 2005, Plaintiff received a letter with an anonymous death threat against him and his family. The letter stated, "U R DED [sic] NIGGER UR FAMILY [sic] TOO." On January 17, 2006, Defendant distributed a letter to the Board at Horizon House which made allegedly false accusations against Plaintiff regarding pending charges against him as well as the circumstances surrounding Plaintiff's previous employment. Residents of Horizon House made statements to Plaintiff such as, "[w]e don't want your kind here!" and "You need to get some education"

standard the Court applies when determining whether to award attorneys' fees. Upon examination of the facts, the Court finds that Plaintiff acted in good faith in filing suit against Defendant Mansfield, and that the case was not frivolous, unreasonable, or without foundation.

## Bill of Costs

Following entry of the order granting summary judgment, Defendant Mansfield sought costs from Plaintiff pursuant to Fed. R. Civ. P. 54(d) and attorneys' fees pursuant to 42 U.S.C. § 1988. In accordance with Rule 54(d), Defendant filed an amended bill of costs, accompanied by supporting documentation on February 16, 2010. The bill of costs contained the following items:

| | |
|---|---|
| (1) Fees for service of summons and subpoena | $ 5,285.00 |
| (2) Fees for printed or electronically recorded transcripts | $16,866.25 |
| (3) Fees for exemplification and copies | $ 2,227.33 |
| (4) Other costs (invoice from Plaintiff's expert witnesses) | $ 3,537.99 |
| TOTAL: | $ 27,916.57 |

Under Fed. R. Civ. P. 54(d), "costs . . . should be allowed to the prevailing party." The court has wide latitude to award costs, so long as the costs are enumerated in the general taxation-of-costs statute, 12 U.S.C. § 1920.[2] *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987).

---

[2] 28 U.S.C. § 1920 specifies the following as costs that the a court may tax: (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all of any part of the stenographic transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Since summary judgment was granted in favor of Defendant, there is no question that Defendant is the prevailing party in this suit. Plaintiff, however, objects to $16,949.82 worth of fees requested by Defendant and argues that the Court should strike Defendant's bill of costs in its entirety. Specifically, Plaintiff objects to private process server fees, expedited deposition transcripts, in-house and other undocumented photocopying expenses, postage and courier expenses, and expert witness fees. Defendant has withdrawn his request for postage and shipping expenses which totaled $137.99, meaning Mansfield's request for $27,916.57 in the amended bill of costs is reduced to $27,778.58.

Fees for Service of Summons and Subpoenas

Mansfield included $5,285.00 in his amended bill of costs for service of subpoenas on witnesses for depositions and witnesses scheduled to appear at trial. Plaintiff objects to the award of these fees. Receipts attached to the bill of costs indicate that the subpoenas were delivered by a private process server. Cases in this district are split on the issue of whether fees for private process servers should be taxed as costs. *See Cofield v. Crumpler*, 179 F.R.D. 510 (E.D. Va. 1998) (holding that fees for the service of summons and subpoenas are not taxable where a private process server is used to deliver the summons or subpoenas." *Id.* at 515; *D&B Countryside, LLC v. Newell*, 217 B.R. 72, 77-78 (E.D. Va. 1998) ("[T]his court believes that the better reasoned approach – and the position the Fourth Circuit would adopt – would be that private process server fees are not costs that may be taxed under § 1920(1)."). *But see O'Bryhim v. Reliance Standard Life Ins. Co.*, 997 F. Supp. 728 (E.D. Va. 1998) (holding that costs incurred for a private process server are allowable as costs under 28 U.S.C. § 1920). *Id.* at 738. The Fourth Circuit has not ruled on this issue; however, upon examination of the case law, the Court

finds that the weight of the cases in this district, as well as the one which has most recently addressed the issue, *Synergistic International, LLC v. Korman*, 2007 WL 517676, at *2 (E.D. Va. Feb. 8, 2007), hold that private process server fees are not taxable under 28 U.S.C. § 1920. The Court's Taxation of Costs Guidelines also explicitly lists "private process server fees" as not taxable. Further, language of the subsection is clear in stating that only fees for a marshal can be taxed, and therefore the statute must be applied as written. *Countryside*, 217 B.R. at 77-78. As such, the Court finds that private process server fees are not allowable costs under 28 U.S.C. § 1920.

Expedited Deposition Transcripts

Mansfield has requested $16,866.25 for transcript expenses incurred during the course of litigation. Plaintiff objects to $1,943.20 of these costs which were for expedited transcripts arguing that fees for expedited transcripts are generally not taxable. Courts in the Fourth Circuit have held that costs for expedited production are allowable when the recovering party can show necessity for the expedited service. *See e.g. Ferris v. AAF-McQuay, Inc.*, 2008 WL 495656, at *1 (W.D. Va. Feb. 1, 2008).

In this case, the Court finds that Defendant has shown the requisite necessity. Mansfield filed his motion for summary judgment on November 30, 2009. The depositions of Andrea Ford, Kimberly Ford, and Susan Morris were all taken within two weeks of when Defendant filed his motion for summary judgment. The depositions of Vondell Carter, Barnard DiMuro, and William Ford were taken a couple of days after the motion for summary judgment, and within two weeks of when the hearing was originally scheduled.[3] Defendant explained that it was necessary to receive the deposition transcript of Dr. Thomas Goldman in an expedited fashion so

---

[3] The hearing had to be rescheduled because of a snowstorm which closed the courthouse on December 18, 2009.

that Dr. Liza Gold would have it on November 11, 2009 when she examined Plaintiff. Defendant also explained that the deposition of Greg Weatherman was needed in an expedited fashion because it was unclear when the second deposition of Mr. Weatherman would occur, and it would be necessary to have the transcript of the first deposition at the time of the second. While Defendant has not explicitly listed reasons for needing expedited transcripts of the depositions for Bobbie Fisher and Virginia Smith, the Court does not find that it was unreasonable given that those depositions occurred within approximately a month of when Defendant ultimately filed his motion for summary judgment. Defendant has also noted that he planned on filing the motion on November 20, 2009, but because the Court granted the parties' joint motion to extend discovery did not ultimately file the motion until November 30, 2009.

Plaintiff further argues that Defendant improperly seeks $4,362.65 for depositions transcripts which were not cited in either the summary judgment motion or the reply brief. The law in this area is clear. In order for the deposition to be necessary, it needs only to be "relevant and material" for the preparation in the litigation. *Cofield*, 179 F.R.D. at 518. It does not have to be used in trial, or in a motion for summary judgment, it only needs to have been reasonably necessary at the time of the taking of the deposition. *See LeVay Corp. v. Dominion Fed. Sav. & Loan Ass.*, 830 F.2d 522, 528 (4th Cir. 1987). "A deposition taken within the proper bounds of discovery, even if not used at trial, will normally be deemed to be 'necessarily obtained for use in the case.'" *Cofield*, 179 F.R.D. at 518. In its opposition to the motion for summary judgment, Plaintiff cited to seven of the eight depositions which he is now objecting to. Additionally, all eight were named on the parties' witness lists. As such, the Court finds that these eight depositions were necessary within the meaning of 28 U.S.C. § 1920.

Copying Costs

Mansfield seeks $2,227.33 for copying costs incurred by him during litigation. Copy fees are a reimbursable cost under 28 U.S.C. § 1920(4) when they are "necessarily obtained for use in the case." Courts, however, have limited this, holding that "photocopy charges are properly taxable only to the extent that the copies were used as court exhibits or were furnished to the court or opposing counsel." *Bd. of Dir. v. Anden Group*, 135 F.R.D. 129, 138 (E.D. Va. 1991). Additionally, the Court's Taxation of Costs Guidelines lists only five categories of copying that are taxable, and in this case, only one of those five is relevant: "The reasonable cost of copies of papers necessarily obtained from third-party records custodians is taxable." The burden is on the party seeking recovery of photocopying costs to demonstrate the reasons for each copying charge. *See Korman*, 2007 WL 517676, at *5.

Defendant has failed to document $2,174.18 worth of copying costs which he is requesting. Only $53.15 of the copying costs appears to be for materials obtained by third party custodians (those charges for copying Plaintiff's medical records and Plaintiff's transcripts). It is unclear what else was copied to account for the additional costs. While Defendant has submitted all of the receipts, these receipts do not specify what was copied. For example, Defendant has submitted a receipt for $951.72 for "Heavy Litigation Photocopying," without any further explanation. Because Defendant has failed to demonstrate the reasons for $2,174.18 of copying charges, those charges are not taxable.

Expert Witness Fees

Defendant seeks an award of $3,400 for fees paid to Plaintiff's two expert witnesses. Under Section 1920(3), the costs of witnesses may be taxed as costs. However, the courts have

consistently held that this only covers the statutory witness fee under 28 U.S.C. § 1821 and does not include the hourly fee charged by expert witnesses. *Crawford Fitting*, 482 U.S. at 445; *O'Bryhim*, 997 F. Supp. at 737 ("Expert witness fees, absent explicit statutory or contractual authority, are not taxable as costs in amounts exceeding the statutory limit for witness fees of $40 per day."); *Employer's Council of Flexible Comp. v. Feltman*, 2010 WL 186457, at *14 (E.D. Va. Jan. 13, 2010). Further, the Taxation of Costs Guidelines explicitly state that the prevailing party can receive $40 per day, plus travel expenses, as fees for witnesses, but expert witness fees above the standard witness rate are not taxable. The Court will therefore allow the statutory fee of $40 per person for the depositions of Dr. Goldman and Mr. DiMuro. The Court will disallow the hourly rate Defendant is requesting for the depositions of both experts.

Defendant argues, in the alternative, that if the fees are not taxable as an element of the bill of costs, he should be awarded the $3,400 under 42. U.S.C. § 1988. As stated above, the Court does not find that the action by Plaintiff was "unreasonable, frivolous, or without foundation" and thus will not award attorneys' fees to Defendant, including expert fees. *Christianburg*, 434 U.S at 421.

## Conclusion

In sum, the Court finds that Defendant is unable to recover for the following costs: $5,285.00 for private process server fees; $2,174.18 for undocumented photocopying expenses; $137.99 for postage and courier expenses; and $3,360 for expert witnesses. This leaves the final amount which is taxable at $16,999.40.

March 25, 2010
Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge

8